

**United States District Court
Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213**

E-filing                                   Date: August 14, 2008

Our case #    08cv5141 (SAS)

**Case Name:  Re: MacConnach et al vs First Franklin Financial Corporation et al**

Dear Sir/Madam:

Enclosed is a certified copy of the civil docket sheet   for the above referenced case that is being transferred from the United States District Court SDNY – **to the District Court for the Northern District of California.**
The case file can be accessed through our CM/ECF System for the Southern District of New York. Please contact Ms. Martine Jocelyn at (212) 805- 5346 and she will furnish you with a CM/ECF Login and Password.

The enclosed copy of this letter is for your convenience in acknowledging receipt of these documents.

**Court policy for USDC-SDNY states that all ECF actions require only original, manual paper filings for the  initiating documents. You may access our CM/ECF website for any additional documents that your court may require for processing.**

Yours truly,

J. Michael McMahon
Clerk of Court

J. Polanco
Deputy Clerk

ama

**Fed Ex Air bill # 8651 7529 0221**

**RECEIPT IS ACKNOWLEDGED OF THE DOCUMENTS DESCRIBED HEREIN AND ASSIGNED CASE NUMBER:**

CASE #_____ON DATE: _____

CASE TRANSFERRED OUT FORM

CLOSED, ECF

# U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:08-cv-05141-SAS
## Internal Use Only

| | |
|---|---|
| MacConnach et al v. First Franklin Financial Corporation et al | Date Filed: 06/04/2008 |
| Assigned to: Judge Shira A. Scheindlin | Date Terminated: 08/27/2008 |
| Cause: 29:201 Fair Labor Standards Act | Jury Demand: Plaintiff |
| | Nature of Suit: 710 Labor: Fair Standards |
| | Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **Chuck MacConnach**<br>*individually* | represented by | **Justin Mitchell Swartz**<br>Outten & Golden,LLP (NYC)<br>3 Park Avenue, 29th Floor<br>New York, NY 10016<br>(212) 245-1000<br>Fax: (212) 977-4005<br>Email: jms@outtengolden.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Lauren Elyse Schwartzreich**<br>Outten & Golden,LLP (NYC)<br>3 Park Avenue, 29th Floor<br>New York, NY 10016<br>(212) 245-1000<br>Fax: (212) 363-7888<br>Email:<br>lschwartzreich@outtengolden.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**George A. Hanson**<br>Stueve Siegel Hanson LLP<br>460 Nichols Road, Suite 200<br>Kansas City, MO 64112<br>(816)-714-7100<br>Fax: (816) 714-7101<br>Email: hanson@stuevesiegel.com<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

Richard M. Paul, III
Stueve Siegel Hanson, L.L.P.
460 Nichols Road
Suite 200
Kansas City, MO 64112
(816) 714-7100
Fax: (816) 714-7101
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Chuck MacConnach**                 represented by   **Justin Mitchell Swartz**
*On behalf of a class of other similarly*            (See above for address)
*situated Inside Account Executives*                 *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                     **Lauren Elyse Schwartzreich**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                     **George A. Hanson**
                                                      (See above for address)
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*

                                                     **Richard M. Paul, III**
                                                      (See above for address)
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Walter Schmidt**                   represented by   **Justin Mitchell Swartz**
*individually and on behalf of all others*           (See above for address)
*similarly situated*                                 *ATTORNEY TO BE NOTICED*

                                                     **Lauren Elyse Schwartzreich**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**First Franklin Financial Corporation**   represented by   **A Michael Weber**
                                                      Littler Mendelson, P.C. (NY)
                                                      885 Third Avenue, 16th Floor
                                                      New York, NY 10022
                                                      (212)-583-2660
                                                      Fax: (212)-832-2719

Email: mweber@littler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa Renee Norman**
Littler Mendelson P.C.
885 Third Ave.
New York, NY 10022
(212) 583-2695
Fax: (212) 832 2719
Email: lnorman@littler.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Merrill Lynch & Co. Inc.**            represented by **A Michael Weber**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Lisa Renee Norman**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Global Markets and Investment
Banking Group**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/04/2008 | 1 | COMPLAINT against Merrill Lynch & Co. Inc., Global Markets and Investment Banking Group, First Franklin Financial Corporation. (Filing Fee $ 350.00, Receipt Number 653039)Document filed by CHUCK MacCONNACH(individually), CHUCK MacCONNACH(On behalf of a class of other similarly situated Inside Account Executives).(mme) (Entered: 06/05/2008) |
| 06/04/2008 |  | SUMMONS ISSUED as to Merrill Lynch & Co. Inc., Global Markets and Investment Banking Group, First Franklin Financial Corporation. (mme) (Entered: 06/05/2008) |
| 06/04/2008 |  | Magistrate Judge Douglas F. Eaton is so designated. (mme) (Entered: 06/05/2008) |
| 06/04/2008 |  | Case Designated ECF. (mme) (Entered: 06/05/2008) |
| 06/23/2008 | 2 | SUMMONS RETURNED EXECUTED. First Franklin Financial Corporation served on 6/9/2008, answer due 6/30/2008. Service was accepted by Sabrina Ambrose. Document filed by CHUCK MacCONNACH (individually). (Schwartzreich, Lauren) (Entered: 06/23/2008) |
| 06/23/2008 | 3 | SUMMONS RETURNED EXECUTED. Merrill Lynch & Co. Inc. served on |

| | | |
|---|---|---|
| | | 6/9/2008, answer due 6/30/2008; Global Markets and Investment Banking Group served on 6/9/2008, answer due 6/30/2008. Service was accepted by Sabrina Ambrose. Document filed by CHUCK MacCONNACH (individually). (Schwartzreich, Lauren) (Entered: 06/23/2008) |
| 06/26/2008 | 8 | STIPULATION AND ORDER EXTENDING TIME TO RESPOND TO COMPLAINT: The parties mutually agree to an extension of time of 30 days from June 27th to July 28, 2008. So Ordered (Signed by Judge Shira A. Scheindlin on 6/26/08) (js) (Entered: 07/03/2008) |
| 06/27/2008 | 4 | NOTICE OF APPEARANCE by Lisa Renee Norman on behalf of Merrill Lynch & Co. Inc., First Franklin Financial Corporation (Norman, Lisa) (Entered: 06/27/2008) |
| 06/27/2008 | 5 | NOTICE OF APPEARANCE by A Michael Weber on behalf of Merrill Lynch & Co. Inc., First Franklin Financial Corporation (Weber, A) (Entered: 06/27/2008) |
| 07/03/2008 | 6 | ORDER ADMITTING ATTORNEY Katherine M. Forster PRO HAC VICE for defendnats First Franklin and Merrill Lynch. (Signed by Judge Shira A. Scheindlin on 7/3/08) (cd) (Entered: 07/03/2008) |
| 07/03/2008 | | Transmission to Attorney Admissions Clerk. Transmitted re: 6 Order Admitting Attorney Pro Hac Vice, to the Attorney Admissions Clerk for updating of Attorney Information. (cd) (Entered: 07/03/2008) |
| 07/03/2008 | 7 | ORDER ADMITTING ATTORNEY Terry Sanchez PRO HAC VICE for defendants First Franklin and Merrill Lynch. (Signed by Judge Shira A. Scheindlin on 7/3/08) (cd) (Entered: 07/03/2008) |
| 07/03/2008 | | Transmission to Attorney Admissions Clerk. Transmitted re: 7 Order Admitting Attorney Pro Hac Vice, to the Attorney Admissions Clerk for updating of Attorney Information. (cd) (Entered: 07/03/2008) |
| 07/08/2008 | 9 | ORDER FOR INITIAL PRETRIAL CONFERENCE: Initial Conference set for 7/25/2008 at 04:30 PM in Courtroom 15C, 500 Pearl Street, New York, NY 10007 before Judge Shira A. Scheindlin. (Signed by Judge Shira A. Scheindlin on 7/7/08) (tve) (Entered: 07/08/2008) |
| 07/09/2008 | | CASHIERS OFFICE REMARK on 7 Order Admitting Attorney Pro Hac Vice, 6 Order Admitting Attorney Pro Hac Vice in the amount of $50.00, paid on 7/7/08, Receipt Number 655882. (Quintero, Marcos) (Entered: 07/09/2008) |
| 07/10/2008 | 10 | AMENDED COMPLAINT amending 1 Complaint, against Merrill Lynch & Co. Inc., Global Markets and Investment Banking Group, First Franklin Financial Corporation.Document filed by Walter Schmidt, Chuck MacConnach(individually), Chuck MacConnach(On behalf of a class of other similarly situated Inside Account Executives). Related document: 1 Complaint, filed by Chuck MacConnach.(dle) (dle) (Entered: 07/10/2008) |
| 07/16/2008 | 11 | SUMMONS RETURNED EXECUTED. First Franklin Financial Corporation served on 7/11/2008, answer due 7/31/2008. Service was accepted by Axia Flores. Document filed by Chuck MacConnach |

|            |    | (individually); Walter Schmidt. (Schwartzreich, Lauren) (Entered: 07/16/2008) |
|------------|----|-------------------------------------------------------------------------------|
| 07/16/2008 | 12 | SUMMONS RETURNED EXECUTED. Merrill Lynch & Co. Inc. served on 7/11/2008, answer due 7/31/2008; Global Markets and Investment Banking Group served on 7/11/2008, answer due 7/31/2008. Service was accepted by Axia Flores, Process Specialist. Document filed by Chuck MacConnach (individually); Walter Schmidt. (Schwartzreich, Lauren) (Entered: 07/16/2008) |
| 07/18/2008 | 13 | ORDER CONTINUING PRELIMINARY CONFERENCE: WHEREAS, good cause appears for the continuance, the Court hereby orders that the Preliminary Conference be continued to August 14, 2008 at 4:30 p.m. ( Preliminary Conference set for 8/14/2008 at 04:30 PM before Judge Shira A. Scheindlin.) (Signed by Judge Shira A. Scheindlin on 7/18/2008) (rw) (Entered: 07/18/2008) |
| 07/18/2008 | 14 | MOTION for George A. Hanson to Appear Pro Hac Vice; affidavit in support. Document filed by Chuck MacConnach(individually).(pl). (Entered: 07/21/2008) |
| 07/28/2008 |    | CASHIERS OFFICE REMARK on 14 Motion to Appear Pro Hac Vice in the amount of $25.00, paid on 7/18/08, Receipt Number 657133. (Quintero, Marcos) (Entered: 07/28/2008) |
| 07/30/2008 | 15 | MOTION for Richard M. Paul III to Appear Pro Hac Vice. Document filed by Chuck MacConnach(individually), Chuck MacConnach(On behalf of a class of other similarly situated Inside Account Executives).(dle) (Entered: 07/31/2008) |
| 07/31/2008 | 16 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. N Corporate Parent. Document filed by Merrill Lynch & Co. Inc., First Franklin Financial Corporation.(Norman, Lisa) (Entered: 07/31/2008) |
| 07/31/2008 | 17 | ANSWER to Amended Complaint. Document filed by Merrill Lynch & Co. Inc., First Franklin Financial Corporation. Related document: 10 Amended Complaint, filed by Chuck MacConnach, Walter Schmidt.(Norman, Lisa) (Entered: 07/31/2008) |
| 08/04/2008 |    | CASHIERS OFFICE REMARK on 15 Motion to Appear Pro Hac Vice in the amount of $25.00, paid on 07/30/2008, Receipt Number 658655. (jd) (Entered: 08/04/2008) |
| 08/06/2008 | 18 | ORDER FOR ADMISSION PRO HAC VICE ON WRITTEN MOTION granting 14 Motion to Appear Pro Hac Vice; granting 15 Motion to Appear Pro Hac Vice. Richard M. Paul and George A. Hanson are hereby admitted to practice pro hac vice as counsel for Plaintiffs in the above-captioned case. (Signed by Judge Shira A. Scheindlin on 8/5/08) (tro) (Entered: 08/06/2008) |
| 08/06/2008 |    | Transmission to Attorney Admissions Clerk. Transmitted re: 18 Order on Motion to Appear Pro Hac Vice, to the Attorney Admissions Clerk for updating of Attorney Information. (tro) (Entered: 08/06/2008) |
| 08/06/2008 | 19 | MEMO ENDORSEMENT on NOTICE OF WITHDRAWAL OF |

| | | |
|---|---|---|
| | | MOTIONS RE: Please take notice that Plaintiffs hereby withdraw the pro hac vice motions of George A Hanson, and Richard M. Paul III (Docket Entries 14 and 15). ENDORSEMENT: So Ordered. (Signed by Judge Shira A. Scheindlin on 8/6/08) (tro) (Entered: 08/06/2008) |
| 08/08/2008 | 20 | CONSENT TO BECOME PARTY PLAINTIFF UNDER THE F.L.S.A.. Document filed by Chuck MacConnach(individually).(Hanson, George) (Entered: 08/08/2008) |
| 08/13/2008 | 21 | CONSENT TO BECOME PARTY PLAINTIFF UNDER THE F.L.S.A.. Document filed by Chuck MacConnach(individually).(Hanson, George) (Entered: 08/13/2008) |
| 08/14/2008 | 22 | ORDER TRANSFERRING VENUE PURSUANT TO 28 U.S.C. 1404(A): It is hereby ordered that this matter is transferred to the United States District Court for the Northern District of California. ENDORSEMENT: The Clerk is directed to transfer the file forthwith and to close the case in this district. (Signed by Judge Shira A. Scheindlin on 8/14/2008) (jpo) Modified on 8/14/2008 (jpo). (Entered: 08/14/2008) |
| 08/15/2008 | 23 | CONSENT TO BECOME PARTY PLAINTIFF UNDER THE FLSA. Document filed by Chuck MacConnach(individually).(Hanson, George) (Entered: 08/15/2008) |
| 08/27/2008 | | CASE TRANSFERRED OUT from the U.S.D.C. Southern District of New York to the United States District Court - Northern District of California. Sent original file along with certified copy of docket entries and transfer order. Mailed via Federal Express AIRBILL # 8651 7529 0221 on 8/27/2008. (jpo) (Entered: 08/27/2008) |

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Lauren Schwartzreich (LS 8260)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**STUEVE SIEGEL HANSON LLP**
George A. Hanson, KS Bar # 16805
(*pro hac vice motion forthcoming*)
Richard M. Paul III, KS Bar # 17778
(*pro hac vice motion forthcoming*)
460 Nichols Road, Suite 200



JUN 0 4 2008

U.S.D.C. S.D. N.Y.
CASHIERS

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CHUCK MacCONNACH, individually, and on
behalf of a class of other similarly situated Inside
Account Executives,

          Plaintiffs,

    v.

FIRST FRANKLIN FINANCIAL
CORPORATION, and MERRILL LYNCH & CO.,
INC., GLOBAL MARKETS AND INVESTMENT
BANKING GROUP,

          Defendants.

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff Chuck MacConnach, individually and on behalf of all others similarly situated,

for his Complaint against Defendants First Franklin Financial Corporation ("First Franklin") and

Merrill Lynch & Co., Inc., Global Markets and Investment Banking Group ("Merrill")

(collectively, "Defendants") states as follows:

### JURISDICTION AND VENUE

    1.    The Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et.*

*seq.*, authorizes court actions by private parties to recover damages for violation of the FLSA's

overtime provisions. Jurisdiction over Plaintiff's FLSA claim is based on Section 16(b) of the

FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

2.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants do business, or have done business, in this district, and the unlawful conduct giving rise to the claims, in part, occurred in this district.  Further, Defendants maintain a registered agent in the district, and consent to venue in this district.

### PARTIES

3.      Plaintiff Chuck MacConnach worked as a First Franklin inside account executive in First Franklin's Mt. Laurel, New Jersey location.  Mr. MacConnach is a resident of Burlington County, New Jersey.

4.      Plaintiff and all others similarly situated are former inside account executives employed by First Franklin who were victimized by First Franklin's unlawful compensation practices.  Plaintiff was employed by First Franklin as an inside account executive within the last three years.  Pursuant to 29 U.S.C. § 216(b), Plaintiff's written consent to become a party Plaintiff is attached hereto as Exhibit A.

5.      Prior to December 30, 2006, First Franklin was a wholly-owned division of National City Mortgage, Inc., which was a wholly-owned subsidiary of National City Corporation (collectively "National City").  On or about December 30, 2006, National City sold First Franklin to Defendant Merrill Lynch & Co., Inc.'s Global Markets and Investment Banking Group resulting in the incorporation of First Franklin Financial Corporation.  Defendant First Franklin is a Delaware corporation with a registered agent in the State of New York, and can be served through its registered agent CT Corporation System, 111 Eighth Avenue, New York, New York, 10011.  Defendant Merrill is a Delaware corporation with its principal place of business in New York, and can be served through its registered agent CT Corporation System, 111 Eighth Avenue, New York, New York, 10011.

2

SSH 0646-91612

## FACTS

6.     First Franklin was one of the nation's largest originators of sub-prime residential mortgage loans. First Franklin originated loans nationwide, including in New York.

7.     Merrill is one of the world's largest wealth management, capital markets, and advisory companies with its global headquarters in New York City and provides mortgage loan services to brokers nationwide.

8.     Plaintiff and all other similarly situated persons are former inside account executives ("inside AEs") employed by Defendants.

9.     All inside AEs employed by Defendants over the last three years had essentially the same job duties.

10.    The primary duty of a First Franklin inside account executive was to use internal leads provided by First Franklin to make contact with potential customers.

11.    If a customer indicated interest in obtaining a mortgage from First Franklin, inside AEs would collect information to complete a loan application and forward the application to a loan underwriter for an approval decision.

12.    Inside AEs had no authority or discretion to approve or disapprove a loan.

13.    During the past three years, inside AEs regularly worked far in excess of forty hours per week. Plaintiff and all other similarly situated persons were told by First Franklin management that they were not entitled to receive overtime compensation.

14.    For all or part of the relevant time period, First Franklin failed to keep accurate records reflecting the amount of time worked by inside AEs.

15.    Plaintiff and all other similarly situated persons were not compensated for the substantial overtime hours they worked.

3

## COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1 through 15 above.

17.     Plaintiff brings the FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b).  Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to accurately record all hours worked and failing to pay inside AEs for all overtime hours worked.

18.     The class of employees on behalf of whom Plaintiff brings this collective action is similarly situated because they have been or are employed in the same or similar position as the individually-named Plaintiff and were subject to the same or similar unlawful practices as the individually-named Plaintiff.  The number and identity of other plaintiffs yet to consent to be party plaintiffs may be determined from the records of Defendants, and potential plaintiffs may easily and quickly be notified of the pendency of this action.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938 - Overtime Claims
### (Brought by Plaintiff individually and on behalf of All Others Similarly Situated)

19.     Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1 through 18 above.

20.     At all times material herein, Plaintiff and all other similarly situated employees have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq*.

21.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods

4

SSH 0646-91612

for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

22.     Defendants were, and are, subject to the overtime pay requirements of the FLSA because they are both enterprises engaged in commerce and their employees are engaged in commerce.

23.     Defendants willfully violated the FLSA by failing to pay inside AEs for overtime. In the course of perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by inside AEs.

24.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime pay obligations set forth under § 7(a)(1) of the FLSA. None of the FLSA exemptions apply to inside AEs, including Plaintiff. Accordingly, Plaintiff and all other similarly situated employees must be paid overtime pay in accordance with the FLSA.

25.     On information and belief, the individually-named Plaintiff and all similarly situated employees are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all inside AEs.

26.     Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by § 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a).

27.     Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in

5

an amount equal to the amount of unpaid overtime pay described above, pursuant to § 16(b) of the FLSA. Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

28.    As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and all other similarly situated employees for which Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for relief as follows:

1.    An order certifying this case as an FLSA collective action under § 216(b);

2.    An order appointing Chuck MacConnach as a class representative and Stueve Siegel Hanson LLP and Outten & Golden LLP as class counsel;

3.    An order finding that Defendants violated federal law as stated above;

4.    Unpaid wages, including overtime, and other compensatory and statutory damages, and liquidated damages;

5.    An order granting any equitable or injunctive relief necessary to provide full relief to Plaintiff and all other similarly situated employees;

6.    Attorneys' fees and costs;

7.    Pre- and post-judgment interest as provided by law; and

8.    Such other and further relief as the Court deems just and proper.

6

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury.

DATED: June 4, 2008

Respectfully submitted,

Justin M. Swartz

Justin M. Swartz (JS 7989)
Lauren Schwartzreich (LS 8260)
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone:  (212) 245-1000
Facsimile: (646) 509-2057

George A. Hanson, KS Bar # 16805
(*pro hac forthcoming*)
Richard M. Paul III, KS Bar # 17778
(*pro hac forthcoming*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

**ATTORNEYS FOR PLAINTIFFS**

7

SSH 0646-91612

# EXHIBIT A

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in the foregoing action.

Date: 4/29/08

Printed Name: _____ Chuck MacConnach

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
CHUCK MACCONNACH, individually, and
on behalf of a class of other similarly
situated Inside Account Executives,
      Plaintiff(s),
   -against-
FIRST FRANKLIN FINANCIAL CORPORATION
and MERRILL LYNCH & CO., INC., GLOBAL
MARKETS AND INVESTMENT BANKING GROUP,
      Defendant(s).
--------------------------------------------------------X

Index No. 08CV5141
JUDGE SCHEINDLIN
AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
               S.S.:
COUNTY OF NEW YORK)

       ROBERT MILLS, being duly sworn, deposes and says that he is over the age of

eighteen years, is employed by the attorney service, DLS, INC., and is not a party to this

action.

       That on the 9th day of June 2008, at approximately 3:35 p.m., deponent served a

true copy of the **SUMMONS IN A CIVIL ACTION, CLASS ACTION COMPLAINT JURY**

**TRIAL DEMANDED, CIVIL COVER SHEET AND DISTRICT JUDGE SCHEINDLIN AND**

**MAGISTRATE JUDGE EATON'S INDIVIDUAL RULES** upon First Franklin Financial

Corporation c/o CT Corporation System at 111 Eighth Avenue, New York, NY 10011, by

personally delivering and leaving the same with Sabrina Ambrose, Process Specialist, who

informed deponent that she is an agent authorized by appointment to receive service at that

address.

       Sabrina Ambrose is a black female, approximately 32 years of age, stands

approximately 5 feet 8 inches tall and weighs approximately 130 pounds with brown hair and

brown eyes.

_Robert mills_

ROBERT MILLS #1004298

Sworn to before me this
12th day of June 2008

_____
NOTARY PUBLIC

JONATHAN T. RIPPS
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01RI6109718
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES MAY 17, 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
CHUCK MACCONNACH, individually, and
on behalf of a class of other similarly
situated Inside Account Executives,
        Plaintiff(s),
    -against-
FIRST FRANKLIN FINANCIAL CORPORATION
and MERRILL LYNCH & CO., INC., GLOBAL
MARKETS AND INVESTMENT BANKING GROUP,
        Defendant(s).
--------------------------------------------------------X

Index No. 08CV5141
JUDGE SCHEINDLIN
AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
                   S.S.:
COUNTY OF NEW YORK)

        ROBERT MILLS, being duly sworn, deposes and says that he is over the age of eighteen years, is employed by the attorney service, DLS, INC., and is not a party to this action.

        That on the 9th day of June 2008, at approximately 3:35 p.m., deponent served a true copy of the **SUMMONS IN A CIVIL ACTION, CLASS ACTION COMPLAINT JURY TRIAL DEMANDED, CIVIL COVER SHEET AND DISTRICT JUDGE SCHEINDLIN AND MAGISTRATE JUDGE EATON'S INDIVIDUAL RULES** upon Merrill Lynch & Co., Inc., Global Markets and Investment Banking Group c/o CT Corporation System at 111 Eighth Avenue, New York, NY 10011, by personally delivering and leaving the same with Sabrina Ambrose, Process Specialist, who informed deponent that she is an agent authorized by appointment to receive service at that address.

        Sabrina Ambrose is a black female, approximately 32 years of age, stands approximately 5 feet 8 inches tall and weighs approximately 130 pounds with brown hair and brown eyes.

ROBERT MILLS #1004298

Sworn to before me this
12th day of June 2008

NOTARY PUBLIC

JONATHAN T. RIPPS
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01RI6109718
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES MAY 17, 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHUCK MACCONNACH, individually, and on
behalf of class of others similarly situated,

                Plaintiff,

       -against-

FIRST FRANKLIN FINANCIAL CORPORATION
and MERRILL LYNCH and CO., INC., GLOBAL
MARKETS and INVESTMENT BANKING
GROUP,

            Defendants.

Civil Action No. 08 CV 5141 (SAS)

**<u>NOTICE OF APPEARANCE</u>**

      PLEASE TAKE NOTICE that the undersigned hereby enters an appearance on behalf of

Defendants FIRST FRANKLIN FINANCIAL CORPORATION and MERRILL LYNCH &

CO., INC., in the above-captioned matter.

Dated: June 27, 2008
       New York, New York

Respectfully Submitted,

LITTLER MENDELSON, P.C.

/s/ Lisa R. Norman
Lisa R. Norman (LN 9725)
885 Third Avenue, 16th Floor
New York, NY  10022.4834
212.583.9600 (telephone)
212.832.2719 (facsimile)

lnorman@littler.com (email)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

CHUCK MACCONNACH, individually, and on
behalf of class of others similarly situated,

                    Plaintiff,

            -against-

FIRST FRANKLIN FINANCIAL CORPORATION
and MERRILL LYNCH and CO., INC., GLOBAL
MARKETS and INVESTMENT BANKING
GROUP,

                    Defendants.
_____

Civil Action No. 08 CV 5141 (SAS)


**<u>NOTICE OF APPEARANCE</u>**

       PLEASE TAKE NOTICE that the undersigned hereby enters an appearance on behalf of

Defendants FIRST FRANKLIN FINANCIAL CORPORATION and MERRILL LYNCH &

CO., INC., in the above-captioned matter.

      Dated: June 27, 2008              Respectfully Submitted,
              New York, New York


                                    LITTLER MENDELSON, P.C.

                                      /s/ Michael Weber
                                      Michael Weber
                                      885 Third Avenue, 16th Floor
                                      New York, NY  10022.4834
                                      212.583.9600 (telephone)
                                      212.832.2719 (facsimile)

                                      mweber@littler.com (email)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/3/08

CHUCK MACCONNACH,

                                    Plaintiff,

              -against-

FIRST FRANKLIN FINANCIAL
CORPORATION AND MERRILL LYNCH &
CO., INC., GLOBAL MARKETS AND
INVESTMENT BANKING GROUP,

                                    Defendants.

Civil Action No. 08 CV 5141 (SAS)

**ORDER FOR ADMISSION**
**PRO HAC VICE ON WRITTEN**
**MOTION**

A letter motion having been made by A. Michael Weber, counsel for Defendants First

Franklin Financial Corporation and Merrill Lynch & Co., Inc. for an Order pursuant to Rule

1.3(c) of the Local Rules of the United States District Courts for the Southern and Eastern

Districts of New York admitting Katherine M. Forster pro hac vice to appear and practice in this

Court in this action; and this Court, having reviewed the letter motion,

**IT IS HEREBY ORDERED** that

| | |
|---|---|
| Applicant's Name: | Katherine M. Forster, |
| Firm Name: | Munger, Tolles & Olson LLP |
| Address: | 385 South Grand Avenue, 35th Floor |
| City/State/Zip: | Los Angeles, CA 90071-1560 |
| Phone Number: | (213) 683-9100 |
| Fax Number: | (213) 683-3702 |

is admitted to practice pro hac vice as counsel for Defendants First Franklin Financial

Corporation and Merrill Lynch & Co., Inc. in the above captioned case in the United States

District Court for the Southern District of New York. All attorneys appearing before this Court

are subject to the Local Rules of this Court, including the Rules governing discipline of

attorneys. If this action is assigned to the Electronic Case Filing (ECF) system, counsel shall

immediately apply for an ECF password at nysd.uscourts.gov. Counsel shall forward the pro hac vice fee to the Clerk of Court.

Dated: July 3, 2008

New York, New York

**SO ORDERED:**

United States District/Magistrate Judge

Firmwide:85625049.2 028275.1016

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

CHUCK MACCONNACH,

               Plaintiff,

        -against-

FIRST FRANKLIN FINANCIAL
CORPORATION AND MERRILL LYNCH &
CO., INC., GLOBAL MARKETS AND
INVESTMENT BANKING GROUP,

               Defendants.

Civil Action No. 08 CV 5141 (SAS)

**ORDER FOR ADMISSION
PRO HAC VICE ON WRITTEN
MOTION**

A letter motion having been made by A. Michael Weber, counsel for Defendants First Franklin Financial Corporation and Merrill Lynch & Co., Inc. for an Order pursuant to Rule 1.3(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York admitting Terry E. Sanchez pro hac vice to appear and practice in this Court in this action; and this Court, having reviewed the letter motion,

        **IT IS HEREBY ORDERED** that

| | |
|---|---|
| Applicant's Name: | Terry E. Sanchez |
| Firm Name: | Munger, Tolles & Olson LLP |
| Address: | 385 South Grand Avenue, 35th Floor |
| City/State/Zip: | Los Angeles, CA 90071-1560 |
| Phone Number: | (213) 683-9100 |
| Fax Number: | (213) 683-3702 |

is admitted to practice pro hac vice as counsel for Defendants First Franklin Financial Corporation and Merrill Lynch & Co., Inc. in the above captioned case in the United States District Court for the Southern District of New York. All attorneys appearing before this Court are subject to the Local Rules of this Court, including the Rules governing discipline of attorneys. If this action is assigned to the Electronic Case Filing (ECF) system, counsel shall

immediately apply for an ECF password at nysd.uscourts.gov.  Counsel shall forward the pro hac vice fee to the Clerk of Court.

Dated: _____

New York, New York

**SO ORDERED:**

_____
United States District/Magistrate Judge

Firmwide:85625034.2 028275.1016

*Se Heindling*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CHUCK MACCONNACH, individually, and on
behalf of a class of others similarly situated,

                    Plaintiff,

          - against –

FIRST FRANKLIN FINANCIAL
CORPORATION and MERRILL LYNCH & CO.,
INC., GLOBAL MARKETS AND
INVESTMENT BANKING GROUP,

                    Defendants.

Civil Action No. 08 CV 5141 (SAS)

**ECF Case**

**STIPULATION AND ORDER
EXTENDING TIME TO RESPOND
TO COMPLAINT**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/08

WHEREAS, a response by Defendant Merrill Lynch & Co. to the Complaint in this

matter is due to be filed on June 27, 2008, and the response by Defendant First Franklin

Financial Corporation to the Complaint is due to be filed on June 30, 2008;

WHEREAS, counsel for Defendants First Franklin Financial Corporation and Merrill

Lynch & Co., Inc. (collectively "Defendants") would like additional time to investigate the

allegations of the Complaint and to prepare a response to the Complaint;

WHEREAS, the parties mutually agree to an extension of time of 30 days from June 27,

2008 for Defendants to respond to the Complaint in this matter;

WHEREAS the date of the 30 day extension for the response of Defendants lands on

Sunday July 27, 2008, the time to answer or otherwise respond to the Complaint is further

extended to Monday July 28, 2008, pursuant to Federal Rules of Civil Procedure § 6;

The parties to this matter, by and between their undersigned counsel, having stipulated to

the entry of an order as follows and good cause appearing therefor,

4248834.1

IT IS HEREBY STIPULATED AND AGREED THAT:

The time to respond to the Complaint in this matter has been extended from June 27,

2008 to and including July 28, 2008.

IT IS STIPULATED AND AGREED that a facsimile or scanned copy of the signature(s)

on this stipulation may be treated as an original for all purposes.

Dated: June 25, 2008           By:    _Lisa R. Norman_

                                A. Michael Weber (AW-8760)
                                Lisa R. Norman (LN-9725)
                                LITTLER MENDELSON
                                A Professional Corporation
                                885 Third Avenue, 16th Floor
                                New York, NY 10022
                                212.583.9600 (Telephone)
                                214.880.0181 (Fax)

                                Terry E. Sanchez
                                (*pro hac vice motion forthcoming*)
                                California State Bar No. 101318
                                Katherine M. Forster
                                (*pro hac vice motion forthcoming*)
                                California State Bar No. 217609
                                (Attorneys-in-Charge)
                                MUNGER, TOLLES & OLSON LLP
                                355 S. Grand Ave., 35th Floor
                                Los Angeles, CA 90071-1560
                                213.683.9538 (direct)
                                213.593.2838 (fax)

                                Attorneys for Defendants First Franklin
                                Financial Corporation, and Merrill Lynch &
                                Co., Inc.

Dated: June 25, 2008          By:  _Justin M. Swartz/JKN_
                                   Justin M. Swartz (JS 7989)
                                   Lauren Schwartzreich (LS 8260)
                                   OUTTEN & GOLDEN, LLP
                                   3 Park Avenue, 29th Floor
                                   New York, NY 10016
                                   212.245.1000 (Telephone)
                                   212.977.4005 (Fax)

                                   George A. Hanson
                                   (*pro hac vice motion forthcoming*)
                                   State Bar No. KS-16805
                                   Richard M. Paul
                                   (*pro hac vice motion forthcoming*)
                                   State Bar No. KS-17778
                                   STUEVE SIEGEL HANSON LLP
                                   460 Nichols Road, Suite 200
                                   Kansas City, Missouri 64112
                                   816.714.7100 (Telephone)
                                   816.714.7101 (Fax)

                                   Attorneys for Plaintiff

SO ORDERED:

HON. SHIRA A. SCHEINDLIN
United States District Judge

Dated: THIS 26 DAY OF ____, 2008.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
CHUCK MacCONNACH, et al.,

                                :

             Plaintiff(s),      :

                                :

             - against -

                                :

FIRST FRANKLIN FINANCIAL CORP., et al.,

                                :

            Defendant(s),

------------------------------------- X

**ORDER FOR INITIAL
PRETRIAL CONFERENCE**
08 Civ. 5141(SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        This case has been designated an electronic case and has been assigned to me for all purposes. By the date of the initial pretrial conference counsel for all parties are required to register as filing users in accordance with the Procedures for Electronic Case Filing.

        Counsel are directed to appear at the United States Courthouse, 500 Pearl Street, New York, Courtroom 15C, on **July 25, 2008** at **4:30** p.m., for an initial pretrial conference. Pursuant to Rule 16, Fed. R. Civ. P., as amended on August 1, 1983, the Court will enter an order at this conference that limits the time: (1) to join other parties and to amend the pleadings; (2) to file and hear motions; (3) to set a discovery schedule including the completion of discovery; (4) to set a trial date and (5) to discuss settlement. Counsel who attend the conference must be prepared to discuss these issues. Counsel are referred to amended Rule 16 for a list of further matters which may be discussed at that time.

        Pursuant to amended Rule 16(f) the parties shall meet, prior to the date of the conference, to discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement and to develop a proposed discovery plan. The parties should prepare and submit at the conference a proposed scheduling order on the form attached hereto. **YOU MUST BRING A COMPLETED SCHEDULING ORDER WITH YOU TO THE CONFERENCE!**

        If this case has been settled or otherwise terminated, counsel are not required to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is delivered before the date of the conference to the courtroom

deputy clerk to chambers of Judge Scheindlin, Room 1620, U.S.
Courthouse, 500 Pearl Street, New York, New York 10007. If
plaintiff(s)' counsel intends to move for a default judgment, the
Court should be advised prior to the initial pretrial conference
date.

**COUNSEL FOR PLAINTIFF(S) ARE DIRECTED TO IMMEDIATELY
NOTIFY ALL ATTORNEYS IN THIS ACTION BY SERVING UPON EACH OF THEM A
COPY OF THIS ORDER.** If issue has not been joined but plaintiff(s)'
counsel is aware of the identity of defendant(s)' counsel,
plaintiff(s)' counsel is directed to mail a copy of this Order to
defendant(s)' counsel forthwith. If at the time of the scheduled
pretrial conference plaintiff not yet served the complaint, please
advise the Court by letter as to the reason(s) service has not been
made. If at the time of the scheduled pretrial conference there
has been no answer/appearance on behalf of defendant(s), please
advise the court. **ALL PARTIES MUST APPEAR AT THIS CONFERENCE EVEN
IF YOU ARE UNAWARE OF THE IDENTITY OF THE DEFENSE COUNSEL.**

Attorneys are directed to consult the Judge's Individual
Rules with respect to adjournments, motion practice, communications
with chambers and other relevant matters.

Counsel are advised that failure to comply with the terms
of this Order may result in dismissal of the action with prejudice,
or the entry of judgment by default.

SO ORDERED:

SHIRA A. SCHEINDLIN
U.S.D.J.

Dated: New York, New York
       July 7, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

           —                                    :

                Plaintiff,                 :

       - against -                              :

                                            :

              Defendant(s).            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**SCHEDULING ORDER**

Civ.      (SAS)
Conference Date:

WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on                    (the "Order); and

WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

(1)     the date of the conference and the appearances for the parties;

(2)     a concise statement of the issues as they then appear;

(3)     a schedule including:

        (a) the names of persons to be deposed and a schedule of planned depositions;

        (b) a schedule for the production of documents;

        (c) dates by which (i) each expert's reports will be supplied to the adverse side and (ii) each expert's deposition will be completed;

        (d) time when discovery is to be completed;

(e) the date by which plaintiff will supply its pre-trial order matters to defendant;

(f) the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial; and

(g) a space for the date for a final pre-trial conference pursuant to Fed. R. Civ. P. 16(d), to be filled in by the Court at the conference.

_____ (leave blank)

(4) a statement of any limitations to be placed on discovery, including any protective or confidentiality orders;

(5) a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement;

(6) anticipated fields of expert testimony, if any;

(7) anticipated length of trial and whether to court or jury;

(8) a statement that the Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference of when justice so requires;

(9) names, addresses, phone numbers and signatures of counsel;

SO ORDERED:

_____

SHIRA A. SCHEINDLIN
U.S.D.J.

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Lauren Schwartzreich (LS 8260)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**STUEVE SIEGEL HANSON LLP**
George A. Hanson, KS Bar # 16805
(*pro hac vice motion forthcoming*)
Richard M. Paul III, KS Bar # 17778
(*pro hac vice motion forthcoming*)
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVE
JUL 10 2008
U.S.D.C. S.D. N.Y.
CASHIERS

| | |
|---|---|
| CHUCK MacCONNACH and WALTER SCHMIDT, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>FIRST FRANKLIN FINANCIAL CORPORATION, and MERRILL LYNCH & CO., INC., GLOBAL MARKETS AND INVESTMENT BANKING GROUP,<br><br>　　　　　　　Defendants. | Case No. 08 Civ. 5141 (SAS)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Chuck MacConnach and Walter Schmidt, individually and on behalf of all others similarly situated, for their Complaint against Defendants First Franklin Financial Corporation ("First Franklin") and Merrill Lynch & Co., Inc., Global Markets and Investment Banking Group ("Merrill") (collectively, "Defendants") state as follows:

## NATURE OF THE ACTION

1.　　Defendants violated the Fair Labor Standards Act ("FLSA") by misclassifying their inside account executives and closer/funders as exempt employees and failing to properly pay them for all hours worked, including for overtime for hours worked over 40 in a work week. Plaintiffs bring these claims as a collective action on their own behalf and on behalf of other similarly situated employees, under 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

1. The Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*, authorizes court actions by private parties to recover damages for violation of the FLSA's overtime provisions. Jurisdiction over Plaintiffs' FLSA claims is based on Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants do business, or have done business, in this district, and the unlawful conduct giving rise to the claims, in part, occurred in this district. Further, Defendants maintain a registered agent in the district, and consent to venue in this district.

## PARTIES

3. Plaintiff Chuck MacConnach worked as a First Franklin inside account executive in First Franklin's Mt. Laurel, New Jersey location. Mr. MacConnach is a resident of Burlington County, New Jersey.

4. Plaintiff Walter Schmidt worked as a First Franklin closer/funder in First Franklin's Mt. Laurel, New Jersey location. Mr. Schmidt is a resident of Camden County, New Jersey.

5. Plaintiffs and all others similarly situated are former inside account executives or closer/funders employed by First Franklin who were victimized by First Franklin's unlawful compensation practices. Plaintiffs were both employed by First Franklin within the last three years. Pursuant to 29 U.S.C. § 216(b), Plaintiffs' written consents to become party Plaintiffs are attached hereto as Exhibit A and B.

6. Prior to December 30, 2006, First Franklin was a wholly-owned division of National City Mortgage, Inc., which was a wholly-owned subsidiary of National City

2

SSH 0646-102447

Corporation (collectively "National City"). On or about December 30, 2006, National City sold First Franklin to Defendant Merrill Lynch & Co., Inc.'s Global Markets and Investment Banking Group resulting in the incorporation of First Franklin Financial Corporation. Defendant First Franklin is a Delaware corporation with a registered agent in the State of New York, and can be served through its registered agent CT Corporation System, 111 Eighth Avenue, New York, New York, 10011. Defendant Merrill is a Delaware corporation with its principal place of business in New York, and can be served through its registered agent CT Corporation System, 111 Eighth Avenue, New York, New York, 10011.

## FACTS

7.     First Franklin was one of the nation's largest originators of sub-prime residential mortgage loans. First Franklin originated loans nationwide, including in New York.

8.     Merrill is one of the world's largest wealth management, capital markets, and advisory companies with its global headquarters in New York City and provides mortgage loan services to brokers nationwide.

9.     Plaintiff MacConnach and all other inside account executives ("inside AEs") employed by Defendants over the last three years had essentially the same job duties.

10.     The primary duty of a First Franklin inside AE was to use internal leads provided by First Franklin to make contact with potential customers.

11.     If a customer indicated interest in obtaining a mortgage from First Franklin, inside AEs would collect information to complete a loan application and forward the application to a loan underwriter for an approval decision.

SSH 0646-102447

12.    Once the loan underwriter approved a loan application, the loan file was provided to the closer/funder to handle the loan closing process and to ensure delivery of the funds to the loan applicant.

13.    Plaintiff Schmidt and all other closer/funders employed by Defendants over the last three years had essentially the same job duties.

14.    Neither inside AEs nor closer/funders had any authority or discretion to approve or disapprove a loan.

15.    During the past three years, both inside AEs and closer/funders regularly worked far in excess of forty hours per week. Plaintiffs and all other similarly situated persons were told by First Franklin management that they were not entitled to receive overtime compensation.

16.    For all or part of the relevant time period, First Franklin failed to keep accurate records reflecting the amount of time worked by inside AEs and closer/funders.

17.    Plaintiffs and all other similarly situated persons were not compensated for the substantial overtime hours they worked.

## COLLECTIVE ACTION ALLEGATIONS

18.    Plaintiffs incorporate herein the allegations set forth above.

19.    Plaintiffs brings this FLSA claim as a collective action under 29 U.S.C. § 216(b). Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging Defendants' practice of failing to accurately record all hours worked and failing to pay inside AEs and closer/funders for all overtime hours worked.

20.    The classes of employees on behalf of whom Plaintiffs bring this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually-named Plaintiffs and were subject to the same or similar unlawful practices as

SSH 0646-102447

the individually-named Plaintiffs. The number and identity of other plaintiffs yet to consent to be party plaintiffs may be determined from the records of Defendants, and potential plaintiffs may easily and quickly be notified of the pendency of this action.

**COUNT I**

**Violation of the Fair Labor Standards Act of 1938 - Overtime Claims**
**(Brought by Plaintiffs individually and on behalf of All Others Similarly Situated)**

21.  Plaintiffs incorporate herein the allegations set forth above.

22.  At all times material herein, Plaintiffs and all other similarly situated employees have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

23.  The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

24.  Defendants were, and are, subject to the overtime pay requirements of the FLSA because they are both enterprises engaged in commerce and their employees are engaged in commerce.

25.  Defendants willfully violated the FLSA by failing to pay inside AEs and closer/funders for overtime. In the course of perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by inside AEs and closer/funders.

26.  Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime pay obligations set forth under § 7(a)(1) of the FLSA. None of the FLSA exemptions apply to inside AEs or closer/funders, including Plaintiffs. Accordingly,

5

SSH 0646-102447

Plaintiffs and all other similarly situated employees must be paid overtime pay in accordance with the FLSA.

27. On information and belief, the individually-named Plaintiffs and all similarly situated employees are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all inside AEs and closer/funders.

28. Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by § 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a).

29. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to § 16(b) of the FLSA. Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

30. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiffs and all other similarly situated employees for which Defendants are liable under 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

6

SSH 0646-102447

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray for relief as follows:

1.   An order certifying this case as an FLSA collective action under § 216(b);

2.   An order authorizing Plaintiffs to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective.  Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this action if they believe they were denied proper wages; and

3.   An order appointing Chuck MacConnach and Walter Schmidt as representatives of the collective action and Stueve Siegel Hanson LLP and Outten & Golden LLP as counsel for all opt-in Plaintiffs;

4.   An order finding that Defendants violated federal law as stated above;

5.   Unpaid wages, including overtime, and other compensatory and statutory damages, and liquidated damages;

6.   An order granting any equitable or injunctive relief necessary to provide full relief to Plaintiff and all other similarly situated employees;

7.   Attorneys' fees and costs;

8.   Pre- and post-judgment interest as provided by law; and

9.   Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury.

7

SSH 0646-102447

DATED: July 10, 2008

Respectfully submitted,

_Justin M. Swartz_

Justin M. Swartz (JS 7989)
Lauren Schwartzreich (LS 8260)
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone:  (212)-245-1000
Facsimile:  (646)-509-2057

George A. Hanson, KS Bar # 16805
(*pro hac forthcoming*)
Richard M. Paul III, KS Bar # 17778
(*pro hac forthcoming*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

**ATTORNEYS FOR PLAINTIFFS**

8

# EXHIBIT A

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in an action against First Franklin Financial Corporation and Merrill Lynch & Co., Inc., Global Markets and Investment Banking Group.

_____
Walter Schmidt

Date: 2/8/08

**EXHIBIT B**

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in the foregoing action.

Date: 4/29/08

Printed Name: _____ Chuck MacConnach _____

**Demovsky Lawyer Service**
Premier Nationwide Document Retrieval
and Process Service Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHUCK MacCONNACH and WALTER SCHMIDT,
individually, and on behalf of all others
similarly situated,
                    Plaintiff(s),

                                                              Index No. 08-5141

        -against-                                             AFFIDAVIT OF SERVICE
FIRST FRANKLIN FINANCIAL CORPORATION,
and MERRILL LYNCH & CO., INC., GLOBAL
MARKETS AND INVESTMENT BANKING GROUP,
                    Defendant(s).
-----------------------------------------------------------X
STATE OF NEW YORK)
                                S.S.:
COUNTY OF NEW YORK)

         HECTOR FIGUEROA, being duly sworn, deposes and says that he is over the age

of eighteen years, is employed by the attorney service, DLS, INC., and is not a party to this

action.

         That on the 11th day of July 2008, at approximately 12:55 p.m., deponent served

a true copy of the **SUMMONS IN A CIVIL ACTION AND FIRST AMENDED CLASS**

**ACTION COMPLAINT JURY TRIAL DEMANDED** upon First Franklin Corporation c/o CT

Corporation System at 111 8th Avenue, New York, NY 10011, by personally delivering and

leaving the same with Axia Flores, Process Specialist, who informed deponent that she is an

agent authorized by appointment to receive service at that address.

         Axia Flores is a Hispanic female, approximately 45 years of age, stands

approximately 5 feet 6 inches tall and weighs approximately 130 pounds with brown hair and

brown eyes wearing glasses.

_____
HECTOR FIGUEROA #870141

Sworn to before me this
15th day of July 2008

_____
NOTARY PUBLIC

JONATHAN T. RIPPS
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01RI6109718
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES MAY 17, 2012

D.L.S., Inc.
401 Broadway
Ste 510
NY, NY 10013
212-925-1220
www.dlsny.com

**Premier Nationwide Document Retrieval and Process Service Company**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
CHUCK MacCONNACH and WALTER SCHMIDT,
individually, and on behalf of all others
similarly situated,
        Plaintiff(s),

    -against-
FIRST FRANKLIN FINANCIAL CORPORATION,
and MERRILL LYNCH & CO., INC., GLOBAL
MARKETS AND INVESTMENT BANKING GROUP,
        Defendant(s).
--------------------------------------------------------X
STATE OF NEW YORK)
              S.S.:
COUNTY OF NEW YORK)

Index No. 08-5141

AFFIDAVIT OF SERVICE

      HECTOR FIGUEROA, being duly sworn, deposes and says that he is over the age of eighteen years, is employed by the attorney service, DLS, INC., and is not a party to this action.

      That on the 11th day of July 2008, at approximately 12:55 p.m., deponent served a true copy of the **SUMMONS IN A CIVIL ACTION AND FIRST AMENDED CLASS ACTION COMPLAINT JURY TRIAL DEMANDED** upon Merrill Lynch & Co., Inc. Global Markets and Investment Banking Group c/o CT Corporation System at 111 8th Avenue, New York, NY 10011, by personally delivering and leaving the same with Axia Flores, Process Specialist, who informed deponent that she is an agent authorized by appointment to receive service at that address.

      Axia Flores is a Hispanic female, approximately 45 years of age, stands approximately 5 feet 6 inches tall and weighs approximately 130 pounds with brown hair and brown eyes wearing glasses.

HECTOR FIGUEROA #870141

Sworn to before me this
15th day of July 2008

NOTARY PUBLIC

D.L.S., Inc.
401 Broadway
Ste 510
NY, NY 10013
212-925-1220
www.dlsny.com

JONATHAN T. RIPPS
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01RI6109718
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES MAY 17, 2012

Terry E. Sanchez (Cal. SBN 101318, *admitted pro hac vice*)
Katherine M. Forster (Cal. SBN 217609, *admitted pro hac vice*)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

A. Michael Weber (AW-8760)
Lisa Norman (LN-9725)
LITTLER MENDELSON, P.C.
885 Third Avenue
16th Floor
New York, New York 10022-6022
Telephone: (212) 583-9600
Fax: (212) 832-2719

Attorneys for Defendants First Franklin Financial
Corporation And Merrill Lynch & Co., Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHUCK MACCONNACH, | CASE NO.:  08 CV 5141 (SAS) |
| Plaintiffs, | **(PROPOSED) ORDER CONTINUING PRELIMINARY CONFERENCE** |
| - against - | |
| FIRST FRANKLIN FINANCIAL CORPORATION AND MERRILL LYNCH & CO., INC., GLOBAL MARKETS AND INVESTMENT BANKING GROUP, | **Current Preliminary Conference Date:  July 25, 2008 Time: 2:30 p.m.** |
| Defendants. | |

WHEREAS, the Court initially scheduled a Preliminary Conference on July 25, 2008

at 2:30 p.m.;

WHEREAS, the parties have requested that the Preliminary Conference be continued

to a date from August 13 through August 18, 2008.

5532642.1

WHEREAS, good cause appears for the continuance, the Court hereby orders that the Preliminary Conference be continued to August /4, 2008 at 4:30 p.m.

Date: July /{, 2008

Shira A. Scheindlin
U.S. District Judge

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Lauren Schwartzreich (LS 8260)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005


# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CHUCK MacCONNACH, individually, and on
behalf of a class of other similarly situated
Inside Account Executives,

              Plaintiffs,

     v.

FIRST FRANKLIN FINANCIAL
CORPORATION, and MERRILL LYNCH &
CO., INC., GLOBAL MARKETS AND
INVESTMENT BANKING GROUP,

              Defendants.

Case No. 08-CV-5141

**MOTION TO ADMIT COUNSEL**
***PRO HAC VICE***

      PURSUANT TO RULE 1.3(c) of the Local Rules of the United States District Court for

the Southern and Eastern Districts of New York, I Justin M. Swartz, a member in good standing

of the bar of this Court, hereby move for an Order allowing the admission *pro hac vice* of:

      George A. Hanson
      Stueve Siegel Hanson LLP
      460 Nichols Road, Suite 200
      Kansas City, MO 64112
      Phone: (816) 714-7100
      Fax:   (816) 714-7101

George A. Hanson is a member in good standing of the Bar of the State of Missouri.

There are no pending disciplinary proceedings against George A. Hanson in any State or Federal

court.

Dated: <u>July 17, 2008</u>

City, State: <u>New York, NY</u>

Respectfully submitted,

_____

Justin M. Swartz (JS 7989)
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Phone: (212) 245-1000
Fax: (212) 977-4005

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Lauren Schwartzreich (LS 8260)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHUCK MacCONNACH, individually, and on behalf of a class of other similarly situated Inside Account Executives, <br><br>         Plaintiffs, <br><br>    v. <br><br> FIRST FRANKLIN FINANCIAL CORPORATION, and MERRILL LYNCH & CO., INC., GLOBAL MARKETS AND INVESTMENT BANKING GROUP, <br><br>         Defendants. | Case No. 08-CV-5141 <br><br> **AFFIDAVIT OF JUSTIN M. SWARTZ IN SUPPORT OF MOTION TO ADMIT COUNSEL *PRO HAC VICE*** |

State of New York    )
                     )   ss:
County of New York  )

Justin M. Swartz, being duly sworn, hereby deposes and says as follows:

1. I am a partner at Outten & Golden LLP, counsel for Plaintiffs in the above-captioned action. I am familiar with the proceedings in this case. I make this statement based on my personal knowledge of the facts set forth herein and in support of Plaintiffs' motion to admit George A. Hanson as counsel *pro hac vice* to represent Plaintiffs in this matter.

2. I am a member in good standing of the bar of the State of New York, and was admitted to the bar of the United States District Court for the Southern District of New York in September 3, 2002, and am in good standing with this Court.

3. I have known George A. Hanson for 4 years.

4. Mr. Hanson is a partner at Stueve Siegel Hanson LLP, in Kansas City, Missouri.

5. I have found Mr. Hanson to be a skilled attorney and a person of integrity. He is experienced in Federal practice and is familiar with the Federal Rules of Procedure.

6. Accordingly, I am pleased to move the admission of George A. Hanson, *pro hac vice*.

7. I respectfully submit a proposed order granting the admission of George A. Hanson *pro hac vice*, which is attached hereto as Exhibit A.

WHEREFORE it is respectfully requested that the motion to admit George A. Hanson *pro hac vice*, to represent Plaintiffs in the above-captioned matter, be granted.

Dated: July 17, 2008

City, State: New York, NY

Notarized: _____ 7/17/08

BRIAN FLANAGAN
Notary Public, State of New York
King County REG#01FL6160953
My Commission Expires February 12, 20__

Respectfully submitted,

_____

Justin M. Swartz (JS 7989)

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Lauren Schwartzreich (LS 8260)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHUCK MacCONNACH, individually, and on
behalf of a class of other similarly situated
Inside Account Executives,

Plaintiffs,

v.

FIRST FRANKLIN FINANCIAL
CORPORATION, and MERRILL LYNCH &
CO., INC., GLOBAL MARKETS AND
INVESTMENT BANKING GROUP,

Defendants.

Case No. 08-CV-5141

**PROPOSED ORDER FOR ADMISSION**
***PRO HAC VICE***
**ON WRITTEN MOTION**

Upon the motion of Justin M. Swartz, attorney for Plaintiffs and said sponsor attorney's affidavit in support:

      George A. Hanson
      Stueve Siegel Hanson LLP
      460 Nichols Road, Suite 200
      Kansas City, MO  64112
      Phone: (816) 714-7100
      Fax:    (816) 714-7101
      hanson@stuevesiegel.com

is admitted to practice *pro hac vice* as counsel for Plaintiff, Chuck MacConnach, in the above-captioned case in the United States District Court for the Southern District of New York.  All attorneys appearing before this Court are subject to the Local Rules of this Court, including the Rules governing discipline of attorneys.  If this action is assigned to the Electronic Case Filing

(ECF) system, counsel shall immediately apply for an ECF password at <u>nysd.uscourts.gov</u>.

Counsel shall forward the *pro hac vice* fee to the Clerk of the Court.

Dated: _____

So Ordered:

_____
United States District/Magistrate Judge

# CERTIFICATE OF GOOD STANDING

**UNITED STATES OF AMERICA**    )
                                     )   ss.
**WESTERN DISTRICT OF MISSOURI**    )

I, Patricia L. Brune, Clerk of the United States District Court for the Western District of Missouri,

DO HEREBY CERTIFY that George A. Hanson was duly admitted to practice in said Court on November 16, 1993.

George A. Hanson is currently in an active status and has not been disciplined by this Court.

Dated at Kansas City, Missouri
on July 15, 2008

                                      Patricia L. Brune, Clerk

                            By  _Joella Baldwin_
                            Joella Baldwin, Deputy Clerk

## CERTIFICATE OF SERVICE

I, Piel Lora, under penalties of perjury, certify the following as true and correct: I am not a party to this action; and I am over 18 years of age. On this 18 day of July 2008, I served by mail a true and correct copy of the following: (1) Motion to Admit Counsel *Pro Hac Vice*; (2) Affidavit of Justin Swartz in Support of Motion to Admit Counsel *Pro Hac Vice*; and (3) Proposed Order to Admit Counsel *Pro Hac Vice* for George Hanson, Esq. to the following attorneys of record for FIRST FRANKLIN FINANCIAL CORPORATION, and MERRILL LYNCH & CO., INC., GLOBAL MARKETS AND INVESTMENT BANKING GROUP, defendants in this action, whose last known address is:

> A Michael Weber
> Lisa Renee Norman
> Littler Mendelson, P.C. (NY)
> 885 Third Avenue, 16th Floor
> New York, NY 10022

Piel Lora

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Lauren Schwartzreich (LS 8260)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CHUCK MacCONNACH, individually, and on behalf of a class of other similarly situated Inside Account Executives, | |
| Plaintiffs, | |
| v. | Case No. 08-CV-5141 |
| FIRST FRANKLIN FINANCIAL CORPORATION, and MERRILL LYNCH & CO., INC., GLOBAL MARKETS AND INVESTMENT BANKING GROUP, | **MOTION TO ADMIT COUNSEL** *PRO HAC VICE* |
| Defendants. | |

PURSUANT TO RULE 1.3(c) of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York, I Justin M. Swartz, a member in good standing of the bar of this Court, hereby move for an Order allowing the admission *pro hac vice* of:

> Richard M. Paul III
> Stueve Siegel Hanson LLP
> 460 Nichols Road, Suite 200
> Kansas City, MO 64112
> Phone: (816) 714-7100
> Fax:    (816) 714-7101

Richard M. Paul III is a member in good standing of the Bar of the State of Missouri. There are no pending disciplinary proceedings against Richard M. Paul III in any State or Federal court.

Dated:      <u>July 28, 2008</u>

City, State:   <u>New York, NY</u>

        Respectfully submitted,

        Justin M. Swartz (JS 7989)
        Outten & Golden LLP
        3 Park Avenue, 29th Floor
        New York, New York 10016
        Phone: (212) 245-1000
        Fax:    (212) 977-4005

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Lauren Schwartzreich (LS 8260)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
Facsimile:   (212) 977-4005

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHUCK MacCONNACH, individually, and on behalf of a class of other similarly situated Inside Account Executives,<br><br>                Plaintiffs,<br><br>    v.<br><br>FIRST FRANKLIN FINANCIAL CORPORATION, and MERRILL LYNCH & CO., INC., GLOBAL MARKETS AND INVESTMENT BANKING GROUP,<br><br>                Defendants. | Case No. 08-CV-5141<br><br>**AFFIDAVIT OF JUSTIN M. SWARTZ IN SUPPORT OF MOTION TO ADMIT COUNSEL *PRO HAC VICE*** |

State of New York   )
                  )   ss:
County of New York  )

Justin M. Swartz, being duly sworn, hereby deposes and says as follows:

1. I am a partner at Outten & Golden LLP, counsel for Plaintiffs in the above-captioned action.  I am familiar with the proceedings in this case.  I make this statement based on my personal knowledge of the facts set forth herein and in support of Plaintiffs' motion to admit Richard M. Paul III as counsel *pro hac vice* to represent Plaintiffs in this matter.

2. I am a member in good standing of the bar of the State of New York, and was admitted to the bar of the United States District Court for the Southern District of New York in September 3, 2002, and am in good standing with this Court.

3. I have known Richard M. Paul III for several months.

4. Mr. Paul is Of Counsel at Stueve Siegel Hanson LLP, in Kansas City, Missouri.

5. I have found Mr. Paul to be a skilled attorney and a person of integrity. He is experienced in Federal practice and is familiar with the Federal Rules of Procedure.

6. Accordingly, I am pleased to move the admission of Richard M. Paul III, *pro hac vice*.

7. I respectfully submit a proposed order granting the admission of Richard M. Paul III *pro hac vice*, which is attached hereto as Exhibit A.

WHEREFORE it is respectfully requested that the motion to admit Richard M. Paul III *pro hac vice*, to represent Plaintiffs in the above-captioned matter, be granted.

Dated: July 28, 2008

City, State: New York, NY

Notarized: _____ 7.28.08

BRIAN FLANAGAN
Notary Public, State of New York
King County REG#01FL6160953
My Commission Expires February 12, 2011

Respectfully submitted,

_____
Justin M. Swartz (JS 7989)

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Lauren Schwartzreich (LS 8260)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHUCK MacCONNACH, individually, and on behalf of a class of other similarly situated Inside Account Executives,<br><br>                Plaintiffs,<br><br>v.<br><br>FIRST FRANKLIN FINANCIAL CORPORATION, and MERRILL LYNCH & CO., INC., GLOBAL MARKETS AND INVESTMENT BANKING GROUP,<br><br>                Defendants. | Case No. 08-CV-5141<br><br>**PROPOSED ORDER FOR ADMISSION**<br>***PRO HAC VICE***<br>**ON WRITTEN MOTION** |

Upon the motion of Justin M. Swartz, attorney for Plaintiffs and said sponsor attorney's affidavit in support:

> Richard M. Paul III
> Stueve Siegel Hanson LLP
> 460 Nichols Road, Suite 200
> Kansas City, MO 64112
> Phone: (816) 714-7100
> Fax:    (816) 714-7101
> paul@stuevesiegel.com

is admitted to practice *pro hac vice* as counsel for Plaintiff, Chuck MacConnach, in the above-captioned case in the United States District Court for the Southern District of New York. All attorneys appearing before this Court are subject to the Local Rules of this Court, including the Rules governing discipline of attorneys. If this action is assigned to the Electronic Case Filing

(ECF) system, counsel shall immediately apply for an ECF password at nysd.uscourts.gov.

Counsel shall forward the *pro hac vice* fee to the Clerk of the Court.


Dated: _____


                                      So Ordered:


                                      _____

                                      United States District/Magistrate Judge

# CERTIFICATE OF GOOD STANDING

**UNITED STATES OF AMERICA**      )
                                    )    SS.

**WESTERN DISTRICT OF MISSOURI**    )


I, Patricia L. Brune, Clerk of the United States District Court for the Western District of Missouri,

DO HEREBY CERTIFY that Richard M. Paul, III was duly admitted to practice in said Court on November 7, 1996.

Richard M. Paul, III is currently in an active status and has not been disciplined by this Court.


Dated at Kansas City, Missouri
on July 18, 2008

                                Patricia L. Brune, Court Executive

                              By *Georgia Kee*
                                 Georgia Kee, Deputy Clerk

# CERTIFICATE OF SERVICE

I, Piel Lora, under penalties of perjury, certify the following as true and correct: I am not a party to this action; and I am over 18 years of age. On this 28 day of July 2008, I served by mail a true and correct copy of the following: (1) Motion to Admit Counsel *Pro Hac Vice*; (2) Affidavit of Justin Swartz in Support of Motion to Admit Counsel *Pro Hac Vice*; and (3) Proposed Order to Admit Counsel *Pro Hac Vice* for Richard M. Paul III, Esq. to the following attorneys of record for FIRST FRANKLIN FINANCIAL CORPORATION, and MERRILL LYNCH & CO., INC., GLOBAL MARKETS AND INVESTMENT BANKING GROUP, defendants in this action, whose last know address is:

A Michael Weber
Lisa Renee Norman
885 Third Avenue, 16th Floor
New York, NY 10022

Piel Lora

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHUCK MacCONNACH and WALTER SCHMIDT, individually, and on behalf of all others similarly situated<br><br>                Plaintiffs,<br><br>-against-<br><br>FIRST FRANKLIN FINANCIAL CORPORATION AND MERRILL LYNCH & CO., INC., GLOBAL MARKETS AND INVESTMENT BANKING GROUP,<br><br>                Defendants. | Civil Action No. 08 CV 5141 (SAS)<br><br>**ECF CASE**<br><br>**DEFENDANTS RULE 7.1 STATEMENT** |

In accordance with Rule 7.1(a) of the Federal Rules of Civil Procedure, the undersigned counsel for Defendants, non-governmental parties, represents that Defendant Merrill Lynch & Co., Inc., a publicly held corporation, directly or indirectly owns 10% of more of the securities of Defendant First Franklin Financial Corporation; (2) no other publicly held corporation owns 10% or more of the securities of First Franklin Financial Corporation; and (3) no publicly held corporation owns more than 10% of the stock of Merrill Lynch & Co., Inc.

Dated: July 31, 2008
New York, New York

Respectfully Submitted,

_____/s/_____
A. Michael Weber (AW-8760)
Lisa R. Norman (LN-9725)
LITTLER MENDELSON
A Professional Corporation
885 Third Avenue, 16th Floor
New York, NY  10022-4834
(212) 583-9600
(212) 832-2719 (fax)

Terry E. Sanchez (Admitted *Pro Hac Vice*)
California State Bar No. 101318
Katherine M. Forster (Admitted *Pro Hac Vice*)
California State Bar No. 217609
(Attorneys-in-Charge)
MUNGER TOLLES & OLSON LLP
355 S. Grand Ave., 35th Floor
Los Angeles, CA 90071-1560
213.683.9538 (direct)
213.593.2838 (fax)

Attorneys for Defendants
First Franklin Financial Corporation and
Merrill Lynch & Co., Inc.

86073787.1 028275.1016

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHUCK MacCONNACH and WALTER SCHMIDT, individually, and on behalf of all others similarly situated | Civil Action No. 08 CV 5141 (SAS) |
| Plaintiffs, | **ECF CASE** |
| -against- | **DEFENDANTS ANSWER TO PLAINTIFFS FIRST AMENDED COMPLAINT** |
| FIRST FRANKLIN FINANCIAL CORPORATION AND MERRILL LYNCH & CO., INC., GLOBAL MARKETS AND INVESTMENT BANKING GROUP, | |
| Defendants. | |

Defendants First Franklin Financial Corporation ("First Franklin") and Merrill Lynch & Co., Inc. ("Merrill Lynch"; erroneously sued as Merrill Lynch & Co., Inc., Global Markets and Investment Banking Group)[1] (collectively "Defendants"), as and for their Answer to the First Amended Complaint of Plaintiffs filed July 10, 2008 ("FAC"), hereby state as follows:

## NATURE OF THE ACTION

1.      With respect to the allegations of the first paragraph numbered "1," state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied.  Further responding, Defendants specifically deny that Defendant Merrill Lynch employed Plaintiffs or other individuals as inside account executives or closer/funders.  Defendants also specifically deny that First Franklin's inside account executives and closers were classified as exempt employees at any time during the relevant time period.  Upon information and belief, Defendants state that First Franklin did not have a position known as closer/funder during the

---

[1] The Global Markets and Investment Banking Group is a business segment within Merrill Lynch & Co, Inc.; it is not a separate entity.

relevant time period, but rather had the position of closer.  Finally, Defendants specifically deny that Plaintiffs' claims may appropriately proceed as a collective action.

## JURISDICTION AND VENUE

1.     With respect to the allegations of the second paragraph numbered "1," state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.[2]

2.     With respect to the allegations of paragraph 2, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied, except Defendants admit that Defendants do or have done business in this district and maintain a registered agent in this district.

## PARTIES

3.     With respect to the allegations of paragraph 3, Defendants lack sufficient information to form a belief as to the truth of these allegations and, on that basis, deny them, except they admit that Plaintiff Chuck MacConnach worked as a First Franklin inside account executive in its Mt. Laurel, New Jersey, location, at some point during the three years preceding the filing of this action.

4.     With respect to the allegations of paragraph 4, Defendants lack sufficient information to form a belief as to the truth of these allegations and, on that basis, deny them, except they admit that Plaintiff Walter Schmidt worked as a First Franklin closer in its Mt. Laurel, New Jersey, location at some point during the three years preceding the filing of this action.

---

[2] The FAC contains two paragraphs numbered "1."

5.      With respect to the allegations of paragraph 5, admit that Plaintiffs were both employed by First Franklin at some point within the three years preceding the filing of this action.  Defendants state that the remaining allegations in this paragraph consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied.

6.      Deny the allegations of paragraph 6, except admit that Defendant First Franklin is a Delaware corporation with a registered agent in the State of New York and can be served through its registered agent, CT Corporation System, 111 Eighth Avenue, New York, New York, 10011; and that Defendant Merrill Lynch is a Delaware corporation with its principal place of business in New York and can be served through its registered agent, CT Corporation System, 111 Eighth Avenue, New York, New York, 10011.   Further responding, Defendants state that Merrill Lynch, through a subsidiary, acquired the shares of First Franklin from National City on or about December 30, 2006.

## FACTS

7.      Deny the allegations of paragraph 7, except admit that First Franklin was an originator of residential mortgage loans and originated such loans in New York.

8.      Deny the allegations of paragraph 8, except admit that Merrill Lynch is a wealth management, capital markets and advisory company with its headquarters in New York City and, through its First Franklin subsidiary, provided mortgage loan services to brokers nationwide.

9.      Deny the allegations of paragraph 9, and specifically deny that Defendant Merrill Lynch employed Plaintiff MacConnach or other inside account executives.

10.     With respect to the allegations of paragraph 10, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied, except Defendants

admit that First Franklin's inside account executives' job duties generally included, among other things, initiating and maintaining working relationships with brokers, which would, on some occasions, include using internal leads.

11.     With respect to the allegations of paragraph 11, these allegations are denied, except Defendants admit that First Franklin's inside account executives' job duties generally included, among other things, collecting some information from brokers to prepare initial information for loan applications and submitting the applications for underwriting and approval.

12.     With respect to the allegations of paragraph 12, these allegations are denied, except Defendants admit that First Franklin's closers' job duties generally included, among other things, setting up the closing transaction and ensuring that the funding requirements were prepared correctly.

13.     Deny the allegations of paragraph 13, and specifically deny that Defendant Merrill Lynch employed Plaintiff Schmidt or other closers.

14.     With respect the allegations of paragraph 14, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied, except Defendants admit that neither inside account executives nor closers had any authority or discretion to approve or disapprove a loan.

15.     With respect the allegations of paragraph 15, state that the allegation that "During the past three years, both inside AEs and closer/funders regularly worked far in excess of forty hours per week" consists of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, this allegations is denied, and Defendants deny the remaining allegations of paragraph 15.

16.     With respect the allegations of paragraph 16, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, these allegations are denied.

17.     Deny the allegations of paragraph 17.

**COLLECTIVE ACTION ALLEGATIONS**

18.     With respect to paragraph 18, repeat and reallege the applicable responses contained herein.

19.     With respect to the allegations of paragraph 19, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, the allegations are denied.  Further responding, Defendants specifically deny that Defendant Merrill Lynch employed Plaintiffs or other inside account executives or closer/funders.  Defendants also specifically deny that this claim may appropriately proceed as a collective action.

20.     With respect to the allegations of paragraph 20, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, the allegations are denied.  Further responding, Defendants specifically deny that this claim may appropriately proceed as a collective action.

**COUNT I**

21.     With respect to paragraph 21, repeat and reallege the applicable responses contained herein.

22.     With respect to the allegations of paragraph 22, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, Defendants admit that the FLSA applied to

5

Plaintiffs but denies the remaining allegations of this paragraph. Further responding, Defendants specifically deny that any of First Franklin's employees were similarly situated to either Plaintiff.

23. With respect to the allegations of paragraph 23, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

24. With respect to the allegations of paragraph 24, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

25. Deny the allegations of paragraph 25.

26. With respect to the allegations of paragraph 26, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, Defendants deny that any of First Franklin's employees were similarly situated to either Plaintiff.

27. With respect to the allegations of paragraph 27, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied, except Defendants admit that First Franklin's inside account executives and closers were subject to company compensation policies.

28. Deny the allegations of paragraph 28.

29. With respect to the allegations of paragraph 29, state that the following allegations consist of statements and/or conclusions of law to which no responsive pleading is required: "Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate." To the extent a response is deemed required,

however, these allegations are denied, and Defendants deny the remaining allegations of paragraph 29.

30.     Deny the allegations of paragraph 30.

## PRAYER FOR RELIEF

With respect to Plaintiffs' prayer for relief and each of its subparts, deny that Plaintiffs and/or other First Franklin inside account executives or closers are entitled to the relief claimed, and state that the remaining allegations in this paragraph consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

Defendants deny all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendants assert the following separate and independent affirmative defenses:

## AS AND FOR A
## FIRST AFFIRMATIVE DEFENSE

31.     The FAC fails to state a claim upon which relief can be granted.

## AS AND FOR A
## SECOND AFFIRMATIVE DEFENSE

32.     Each cause of action in the FAC is barred, in whole or in part, by the applicable statute of limitations, including but not limited to 29 U.S.C. § 255(a) or other applicable law.

## AS AND FOR A
## THIRD AFFIRMATIVE DEFENSE

33.     Without assuming the burden of proof on this issue, each cause of action in the FAC is barred, in whole or in part, because at all relevant times Plaintiffs and others allegedly similarly situated were paid all wages owed, including premium overtime compensation as required by applicable law.

**AS AND FOR A**
**FOURTH AFFIRMATIVE DEFENSE**

34.     Each cause of action in the FAC is barred, in whole or in part, because the time for which Plaintiffs and others allegedly similarly situated seek overtime compensation is not compensable working time under the FLSA.

**AS AND FOR A**
**FIFTH AFFIRMATIVE DEFENSE**

35.     Each cause of action in the FAC is barred, in whole or in part, by unavailability of the relief requested, including without limitation, the unavailability of damages, interest and/or attorney fees.  Specifically, and among other things, claims for liquidated damages under the FLSA are precluded by the "good faith" defense set forth in 29 U.S.C. § 260 and 29 C.F.R. § 790.22(b).

**AS AND FOR A**
**SIXTH AFFIRMATIVE DEFENSE**

36.     Each cause of action in the FAC is barred, in whole or in part, because to the extent Defendants engaged in any alleged wrongful conduct, such conduct was undertaken in good faith and with reasonable grounds for believing such actions were not in violation of federal law or other applicable law.

**AS AND FOR A**
**SEVENTH AFFIRMATIVE DEFENSE**

37.     Each cause of action in the FAC is barred, in whole or in part, because Plaintiffs and others allegedly similarly situated have not sustained any injury or damage by reason of any act or omission of Defendants.

## AS AND FOR A
## EIGHTH AFFIRMATIVE DEFENSE

38.     Each cause of action in the FAC is barred, in whole or in part, because if Plaintiffs and others allegedly similarly situated were damaged in any way as a result of the matters alleged in the FAC, the damage or injury was due wholly to their own conduct.

## AS AND FOR AN
## NINTH AFFIRMATIVE DEFENSE

39.     Each cause of action in the FAC is barred, in whole or in part, because Plaintiffs lack standing to pursue the claim.

## AS AND FOR A
## TENTH AFFIRMATIVE DEFENSE

40.     Plaintiffs cannot establish that any of their claims are appropriate to proceed on a representative and/or collective action basis.

## AS AND FOR A
## ELEVENTH AFFIRMATIVE DEFENSE

41.     To the extent that Plaintiffs and others allegedly similarly situated were paid compensation beyond that to which they were entitled while employed by First Franklin, such additional compensation would satisfy in whole or part any alleged claim for unpaid overtime or other monetary relief.

## AS AND FOR AN
## TWELFTH AFFIRMATIVE DEFENSE

42.     Upon information and belief, Defendants allege that Plaintiffs are barred and precluded from any relief on their FAC because they have failed and refused to mitigate their damages, if any.

### AS AND FOR A
### THIRTEENTH AFFIRMATIVE DEFENSE

43. Without assuming the burden of proof on this issue, each cause of action in the FAC is barred, in whole or in part, because Defendant Merrill Lynch did not employ Plaintiffs or other inside account executives or closers.

### AS AND FOR AN
### FOURTEENTH AFFIRMATIVE DEFENSE

44. Each cause of action in the FAC is barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or unclean hands.

Defendants state that they currently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants reserve the right to assert additional affirmative defenses in the event that discovery indicates they would be appropriate.

WHEREFORE, Defendants respectfully request that judgment be entered:

1. Dismissing the FAC with prejudice;

2. Granting Defendants their costs and attorneys fees incurred herein pursuant to relevant statutes; and

3. Granting Defendants such other and further relief as the Court may deem just and proper.

Dated: July 31, 2008
New York, New York

Respectfully Submitted,


_____/s/_____
A. Michael Weber (AW-8760)
Lisa R. Norman (LN-9725)
LITTLER MENDELSON
A Professional Corporation
885 Third Avenue, 16th Floor
New York, NY  10022-4834
(212) 583-9600
(212) 832-2719 (fax)

Terry E. Sanchez (Admitted *Pro Hac Vice*)
California State Bar No. 101318
Katherine M. Forster (Admitted *Pro Hac Vice*)
California State Bar No. 217609
(Attorneys-in-Charge)
MUNGER TOLLES & OLSON LLP
355 S. Grand Ave., 35th Floor
Los Angeles, CA 90071-1560
213.683.9538 (direct)
213.593.2838 (fax)


Attorneys for Defendants
First Franklin Financial Corporation and
Merrill Lynch & Co., Inc.

86073671.1 028275.1016

11

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/6/08

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Lauren Schwartzreich (LS 8260)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**STEVE SIEGEL HANSON LLP**
George A. Hanson, KS Bar # 16805
(*pro hac vice* pending)
Richard M. Paul III, KS Bar # 17778
(*pro hac vice* pending)
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

CHUCK MacCONNACH and WALTER
SCHMIDT, individually, and on behalf of all
others similarly situated,

Plaintiffs,

v.

FIRST FRANKLIN FINANCIAL
CORPORATION, and MERRILL LYNCH &
CO., INC., GLOBAL MARKETS AND
INVESTMENT BANKING GROUP,

Defendants.

Case No. 08-CV-5141 (SAS)

**PROPOSED ORDER FOR ADMISSION
PRO HAC VICE
ON WRITTEN MOTION**

Upon the request of Plaintiffs, Richard M. Paul and George A. Hanson of Stueve Siegel

Hanson LLP, 460 Nichols Road, Suite 200, Kansas City, Missouri 64112 are hereby admitted to

practice *pro hac vice* as counsel for Plaintiffs in the above-captioned case in the United States

District Court for the Southern District of New York. Filing fees relating to these admissions

were received by the Cashier's Office on 7/28/08 and 8/08/08.

Dated: _____

SO ORDERED:

- Hon. Shira A. Scheindlin
United States District Judge

Settlement, J

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Lauren Schwartzreich (LS 8260)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**STUEVE SIEGEL HANSON LLP**
George A. Hanson, KS Bar # 16805
(*pro hac vice motion forthcoming)*
Richard M. Paul III, KS Bar # 17778
(*pro hac vice motion forthcoming)*
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CHUCK MacCONNACH and WALTER
SCHMIDT, individually, and on behalf of all others
similarly situated,

    Plaintiffs,

v.

FIRST FRANKLIN FINANCIAL
CORPORATION, and MERRILL LYNCH & CO.,
INC., GLOBAL MARKETS AND INVESTMENT
BANKING GROUP,

    Defendants.

**Case No. 08 Civ. 5141 (SAS)**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/6/08
```

**NOTICE OF WITHDRAWAL OF MOTIONS**

Please take notice that Plaintiffs hereby withdraw the *pro hac vice* motions of

George A. Hanson, Esq. and Richard M. Paul III, Esq. (Docket Entries 14 and 15).

Plaintiffs are filing for *pro hac vice* admission of these attorneys in accordance with

Judge Scheindlin's *Individual Rules and Procedures* for filing *pro hac vice* applications.

Plaintiffs also request that the filing fees submitted for Docket Entries 14 and 15 apply to

Plaintiffs' Proposed Order seeking *pro hac vice* admission of Mr. Hanson and Mr. Paul.

DATED: August 5, 2008

Respectfully submitted,

Lauren Schwartzreich (LS 8260)
Justin M. Swartz (JS 7989)
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone:  (212)-245-1000
Facsimile:  (646)-509-2057

George A. Hanson, KS Bar # 16805
(*pro hac forthcoming*)
Richard M. Paul III, KS Bar # 17778
(*pro hac forthcoming*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

**ATTORNEYS FOR
PLAINTIFFS**

8/6/08

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Lauren Schwartzreich (LS 8260)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**STUEVE SIEGEL HANSON LLP**
George A. Hanson, KS Bar # 16805
(*pro hac vice motion forthcoming*)
Richard M. Paul III, KS Bar # 17778
(*pro hac vice motion forthcoming*)
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CHUCK MacCONNACH, individually, and on
behalf of a class of other similarly situated Inside
Account Executives,

Plaintiffs,

v.

FIRST FRANKLIN FINANCIAL
CORPORATION, and MERRILL LYNCH & CO.,
INC., GLOBAL MARKETS AND INVESTMENT
BANKING GROUP,

Defendants.

Case No. 08-CV-5141

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against
Merrill Lynch d/b/a First Franklin Financial Corporation. By joining this lawsuit, I designate the
Class Representatives to make all decisions on my behalf concerning the method and manner of
conducting the case including settlement, the entering of an agreement with Plaintiffs' counsel
regarding payment of attorneys' fees and court costs, and all other matters pertaining to this
lawsuit. For purposes of this lawsuit, I choose to be represented by Stueve Siegel Hanson LLP
and Outten & Golden LLP and other attorneys with whom they may associate.

Date: 7/8/08

Rosemary DeSorte
Printed Name: Rosemary DeSorte

SSH 0646-101389

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

**I WANT TO JOIN THE LAWSUIT** *MacConnach, et. al. v. First Franklin Financial Corporation, et. al.,* seeking unpaid wages and overtime against Merrill Lynch d/b/a First Franklin Financial Corporation. By joining this lawsuit, I designate the Class Representatives to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit. For purposes of this lawsuit, I choose to be represented by Stueve Siegel Hanson LLP and other attorneys with whom they may associate.

Date: 8/13/08

Printed Name: John Russell



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CHUCK MacCONNACH and WALTER
SCHMIDT, individually, and on behalf of all
others similarly situated

           Plaintiffs,

-against-

FIRST FRANKLIN FINANCIAL
CORPORATION AND MERRILL LYNCH &
CO., INC., GLOBAL MARKETS AND
INVESTMENT BANKING GROUP.

           Defendants.

Civil Action No. 08 CV 5141 (SAS)

**ECF CASE**

**[PRPOPOSED] ORDER**
**TRANSFERRING VENUE**
**PURSUANT TO 28 U.S.C. § 1404(A)**

      All parties having consented to a transfer of venue of this matter to the Northern District

of California pursuant to 28 U.S.C. § 1404(a), and good cause appearing therefor, IT IS

HEREBY ORDERED that this matter is transferred to the United States District Court for the

Northern District of California. *The Clerk is directed to transmit the*
*file forthwith and to close the case in this district.*

Date

8/14/08

The Honorable Shira A. Scheindlin
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/14/08

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against Merrill Lynch d/b/a First Franklin Financial Corporation. By joining this lawsuit, I designate the Class Representatives to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit. For purposes of this lawsuit, I choose to be represented by Stueve Siegel Hanson LLP and and other attorneys with whom they may associate.

Date: 8/7/08

Printed Name: Erin ~~Kovaleski~~ Coveleski