Terry E. Sanchez (State Bar No. 101318)
  terry.sanchez@mto.com
Katherine M. Forster (State Bar No. 217609)
  katherine.forster@mto.com
**MUNGER TOLLES & OLSON LLP**
355 S. Grand Ave., 35th Floor
Los Angeles, California 90071
Phone:  (213) 683-9538
Facsimile:  (213) 593-2838

George A. Hanson (admitted *pro hac*)
  hanson@stuevesiegel.com
Richard M. Paul III (admitted *pro hac*)
  paul@stuevesiegel.com
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Phone: (816) 714-7100
Facsimile: (816) 714-7101

Eric H. Gibbs (State Bar No. 178658)
  ehg@girardgibbs.com
Dylan Hughes (State Bar No. 209113)
  dsh@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Phone: (415) 981-4800
Facsimile: (415) 981-4846

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUCK MacCONNACH and WALTER SCHMIDT, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST FRANKLIN FINANCIAL CORPORATION, and MERRILL LYNCH & CO., INC., GLOBAL MARKETS AND INVESTMENT BANKING GROUP,<br><br>Defendants. | Case No. 3:08-cv-04154 CRB<br><br>**STIPULATION AND ORDER RE CONFIDENTIALITY** |

1  WHEREAS, Plaintiffs Chuck MacConnach and Walter Schmidt have requested
2  production by Defendants of certain documents, including personnel files, payroll records,
3  employee handbooks, company policies, employee information, and other documents relating to
4  Plaintiffs' employment with Defendant First Franklin Financial Corporation;
5  WHEREAS, Merrill Lynch. & Co., Inc. ("Merrill Lynch") has asserted that
6  information contained therein is confidential and proprietary information not in the public domain
7  and would potentially infringe individual privacy rights and undermine Merrill Lynch's
8  competitiveness in the marketplace if such information was unnecessarily disclosed;
9  WHEREAS, one party to this action may in the future request that the other party
10 produce documents in this litigation which said party contends are proprietary, private and/or
11 confidential;
12 WHEREAS, the parties acknowledge that this Stipulated Protective Order creates
13 no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the
14 procedures that must be followed and reflects the standards that will be applied when a party
15 seeks permission from the court to file material under seal.
16 WHEREAS, to expedite discovery in this action, while protecting the above-
17 referenced documents and information from unrestricted disclosure to or discovery by third
18 parties, the parties have agreed to production of documents and information upon the terms and
19 conditions specified herein.
20 NOW, THEREFORE,
21 IT IS HEREBY STIPULATED by and among the parties hereto, through their
22 respective counsel of record, as follows:
23 1.   For the purpose of this Stipulation, "information" is defined broadly to include
24 information in any form, whether provided in response to a request for information or an
25 interrogatory, in documents, or in testimony. "Document" is defined broadly to include tangible
26 paper as well as information stored electronically on disc, tape or otherwise.
27 2.   The parties acknowledge that they will be exchanging confidential or proprietary
28 information solely because they are parties to the above-captioned case and therefore agree that

all information exchanged between them that is designated as confidential will be used only for purposes of this case and any litigation or arbitration relating to the claims alleged in this action and/or alternative dispute resolution efforts between the parties hereto and for no other purpose.

3.   A party may mark any document, or any portions of any document, or any discovery responses, or any transcript or portions of any transcript, produced by that party in discovery as "Confidential" on the face of the document along with an indication identifying the producing party.

4.   In lieu of creating an alternative designation of "Confidential: Attorney's Eyes Only" documents, the parties agree that a party may redact any document, or any portions of any document, or any discovery responses, or any transcript or portions of any transcript, produced by that party in discovery falling into the following categories:

   a.   The following information regarding third parties, witnesses or other individuals not a party to this action: name (where the individual's identity is not relevant to the issues in this action), address, Social Security number, date of birth, medical records, telephone records/numbers, wage and benefit data, account numbers, tax records, and other financial information such as credits, loans, or other business transactions, assets, and/or income data;

   b.   All documents contained in First Franklin's employee personnel or other files, other than the personnel files of Chuck MacConnach, Walter Schmidt, and any person who has filed with the Court a Consent to Become a Party Plaintiff (except for any client information contained in these former employees' personnel files, which will be treated consistent with subsection (c) below); and

   c.   All documents containing names, account data, or other Confidential information referring to First Franklin's current or former clients.

5.   Once a party has designated as "Confidential" any document by labeling it "Confidential" on the face of the document along with an indication identifying the producing party, as set forth in paragraphs 3 or 4, respectively, the adverse party receiving the information shall thereafter treat the information as confidential and shall take the steps it deems reasonably

necessary to ensure that others listed in paragraph 10 who have received the information treat it as confidential.

6. If the confidential information is contained in testimony offered at the hearing of the case or otherwise, the party seeking to designate the information as confidential shall do so on the record at the time the testimony is offered or as soon thereafter as practical.

7. Information inadvertently disclosed without being designated confidential may thereafter be designated confidential by promptly notifying the party receiving the information in writing that such information is confidential and the receiving party shall thereafter treat the information as confidential and shall take the steps it deems reasonably necessary to ensure that others who receive the information treat it as confidential.

8. If any party receives from a third party a subpoena, discovery request or other demand for confidential information disclosed in this case, the party receiving the subpoena, discovery request or other demand for confidential information shall immediately notify the party who demanded confidential treatment that it has received a demand for the information and shall take all steps reasonably necessary to preserve the confidentiality of the information. The party seeking to preserve the confidentiality shall pay the reasonable expense of such efforts, and the party in possession of the confidential information shall reasonably cooperate with the party who designated the information as confidential in seeking a protective order or other limitation on disclosure of the confidential information.

9. Any document, response, testimony or information which has been marked as "Confidential" may and shall be used solely for the purpose of, in connection with, and to prepare for this action. Neither the original nor any copy of any document, response, testimony or information which has been marked as "Confidential" nor any excerpt, quotation, paraphrase or other description thereof which conveys the confidential contents thereof (hereinafter all collectively referred to as "Confidential Material") shall be disclosed to any person, or used for any purpose, except in accordance with the terms of this Stipulation.

10. Access to and disclosure of Confidential Material designated as "Confidential" shall be limited, except as otherwise provided herein, or agreed by the parties to this Stipulation, or as otherwise ordered by the Court, to the following:

    a. The Court and its personnel;

    b. The parties to this action and those employees, officers and directors of the parties who reasonably need access to the Confidential Material in connection with the prosecution or defense of this action, the attorneys of record for said parties, and their associates and stenographic, clerical and paralegal employees, provided that before counsel discloses any Confidential Material counsel shall provide the person to whom the disclosure is to be made with a copy of this Stipulation and agree to abide by its terms;

    c. Any person whose deposition is taken in this action or who is being prepared by counsel to give testimony at deposition or trial, such persons being prohibited from the use or disclosure of Confidential Material by paragraph 11 below, and the Court reporter at any such deposition; and

    d. Outside experts, consultants and professional vendors for any party, including their stenographic and clerical personnel, whose advice or consultation is being or will be used by such party in connection with this action, provided that such outside expert or consultant first be shown a copy of this Stipulation and agree to abide by its terms.

    e. The author of the document or the original source of the information.

11. The attorneys for a party may disclose Confidential Material to any person in the course of a deposition taken in this action or in the course of preparing any witness to give testimony at deposition or trial; provided, however, that the witness first must be shown this Stipulation and agree to abide by its terms. Any deponent or witness who is not a party or an employee, officer or director of a party shall not retain the original or any copy of any such Confidential Material and only may be shown such material. Deponents and witnesses shall make no disclosure or use of such Confidential Material, or any part thereof, except to respond to deposition questions during the course of a deposition taken in this action or at trial or otherwise in accordance with this Stipulation. Any deponent or witness who is not a party or an employee,

officer or director of a party who is shown any Confidential Material shall first be provided a copy of this Stipulation and shall be informed, as part of the transcribed or reported deposition, that disclosure or other use of Confidential Material, or any part thereof, is controlled by this Stipulation and must be in accordance with this Stipulation. No copy of any portion of any deposition transcript or deposition exhibit for a deposition in this action which contains Confidential Material shall be furnished by the reporter to any person not identified in paragraph 10 above.

12. Nothing in this Stipulation shall require disclosure of any material that a party contends is protected from disclosure by the attorney-client privilege or the attorney work product doctrine.

13. <u>Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A party producing Confidential Material must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties) may expose the party who made the designations to sanctions; provided, however, that any party seeking the imposition of such sanctions must first meet and confer with the designating party in an attempt to resolve the matter without court intervention. If it comes to a party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.</u>

14. Entry into this Stipulation shall not and does not constitute an admission or concession or permit an inference that any document, response, testimony or information

- 6 -
6724637.1

STIPULATION AND ORDER RE CONFIDENTIALITY
CV 08-04154

designated as "Confidential Material" is, in fact, confidential or contains Confidential Material. Conversely, any disclosure of Confidential Material under this Stipulation shall not be construed as a waiver of the confidentiality of the information.

15. Any party, through counsel, may make a good faith written objection to the designation of any document, response, testimony or information as "Confidential Material" and may make a motion for an order compelling disclosure of and/or access to such material without restriction. Applicable California law shall govern the burden and standard of proof on any such motion. The failure to seek to remove the confidential designation shall not be construed as a concession that the information is confidential.

16. After termination of this action, each party shall continue to maintain and limit access and disclosure to Confidential Material in the manner provided in this Stipulation. Moreover, upon the request of the party producing and marking documents "Confidential," any other party or individual in possession of such documents will return them to the producing party.

17. This Stipulation may be modified in part or entirely by written agreement of the parties hereto or upon application to and entry of an Order by the Court for good cause shown.

DATED: January 13, 2008     By: /s/ *(signature)*
Terry E. Sanchez
Katherine M. Forster
MUNGER TOLLES & OLSON LLP
355 S. Grand Ave., 35th Floor
Los Angeles, Ca 90071
Tel: 213-683-9538
Fax: 213-593-2838
Email: terry.sanchez@mto.com
Email: katherine.forster@mto.com

Attorneys for Defendants
First Franklin Financial Corporation and
Merrill Lynch & Co., Inc., as named and as
erroneously sued as Global Markets and
Investment Banking Group

DATED: January 13, 2008     By: /s/ *(signature)*
George A. Hanson
Richard M. Paul III
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Mo 64112
Tel: 816-714-7100
Fax: 816-714-7101
Email: hanson@stuevesiegel.com
Email: paul@stuevesiegel.com

Eric H. Gibbs
Dylan Hughes
GIRARD GIBBS LLP
601 California Street, Ste 1400
Tel: 415-981-4800
Fax: 415-981-4846
Email: ehg@girardgibbs.com
Email: dsh@girardgibbs.com

Attorneys for Plaintiffs

ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: January 14, 2009

IT IS SO ORDERED
Judge Charles R. Breyer

- 8 -
6724637.1
STIPULATION AND ORDER RE CONFIDENTIALITY
CV 08-04154