1  Terry E. Sanchez (State Bar No. 101318)
       *terry.sanchez@mto.com*
2  Katherine M. Forster (State Bar No. 217609)
       *katherine.forster@mto.com*
3  **MUNGER TOLLES & OLSON LLP**
   355 S. Grand Ave., 35th Floor
4  Los Angeles, California 90071
   Phone:  (213) 683-9538
5  Facsimile:  (213) 593-2838

6  George A. Hanson (admitted *pro hac*)
       *hanson@stuevesiegel.com*
7  Richard M. Paul III (admitted *pro hac*)
       *paul@stuevesiegel.com*
8  **STUEVE SIEGEL HANSON LLP**
   460 Nichols Road, Suite 200
9  Kansas City, Missouri 64112
   Phone:  (816) 714-7100
10 Facsimile:  (816) 714-7101

11 Eric H. Gibbs (State Bar No. 178658)
       *ehg@girardgibbs.com*
12 Dylan Hughes (State Bar No. 209113)
       *dsh@girardgibbs.com*
13 **GIRARD GIBBS LLP**
   601 California Street, Suite 1400
14 San Francisco, California 94108
   Phone: (415) 981-4800
15 Facsimile: (415) 981-4846

16
## UNITED STATES DISTRICT COURT
17
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 18  CHUCK MacCONNACH and WALTER SCHMIDT, individually, and on behalf of all 19  others similarly situated, | Case No. 3:08-cv-04154 CRB |
| 20                                   Plaintiffs, | STIPULATION RE: SETTLEMENT OF CLASS ACTION; [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL AND SETTING SETTLEMENT HEARING (EXHIBIT 1); |
| 21         v. | |
| 22  FIRST FRANKLIN FINANCIAL CORPORATION, and MERRILL LYNCH & 23  CO., INC., GLOBAL MARKETS AND INVESTMENT BANKING GROUP, | [PROPOSED] NOTICE OF COLLECTIVE ACTION SETTLEMENT (EXHIBIT 2); [PROPOSED] NOTICE TO CLASS |
| 24                                   Defendants. | MEMBERS (EXHIBIT 3) [PROPOSED] ORDER GRANTING 25  FINAL APPROVAL OF SETTLEMENT 26  (EXHIBIT 4); AND [PROPOSED] JUDGMENT 27  (EXHIBIT 5) |

28

- 1 -

1    IT IS HEREBY STIPULATED AND AGREED by and between CHUCK

2    MACCONNACH ("MacConnach"), WALTER SCHMIDT ("Schmidt") and KRISTIN

3    ANDRADE ("Andrade") (collectively, the "Class Representatives"), on behalf of themselves and

4    all others similarly situated, on the one hand, and FIRST FRANKLIN FINANCIAL

5    CORPORATION ("First Franklin"), on the other hand, as set forth below:

6    **I.        The Conditional Nature of This Stipulation.**

7    This Stipulation re: Settlement and all associated exhibits or attachments (herein

8    "Stipulation") is made for the sole purpose of attempting to consummate settlement of this action

9    on a collective and class-wide basis. This Stipulation and the settlement it evidences is made in

10   compromise of disputed claims. Because this action was pled as a collective and class action, this

11   settlement must receive preliminary and final approval by the Court. Accordingly, First Franklin

12   enters into this Stipulation and associated settlement on a conditional basis. In the event that the

13   Court does not execute and file the Order Granting Final Approval of Settlement, or in the event

14   that the associated Judgment does not become Final for any reason, this Stipulation shall be

15   deemed null and void *ab initio,* it shall be of no force or effect whatsoever, it shall not be referred

16   to or utilized for any purpose whatsoever, and the negotiation, terms and entry of the Stipulation

17   shall remain subject to the mediation agreement signed by the parties, the ADR policies and

18   procedures of the United States District Court for the Northern District of California, and the

19   provisions of Federal Rule of Evidence 408, California Evidence Code sections 1119 and 1152

20   and any similar state laws.

21   First Franklin denies all of the claims as to liability, damages, penalties, interest,

22   fees, restitution and all other forms of relief as well as the collective and class action allegations

23   asserted in the Litigation.[1]   First Franklin has agreed to resolve this Litigation through this

24   Stipulation, but to the extent this Stipulation is deemed void or the Effective Date does not occur,

25   First Franklin does not waive, but rather expressly reserves, all rights to challenge all such claims

---

[1] Merrill Lynch & Co., Inc., which is also named as a defendant in the Litigation, similarly denies all of the claims and the collective and class action allegations. This Stipulation is entered into only by First Franklin, however, because it (and not Merrill Lynch & Co., Inc.) employed the Class Representatives and other members of the putative class.

1    and allegations in the Litigation upon all procedural and factual grounds, including without

2    limitation the ability to challenge collective and/or class action treatment on any grounds or assert

3    any and all defenses or privileges.  The Class Representatives and Class Counsel agree that First

4    Franklin retains and reserves these rights and agree not to take a position to the contrary;

5    specifically the Class Representatives and Class Counsel agree not to argue or present any

6    argument, and hereby waive any argument, that First Franklin could not contest collective action

7    or class certification on any grounds if this Litigation were to proceed.

8    **II.      The Parties to this Stipulation.**

9              This Stipulation (with the associated exhibits) is made and entered into by and

10   among the following Settling Parties: (i) the Class Representatives (on behalf of themselves and

11   each of the Settlement Class Members), with the assistance and approval of Class Counsel; and

12   (ii) First Franklin, with the assistance of its counsel of record in the Litigation.  The Stipulation is

13   intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the

14   Released Claims upon and subject to the terms and conditions hereof.

15   **III.     The Litigation.**

16             Class Representative MacConnach filed the instant action on June 4, 2008.  On

17   behalf of himself and others allegedly similarly situated to him, MacConnach alleged that First

18   Franklin violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime pay to its

19   Inside Account Executives.  On July 10, 2008, Class Representatives MacConnach and Walter

20   Schmidt filed a First Amended Complaint asserting the same FLSA claim on behalf of both

21   Inside Account Executives and "Closer/Funders."[2]

22             Soon after receiving the original complaint, First Franklin investigated the various

23   matters at issue.[3]  Following its investigation, First Franklin served initial disclosures pursuant to

24   the Federal Rules of Civil Procedure and produced documents to Plaintiffs.  In addition, Plaintiffs

25   took a deposition of First Franklin through its designated representative pursuant to Rule 30(b)(6)

26   _____
     [2] First Franklin contends that it did not have a position entitled "Closer/Funder."  Rather, it had
     two separate positions, one entitled "Closer" and the other "Funder."

27   [3] Through this Stipulation, First Franklin in no way concedes liability or wrongdoing with regard
28   to any of the claims alleged.

STIPULATION RE: SETTLEMENT OF CLASS ACTION
                    CV-04154 CRB

of the Federal Rules of Civil Procedure and obtained additional documents from First Franklin in connection with that deposition.  Subsequently, the parties scheduled a mediation with David Rotman, Esq., a well known and widely respected mediator.  Prior to the mediation, First Franklin responded to requests for additional information and documents from the Class Representatives concerning Plaintiffs' employment with First Franklin, time and payroll records for the proposed class and First Franklin's policies and practices more generally.  On March 5, 2009, the Settling Parties held a mediation session in San Francisco, California, with Mr. Rotman.  That mediation resulted in a term sheet settlement agreement, and that settlement has now been documented more formally in the conditional agreement reflected herein.

Pursuant to this agreement, the Class Representatives have filed an amended complaint asserting the following claims, all of which will be resolved by the proposed settlement:

On behalf of a putative collective action class of all individuals who worked for First Franklin in the United States as Inside Account Executives, Closers or Funders within the last three years, the Class Representatives assert claims for alleged unpaid overtime and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

On behalf of a putative Rule 23 Class of all individuals who worked for First Franklin in California as Inside Account Executives, Closers or Funders at any time since July 10, 2004, but were not covered by the settlement in the separate case entitled *Mindrum v. First Franklin Financial Corp.*, Los Angeles Superior Court Case No. BC 378941, the Class Representatives assert claims under California law including, but not limited to, claims for alleged unpaid overtime.

**IV.     First Franklin's Denial of Wrongdoing or Liability.**

First Franklin and the First Franklin Releasees deny all of the claims and contentions alleged by the Class Representatives in the Litigation.  Nonetheless, First Franklin has concluded that further conduct of the Litigation might be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  First Franklin has also taken into account the uncertainty

1  and risks inherent in any litigation, especially in multi-party cases like this Litigation. First

2  Franklin has therefore determined that it is desirable and beneficial to it that the Litigation be

3  settled in the manner and upon the terms and conditions set forth in this Stipulation.

4  **V.      Claims of The Class Representatives and Benefits of Settlement.**

5              The Class Representatives and Class Counsel believe that the claims asserted in

6  the Litigation have merit and that evidence developed to date supports the claims. The Class

7  Representatives and Class Counsel, however, recognize and acknowledge the expense and length

8  of the type of continued proceedings necessary to prosecute the Litigation against First Franklin

9  through trial and through appeals. The Class Representatives and Class Counsel also recognize

10 that First Franklin has defenses to both the class allegations and merits of the claims. The Class

11 Representatives and Class Counsel have also taken into account the uncertain outcome and the

12 risk of any litigation, especially in multi-party actions such as this Litigation, as well as the

13 difficulties and delays inherent in such litigation. In light of these considerations, the Class

14 Representatives and Class Counsel are also mindful of the inherent problems of proof in

15 establishing, and overcoming potential defenses to, the claims asserted in the Litigation. The

16 Class Representatives and Class Counsel believe that the settlement set forth in the Stipulation

17 confers substantial benefits upon the Settlement Class. Based upon their evaluation, the Class

18 Representatives and Class Counsel have determined that the settlement set forth in the Stipulation

19 is in the best interests of the Class Representatives and the Settlement Class.

20 **VI.     Terms of Stipulation and Agreement of Settlement.**

21             NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND

22 AGREED by and between the Class Representatives (for themselves and the Settlement Class

23 Members) and First Franklin, with the assistance of their respective counsel or attorneys of

24 record, that, as among the Settling Parties, including all Settlement Class Members, the Litigation

25 and the Released Claims shall be finally and fully compromised, settled and released, and the

26 Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the

27 terms and conditions of the Stipulation and the Judgment.

28

STIPULATION RE: SETTLEMENT OF CLASS ACTION
                                    CV-04154 CRB

1      1.      <u>Definitions.</u>

As used in all parts of this Stipulation, the following terms have the meanings specified below:

1.1     "First Franklin" means First Franklin Financial Corporation, a Delaware corporation and the defendant in the Litigation.

1.2     "First Franklin Releasees" or "The First Franklin Releasees" means First Franklin and each of its current and former parents and affiliates (including, but not limited to, Merrill Lynch & Co., Inc., National City Bank, PNC Financial Services, Inc., and any other parents and/or subsidiaries), predecessors, successors, divisions, joint ventures and assigns, and each of those entities' past or present directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives.

1.3     "Available Claims Settlement Pool" means the Maximum Settlement Amount less (a) Class Counsel's attorney's fees and costs as approved by the Court; (b) enhancement payments to the Class Representatives as approved by the Court; and (c) the costs of claims administration.  In other words, the Available Claims Settlement Pool is that portion of the Maximum Settlement Amount that will be available to pay Participating Claimants.

1.4     "Claims Administrator" means the third-party claims administration firm of Rust Consulting, Inc.

1.5     "Class" means the collective group of those individuals who are Class Members as that term is defined herein.

1.6     "Class Counsel" means the law firms of Stueve Siegel Hanson LLP and Girard Gibbs LLP.

1.7     "Class Member" or "Member of the Class" means a person who is a member of either the FLSA Class or the Rule 23 Class or both—in other words, every individual who is eligible to become part of the Settlement Class, even if, in the case of a member of the FLSA Class, that individual does not opt into the Litigation or, in the case of a member of the Rule 23 Class, that individual opts out of the Litigation.

1       1.8     "Class Notices" shall mean the FLSA Class Notice and the Rule 23 Class

2   Notice.

3               1.9     "Class Period" is defined as follows:

4               1.9.1           With respect to Class Representatives MacConnach and Schmidt

5   and those individuals who opted into the Litigation before March 1, 2009, the period that runs

6   from three years prior to the date that each filed with the Court a written consent to join in the

7   action through the Preliminary Approval Date.

8               1.9.2           With respect to Class Members who worked in any portion of the

9   United States other than the State of California and are not covered by Paragraph 1.9.1, the period

10  that runs from March 1, 2006, through the Preliminary Approval Date.

11              1.9.3           With respect to Class Members who worked in California,

12  including Class Representative Andrade, the period that runs from July 10, 2004, through the

13  Preliminary Approval Date.

14              1.10    "Class Representatives" means Chuck MacConnach, Walter Schmidt and

15  Kristin Andrade, the named plaintiffs in the Litigation.

16              1.11    "Closer" or "Closers" mean those Persons employed by First Franklin as

17  Closers, Post Closers, Home Loan Closer III and Home Loan Closer IV as those terms were

18  commonly used by First Franklin.

19              1.12    "Court" means the United States District Court for the Northern District of

20  California.

21              1.13    "Effective Date" means:  (i) the date of final affirmance on an appeal of the

22  Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the

23  Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of

24  any form of valid appeal from the Judgment.  Notwithstanding the foregoing, any proceeding or

25  order, or any appeal or petition for a writ pertaining solely to the award of attorneys' fees shall

26  not, by itself, in any way delay or preclude the Judgment from becoming Final.

27              1.14    "FLSA Class" means the collective group of individuals employed by First

28  Franklin in the United States, including the District of Columbia, as Inside Account Executives,

STIPULATION RE: SETTLEMENT OF CLASS ACTION
CV-04154 CRB

1   Closers or Funders at any time during the Class Period.  Such persons will become members of

2   the Settlement Class to the extent they properly opt into the Litigation, provided however that any

3   person meeting the criteria set forth in Paragraph 1.36 below is a member of the Rule 23 Class

4   and must opt out in order to be excluded from the Settlement Class.  No Class Member shall be

5   permitted both to opt into the FLSA Class and to opt out of the Rule 23 Class.

6           1.15    "Funder" or "Funders" mean those Persons employed by First Franklin as

7   Funders as those terms were commonly used by First Franklin.

8           1.16    "Inside Account Executive" or "Inside Account Executives" or "IAE" or

9   "IAEs" mean those Persons employed by First Franklin as Inside Account Executives as those

10  terms were commonly used by First Franklin.

11          1.17    "Judgment" means the judgment to be rendered by the Court pursuant to

12  this Stipulation substantially in the form attached hereto as Exhibit 5.

13          1.18    "Last Known Address" means the most recently recorded mailing address

14  for a Class Member as such information is contained in First Franklin's payroll records.

15          1.19    The "Litigation" or the "Lawsuit" means the lawsuit entitled CHUCK

16  MacCONNACH et al., individually, and on behalf of all others similarly situated, Plaintiffs, v.

17  FIRST FRANKLIN FINANCIAL CORP., et al., Defendants, United States District Court for the

18  Northern District of California, Case No. 3:08-cv-04154.

19          1.20    "Maximum Settlement Amount" means the absolute maximum amount that

20  First Franklin potentially might pay under the terms of this Stipulation.  The Maximum

21  Settlement Amount is $525,000.00.

22          1.21    "Non-Settlement Class" means the collective group of all Rule 23 Class

23  Members who properly and timely elect to opt out of the Settlement Class and all FLSA Class

24  Members who do not opt into the Litigation.

25          1.22    "Non-Settlement Class Member" or "Member of the Non-Settlement

26  Class" means a person who is a member of the Non-Settlement Class.

27

28

STIPULATION RE: SETTLEMENT OF CLASS ACTION
CV-04154 CRB

1.23 "Notice of Collective Action Settlement" or "FLSA Class Notice" means a notice (and associated response forms) to be approved by the Court substantially in the form attached hereto as Exhibit 2.

1.24 "Notice re: Pendency of Class Action" or "Notice To Class Members Re: Pendency of a Class Action and Notice of Hearing On Proposed Settlement" or "Rule 23 Class Notice" means a notice (and associated response forms) to be approved by the Court substantially in the form attached hereto as Exhibit 3.

1.25 "Notice Mailing Deadline" means the date forty-five (45) days after the Preliminary Approval Date.

1.26 "Notice Response Deadline" means the date forty-five (45) days after the Class Notice is mailed to the Class Members by the Claims Administrator.

1.27 "Opt In" means: (1) in the case of an individual who is a member of the FLSA Class only, a copy of the form attached as Form B to the Notice re: Collective Action Settlement, in the same or substantially the same manner as set forth in Exhibit 3, that is completed, properly executed and timely returned to the Claims Administrator and filed with the Court; or (2) in the case of an individual who is a member of the Rule 23 Class, a Qualifying Settlement Claim Certification Form.

1.28 "Order of Final Approval" or "Order Granting Final Approval of Settlement" means an order to be entered and filed by the Court substantially in the form attached hereto as Exhibit 4.

1.29 "Participating Claimant" or "Participating Claimants" means each Class Member who properly and timely submits a Qualifying Settlement Claim Certification Form.

1.30 "Preliminary Approval Date" mean the date on which the Court enters the Preliminary Approval Order.

1.31 "Preliminary Approval Order" or "Order Granting Preliminary Approval and Settlement Hearing" means an order to be executed and filed by the Court substantially in the form attached hereto as Exhibit 1.

1.32    "Qualifying Settlement Claim Certification Form" means a Settlement Claim Certification Form that is completed, properly executed and timely returned to the Claims Administrator.

1.33    "Qualifying Work Week" is any week (running from Sunday to Saturday) in which a Class Member was employed by First Franklin as an Inside Account Executive, Closer or Funder during the Class Period.  The Class Member in question need not have worked during the entire week for it to qualify as a Qualifying Work Week.  The total number of Qualifying Work Weeks currently estimated to have been worked by the Class is approximately 19,000, but that number is subject to verification against First Franklin's payroll records.

1.34    "Reasonable Address Verification Measure" means the use of the National Change of Address Database maintained by the United States Postal Service to review the accuracy of and, if possible, update a mailing address.

1.35    "Released Claims" mean, collectively, any and all claims, including Unknown Claims as defined in Paragraph 1.46 hereof, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, against the First Franklin Releasees, or any of them, for any type of relief, including, without limitation, claims for wages, damages, deductions, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, that accrued at any time on or before the Preliminary Approval Date, arising under federal and/or state wage and hour laws that relate to overtime and other requirements imposed on employers for non-exempt employees, including, without limitation, the Fair Labor Standards Act, the California Labor Code and the California Business and Professions Code, and any and all associated claims for penalties, liquidated and/or punitive damages and any and all associated claims for interest, costs, attorney fees, equitable relief or other types of available recovery.  The Released Claims include claims meeting the above definition under any and all applicable statutes, common law or other theories in any jurisdiction, including, without limitation, the federal Fair Labor Standards Act ("FLSA"), the Portal to Portal Act, and any

STIPULATION RE: SETTLEMENT OF CLASS ACTION
CV-04154 CRB

1   statute of any state and/or the District of Columbia.  Notwithstanding the foregoing, Released

2   Claims do not include any claims arising under the FLSA as to Rule 23 Class Members who do

3   not submit a Qualifying Settlement Claim Certification Form, to the extent that opting in to the

4   FLSA collective action is required for such individuals to waive FLSA claims.

5      1.36 "Rule 23 Class" means the collective group of individuals employed by

6   First Franklin in California as Inside Account Executives, Closers or Funders at any time during

7   the Class Period, excluding those individuals covered by the separate settlement in *Mindrum v.*

8   *First Franklin Financial Corporation*, Los Angeles Superior Court Case No. BC 378941.

9      1.37 "Settling Parties" means the Class Representatives and First Franklin.

10      1.38 "Settlement Claim Certification Form" means the form attached as Form C

11   to the Notice Re: Collective Action Settlement, in the same or substantially the same manner as

12   set forth in Exhibit 2, and/or the form attached as Form B to the Notice re: Pendency of Class

13   Action, in the same or substantially the same manner as set forth in Exhibit 3.

14      1.39 "Settlement Class" means the collective group of all Rule 23 Class

15   Members who do not opt out of the Settlement Class and all FLSA Class Members who properly

16   opt into the Litigation, and thus means the collective group of all of the Class Members who will

17   become bound by the Judgment if the Effective Date occurs.

18      1.40 "Settlement Class Member" or "Member of the Settlement Class" means

19   any person who is a member of the Settlement Class.

20      1.41 "Settlement Hearing" means a hearing set by the Court to take place after

21   the Notice Response Deadline for the purpose of (i) determining the fairness, adequacy and

22   reasonableness of the Stipulation and associated settlement; (ii) determining the good faith of the

23   Stipulation and associated settlement; and (iii) entering Judgment.

24      1.42 "Settlement Sum" means the total, gross amount due to an individual

25   Participating Claimant, which shall comprise the applicable Settlement Sum Variable multiplied

26   by the number of Qualifying Work Weeks worked by that Participating Claimant.

27      1.43 "Settlement Sum Variable" shall be the amount payable to Participating

28   Claimants for each Qualifying Work Week under the allocation formula devised by the Class

STIPULATION RE: SETTLEMENT OF CLASS ACTION
CV-04154 CRB

1   Representative and Class Counsel and approved by the Court.  In no event shall any Settlement

2   Sum Variable be set at a level that would cause the product of all Qualifying Work Weeks

3   multiplied by the Settlement Sum Variable applicable to each of those respective Qualifying

4   Work Weeks to exceed the Available Claims Settlement Pool.

5            1.44    "Settling Parties" means First Franklin and the Class Representatives on

6   behalf of themselves and all Members of the Settlement Class.

7            1.45    "Stipulation" means this Agreement, the Stipulation Re: Settlement of

8   Class Action and all of its attachments and exhibits, which the Settling Parties understand and

9   agree sets forth all material terms and conditions of the Settlement between them and which is

10  subject to Court approval.  It is understood and agreed that First Franklin's obligations for

11  payment under this Stipulation are conditioned on, among other things, the occurrence of the

12  Effective Date.

13           1.46    "Unknown Claims" means any Released Claims which any Class

14  Representative or any Settlement Class Member does not know or suspect to exist in his or her

15  favor at the time of the entry of the Judgment, and which, if known by him or her, might have

16  affected his or her settlement with and release of the First Franklin Releasees, or might have

17  affected his or her decision to opt into or out of the Class or to object to this settlement.  With

18  respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the

19  Effective Date, each of the Class Representatives shall expressly and each of the Settlement Class

20  Members shall be deemed to have, and by operation of the Judgment shall have, waived the

21  provisions, rights and benefits of California Civil Code section 1542 and any similar provision of

22  federal law or the law of any state.  Section 1542 provides as follows:

23              A general release does not extend to claims which the creditor does not
              know or suspect to exist in his or her favor at the time of executing the
24              release, which if known by him or her must have materially affected his or
              her settlement with the debtor.
25

26  Each Class Representative and each Settlement Class Member may hereafter discover facts in

27  addition to or different from those which they now know or believe to be true with respect to the

28  subject matter of the Released Claims, but each of the Class Representatives and each Settlement

1   Class Member, upon the Effective Date, shall be deemed to have, and by operation of the

2   Judgment shall have, fully, finally, and forever settled and released any and all Released Claims,

3   known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not

4   concealed or hidden, which then exist, or heretofore have existed upon any theory of law or

5   equity now existing or coming into existence in the future, including, but not limited to, conduct

6   which is negligent, intentional, with or without malice, or a breach of any duty, law or rule,

7   without regard to the subsequent discovery or existence of such different or additional facts.  The

8   Class Representatives acknowledge, and the Settlement Class Members shall be deemed by

9   operation of the Judgment to have acknowledged, that the foregoing waiver was separately

10  bargained for and a key element of the settlement of which this release is a part.

11          1.47   "Updated Address" means a mailing address that was updated by a

12  Reasonable Address Verification Measure or by an updated mailing address provided by the

13  United States Postal Service or a Class Member.

14      2.      The Settlement.

15          2.1   *Consideration to Settlement Class Members*

16          2.1.1          First Franklin, itself or through the Claims Administrator, and

17  according to the terms, conditions and procedures set forth in this Section VI of this Stipulation,

18  shall pay each Participating Claimant his or her Settlement Sum.  To the extent possible, these

19  payments shall be paid by one check delivered at or about the same time.  The Settlement Sums

20  shall be allocated for reporting reasons as follows: (a) fifty percent shall be deemed payment in

21  settlement of claims for unpaid wages; and (b) fifty percent shall be deemed payment in

22  settlement of claims for liquidated damages and/or penalties, interest and all other non-wage

23  recovery.

24          2.1.2          As further detailed in Paragraphs 2.2.1, 2.2.2 and 2.8.2, and for

25  each payment made pursuant to Paragraphs 2.6.2 and 2.8.2, First Franklin, itself or through the

26  Claims Administrator, will report each payment to government authorities including the Internal

27  Revenue Service as required by law, and it shall make all required deductions and/or

28  withholdings.

STIPULATION RE: SETTLEMENT OF CLASS ACTION
                                                                    CV-04154 CRB

2.2     *Taxes*

2.2.1          Those payments allocated to the settlement of claims for unpaid wages (a) shall be subject to required withholdings and deductions, and so the net amounts payable will be less than the gross amounts; and (b) shall be reported in the year of payment as wage income to the Participating Claimant on a Form W-2 or other appropriate tax form.  Those payments allocated to all other claims, including, without limitation, claims for liquidated damages, interest and other non-wage recovery, (a) shall not be subject to required withholdings and deductions, and so the net amounts payable will be equal to the gross amounts; and (b) shall be reported in the year of payment as non-wage income to the Participating Claimants on a Form 1099 or other appropriate tax form as non-wage income.  Other than as set forth above, First Franklin will not, unless otherwise required by law, make, from the Settlement Sum of each Participating Claimant, any deductions, withholdings or additional payments, including, without limitation, medical or other insurance payments or premiums, wage garnishments, or charity withholdings.  Any amount paid to Participating Claimants shall not create any credit or otherwise affect the calculation of any deferred compensation, benefit or other compensation plan provided by First Franklin.

2.2.2          Other than the withholding and reporting requirements set forth in Paragraphs 2.2.1, 2.8.1 and 2.8.2, Participating Claimants shall be solely responsible for the reporting and payment of any federal, state and/or local income or other tax or any other withholdings, if any, on any of the payments made pursuant to this Stipulation.  First Franklin makes no representations and it is understood and agreed that First Franklin has made no representations as to the taxability of any portions of the settlement payments to any Participating Claimants, the payment of any costs or an award of attorney fees, or any payments to the Class Representatives.  The Notice re: Pendency of Class Action will advise Class Members to seek their own tax advice prior to acting in response to that notice, and the Class Representatives and Class Counsel agree that Class Members will have an adequate opportunity to seek tax advice prior to acting in response to the notice.

STIPULATION RE: SETTLEMENT OF CLASS ACTION
CV-04154 CRB

2.3     *Court Approval of Notice to the Class; Settlement Hearing.*

2.3.1           On or before June 15, 2009, the Class Representatives and First Franklin, through their counsel of record in the Litigation, shall file this Stipulation with the Court and shall jointly move for preliminary approval of this Stipulation and the allocation formula devised by the Class Representatives and Class Counsel.  Through this submission and a supporting motion, the Settling Parties, through their counsel of record, will request that the Court enter the Preliminary Approval Order thereby scheduling the Settlement Hearing for the purposes of determining the good faith of the settlement, granting final approval of the settlement, granting final approval of this Stipulation and entering Judgment.  Through this same motion, the Class Representatives, through Class Counsel, shall advise the Court of the agreements set forth in Paragraphs 2.8.1 & 2.8.2 of this Stipulation.

2.3.2           Subject to Court availability, the Class Representatives and First Franklin shall endeavor to notice the joint motion for entry of the Preliminary Approval Order described in Paragraph 2.3.1 for a hearing before the Court on or after July 24, 2009.  Failure of the Court to enter the Preliminary Approval Order in its entirety or in a substantially similar form will be grounds for First Franklin to terminate the settlement and the terms of this Stipulation.

2.3.3           If the Court enters the Preliminary Approval Order, then at the resulting Settlement Hearing, the Class Representatives and First Franklin, through their counsel of record, shall address any written objections from Class Members or any concerns from Class Members who attend the hearing as well as any concerns of the Court, if any, and shall and hereby do, unless provided otherwise in this Stipulation, stipulate to final approval of this Stipulation and entry of the Judgment by the Court.

2.4     *Notice to Class Members.*

2.4.1           If, by entering the Preliminary Approval Order, the Court provides authorization to send the Notice Re: Collective Action Settlement to all FLSA Class Members (except those who are also Rule 23 Class Members) and the Notice Re: Pendency of Class Action to Rule 23 Class Members, the Claims Administrator will facilitate these mailings to the Class Members at their Last Known Addresses.  The Class Notices shall be mailed via first

1    class mail through the United States Postal Service, postage pre-paid.  No Class Member will

2    receive both the FLSA Class Notice and the Rule 23 Class Notice.  Rather, members of the Rule

3    23 Class will receive the Rule 23 Class Notice, and all members of the FLSA Class *except* Rule

4    23 Class Members will receive the FLSA Class Notice.

5              2.4.2          The Class Notices and their envelopes or coverings shall be

6    marked to denote the return address of the Claims Administrator.

7              2.4.3          First Franklin shall prepare the name, Last Known Address, and,

8    to the extent possible within the requisite deadlines, the number of Qualifying Work Weeks for

9    each Class Member for the Claims Administrator so that the Claims Administrator can engage in

10   the processing and mailing of the Class Notices.

11             2.4.4          Prior to mailing the Class Notices, the Claims Administrator shall

12   undertake a Reasonable Address Verification Measure to ascertain the current accuracy of the

13   Last Known Address of each Class Member.  To the extent this process yields an Updated

14   Address, that Updated Address shall replace the Last Known Address and be treated as the new

15   Last Known Address for purposes of this Stipulation and for subsequent mailings in particular.

16             2.4.5          Prior to mailing the Class Notices, and to the extent possible

17   within the requisite deadlines, the Claims Administrator shall include in the space provided on

18   each of the Class Notices the number of Qualifying Work Weeks for the receiving Class Member.

19             2.4.6          Unless the parties agree otherwise in writing or the Court so

20   orders, the Class Notices shall be mailed to the Last Known Addresses of the Class Members no

21   later than the Notice Mailing Deadline.

22             2.4.7          First Franklin shall be responsible for all costs of the mailing

23   described in Paragraphs 2.4.1 through 2.4.6, which shall be the fees charged by the Claims

24   Administrator, the cost of the envelopes in which the Class Notices will be mailed, the cost of

25   reproducing the Class Notices, and the cost of postage to send the Class Notices.  No other

26   materials beside the Class Notices will be included in this mailing.

27             2.4.8          Unless the Claims Administrator receives one or more Class

28   Notices returned from the United States Postal Service for reasons discussed below in this

STIPULATION RE: SETTLEMENT OF CLASS ACTION
CV-04154 CRB

1  Paragraph, the Class Notices shall be deemed received by the Class Members to whom they were

2  sent seven (7) days after mailing.  In the event that, subsequent to the first mailing of the Class

3  Notices and prior to the deadline for a response, any Notice Re: Collective Action Settlement or

4  Notice Re: Pendency of Class Action is returned to the Claims Administrator by the United States

5  Postal Service with a forwarding address for the recipient, the Claims Administrator shall re-mail

6  the notice to that address, the notice will be deemed received at that point, and the forwarding

7  address shall be deemed the Updated Address for that Class Member.  In the event that

8  subsequent to the first mailing of the Class Notices, and at least fourteen (14) days prior to the

9  Notice Response Deadline, any Notice Re: Collective Action Settlement or Notice Re: Pendency

10  of Class Action is returned to the Claims Administrator by the United States Postal Service

11  because the address of the recipient is no longer valid, i.e., the envelope is marked "Return to

12  Sender," the Claims Administrator shall again undertake a Reasonable Address Verification

13  Measure to attempt to ascertain the current address of the particular Class Member in question

14  and, if such an address is ascertained, the Claims Administrator will re-send the notice within five

15  (5) days of receiving such information; if no Updated Address is obtained for that Class Member,

16  the notice shall be sent again to the Last Known Address.  In either event, the notice shall be

17  deemed received once it is mailed for the second time.

18  2.5  *Responses to the FLSA Class Notice.*

19  2.5.1  Individuals who are members of the FLSA Class only must "opt

20  in" to the Litigation in order to become members of the Settlement Class.  FLSA Class Members

21  who wish to exercise this option must do so in writing by mail postmarked on or before the

22  Notice Response Deadline.  Otherwise, those individuals who are members of the FLSA Class

23  only will be deemed to have forever waived their right to become part of the Settlement Class.

24  Such FLSA Class Members who do not properly opt in shall have no further role in the

25  Litigation, and for all purposes except the calculation of the number of Qualifying Work Weeks

26  as defined in Paragraph 1.34 above, they shall be regarded as if they never were a party to this

27  Litigation, and thus they shall not be entitled to any benefit as a result of this Litigation, including

28  without limitation any tolling of any pertinent statute of limitations.  The Claims Administrator

STIPULATION RE: SETTLEMENT OF CLASS ACTION
CV-04154 CRB

1   shall promptly deliver to Class Counsel within 14 calendar days after the Notice Response

2   Deadline any and all timely submitted Opt In Forms, which Class Counsel shall file with the

3   Court.  No Class Member shall be permitted both to opt into the FLSA Class and to opt out of the

4   Rule 23 Class.

5         2.5.2   FLSA Class Members who opt in pursuant to Paragraph 2.5.1

6   may elect to become Participating Claimants.  FLSA Class Members who wish to exercise this

7   option and certify their entitlement to payment under the settlement must fully complete, execute

8   and mail, per the instructions therein, the form entitled "Settlement Claim Certification Form"

9   attached to the Notice Re: Collective Action Settlement as Form C.  If a completed and properly

10  executed Settlement Claim Certification Form is not received by the Claims Administrator from a

11  FLSA Class Member and postmarked on or before the Notice Response Deadline, then that FLSA

12  Class Member will be deemed to have forever waived his or her right to be a Participating

13  Claimant and receive payment under this settlement.

14        2.5.3   FLSA Class Members who opt in pursuant to Paragraph 2.5.1 but

15  fail to submit a Settlement Claim Certification Form shall receive, instead of their Settlement

16  Sum, a nominal payment in a flat amount to be determined by the parties after the allocation

17  formula for payments to Participating Claimants has been finalized.

18        2.5.4   FLSA Class Members who, for future reference and mailings

19  from the Court or Claims Administrator, if any, wish to change the name or address listed on the

20  envelope in which the FLSA Class Notice was first mailed to them, must fully complete, execute

21  and mail, per the instructions therein, the form entitled "Change of Name or Address

22  Information" attached to the Notice Re: Collective Action Settlement as Exhibit 2.

23        2.6   *Responses to the Rule 23 Class Notice.*

24        2.6.1   Rule 23 Class Members have the option to participate in this

25  Lawsuit at their own expense by obtaining their own attorney(s).  Rule 23 Class Members who

26  choose this option will be responsible for any attorney fees or costs incurred as a result of this

27  election.  The Notice Re: Pendency of Class Action will advise Rule 23 Class Members of this

28  option.

STIPULATION RE: SETTLEMENT OF CLASS ACTION
CV-04154 CRB

2.6.2          Rule 23 Class Members may elect to "opt out" of the Settlement Class and thus exclude themselves from the Lawsuit and the Settlement Class.  Rule 23 Class Members who wish to exercise this option must do so in writing by mail postmarked on or before the Notice Response Deadline.  Otherwise, those Rule 23 Class Members will be deemed to have forever waived their right to opt out of the Settlement Class.  Rule 23 Class Members who do not properly opt out shall be deemed Members of the Settlement Class (along with all FLSA Class Members who opt in).  Rule 23 Class Members who properly opt out shall have no further role in the Litigation, and for all purposes except the calculation of the number of Qualifying Work Weeks as defined in Paragraph 1.34 above, they shall be regarded as if they never were a party to this Litigation, and thus they shall not be entitled to any benefit as a result of this Litigation, including without limitation any tolling of any pertinent statute of limitations.  No Class Member shall be permitted both to opt into the FLSA Class and to opt out of the Rule 23 Class.

2.6.3          Rule 23 Class Members may also object to the Stipulation by submitting written objections to Class Counsel (either directly or through the Claims Administrator) such that they are received no later than the Notice Response Deadline.  The Notice Re: Pendency of Class Action shall advise Rule 23 Class Members of this option.  Any objections must be in writing and timely submitted or else they are waived.  Class Counsel shall immediately provide any such objections to First Franklin and subsequently the Court in the final approval process.

2.6.4          Rule 23 Class Members who do not opt out of the Settlement Class pursuant to Paragraph 2.6.2 may elect to opt into the FLSA collective action and become Participating Claimants.  Rule 23 Class Members who wish to exercise this option and certify their entitlement to payment under the settlement must fully complete, execute and mail, per the instructions therein, the form entitled "Settlement Claim Certification Form" attached to the Notice Re: Pendency of Class Action as Form B.  Rule 23 Class Members who correctly follow this procedure and submit Qualifying Settlement Claim Certification Forms will be deemed to have opted in to the FLSA collective action.  If a completed and properly executed Settlement Claim Certification Form is not received by the Claims Administrator from a Rule 23 Class

Member and postmarked on or before the Notice Response Deadline, then that Rule 23 Class Member will be deemed to have forever waived his or her right to be a Participating Claimant and receive payment under this settlement.  As long as they do not properly opt out, Rule 23 Class Members who do not submit Settlement Claim Certification Forms in a timely and proper fashion shall nevertheless be deemed Members of the Settlement Class and shall be subject to the Judgment.  Only Participating Claimants, however, shall be entitled to payment pursuant to the Judgment.  Participating Claimants who are members of the Rule 23 Class are entitled, like all other Participating Claimants, to only one payment of their respective Settlement Sums.  In other words, such individuals are not entitled to two payments as a result of being members of both the FLSA Class and the Rule 23 Class.

2.6.5        Rule 23 Class Members who both opt out and submit Settlement Claim Certification Forms shall be sent a cure letter by the Claims Administrator seeking clarification of which response they want to submit.  Absent any cure, they will be deemed Participating Claimants and deemed to have opted in to the FLSA collective action.  Any such cure letter is subject to the prior approval of First Franklin and Class Counsel.

2.6.6        Rule 23 Class Members who, for future reference and mailings from the Court or Claims Administrator, if any, wish to change the name or address listed on the envelope in which the Class Notice was first mailed to them, must fully complete, execute and mail, per the instructions therein, the form entitled "Change of Name or Address Information" attached to the Notice Re: Pendency of Class Action as Exhibit 3.

2.7    *Motion for Final Approval.*

2.7.1        Prior to the Settlement Hearing and consistent with the rules imposed by the Court, the Class Representatives and First Franklin shall jointly move the Court for entry of the Order of Final Approval (and the associated entry of Judgment).  Through this motion, the Settling Parties shall advise the Court of the agreements in Paragraphs 2.10.1 and 2.10.2 of this Section VI of this Stipulation.  The Class Representatives and Class Counsel shall be responsible for justifying the agreed upon payments set forth in Paragraphs 2.10.1 and 2.10.2 of this Stipulation.  To the extent possible, the motion seeking entry of the Order of Final

1    Approval shall be noticed for the same day as the Settlement Hearing.  The Settling Parties shall

2    take all reasonable efforts to secure entry of the Order of Final Approval.  If the Court rejects the

3    Stipulation, fails to enter the Order of Final Approval, or fails to enter the Judgment, this

4    Stipulation shall be void ab initio, and First Franklin shall have no obligations to make any

5    payments under the Stipulation.

6                   2.7.2              Only Participating Claimants shall be entitled to payment

7    pursuant to the Judgment.  It is agreed and understood that, in light of the Settlement Sum

8    Variable, if all Class Members become Participating Claimants, then First Franklin will pay the

9    total Available Claims Settlement Pool to all Participating Claimants, but if fewer than one

10   hundred percent of Class Members become Participating Claimants, then First Franklin will pay

11   less than the Available Claims Settlement Pool to Participating Claimants.

12                  2.8       *Timing of Payment to Participating Claimants and Notice of Final*

13   *Approval to Rule 23 Class Members*.

14                  2.8.1              Within forty-five (45) days after the Effective Date, First

15   Franklin, itself or through the Claims Administrator, shall pay to each Participating Claimant his

16   or her relevant Settlement Sum.

17                  2.8.2              In accordance with the terms of Paragraphs 2.1.1, 2.1.2 and 2.2.1,

18   First Franklin, itself or through the Claims Administrator, shall issue to each Participating

19   Claimant one check (or more if necessary for administrative convenience) payable to the

20   Participating Claimant, from First Franklin (or from an account administered by the Claims

21   Administrator but funded by First Franklin), for the gross amount of the Settlement Sum, less

22   relevant withholdings.  First Franklin, itself or through the Claims Administrator, shall mail this

23   check(s) to each Participating Claimant at his or her Last Known Address, or Updated Address if

24   obtained, on or before the date which is forty-five (45) days after the Effective Date.

25                  2.8.3              Checks issued to Participating Claimants pursuant to this

26   Agreement shall remain negotiable for a period of at least ninety (90) days from the date of

27   mailing, and the funds associated with any checks which are not properly or timely negotiated

28   shall remain the property of First Franklin and shall not be paid to anyone other than First

STIPULATION RE: SETTLEMENT OF CLASS ACTION
CV-04154 CRB

Franklin.  The Settling Parties hereby agree that such funds represent settlement payments for

matters disputed in good faith, not uncontested wage payments, and they shall not be subject to

escheat rules, cy pres, or other distribution not provided for in this Stipulation.  Participating

Claimants who fail to negotiate their check(s) in a timely fashion shall, like all Settlement Class

Members, remain subject to the terms of the Judgment.

2.8.4         Following the mailing of the payments to Participating Claimants

discussed in Paragraph 2.8.2, the Claims Administrator shall provide counsel with a written

confirmation of this mailing.  Upon receipt of this confirmation, Class Counsel will file within 10

calendar days a notice or acknowledgement of satisfaction of judgment with the Court in the

Litigation on behalf of the Settlement Class.

2.9      *Releases*.

2.9.1         Upon the Effective Date, the Class Representatives and each of

the Settlement Class Members (and only these persons) shall be deemed to have, and by operation

of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice,

relinquished and discharged all Released Claims.

2.10     *Payment of Costs and Attorney Fees to the Class Representatives*.

2.10.1        Class Counsel shall be entitled, subject to Court approval and the

occurrence of the Effective Date, to recover reasonable costs and attorney fees from First Franklin

pursuant to the Fair Labor Standards Act and/or applicable state law.  Only if the Effective Date

occurs, and again subject to Court approval, First Franklin will pay Class Counsel up to 25% of

the Maximum Settlement Amount (i.e., $131,250.00) for all attorney fees and up to $20,000.00

for allowable Litigation costs and expenses.  Payments made pursuant to this Paragraph shall

constitute full satisfaction of any claim for fees and/or costs, and the Class Representatives and

Class Counsel, on behalf of themselves and all Settlement Class Members, agree that they shall

not seek nor be entitled to any additional attorney fees or costs under any theory.  The Class

Representatives and Class Counsel agree that they shall be responsible for justifying the amount

of this cost and fee payment to the Court, and they agree to submit the necessary materials to

justify this payment along with the Settling Parties' joint motion for final approval of the

1    Stipulation pursuant to Paragraph 2.3.1.  First Franklin agrees not to oppose any submission

2    regarding, or request for approval of, this payment of fees or costs provided it is consistent with

3    this Stipulation.  In the event that the Court (or appellate court) awards less than the maximum

4    amount for attorney fees and/or costs, only the awarded amounts shall be paid and shall constitute

5    satisfaction of the obligations of this Paragraph and full payment thereunder, and any remaining

6    or unawarded portion of the maximum fee and cost awards shall remain the property of First

7    Franklin.  If the Effective Date occurs, First Franklin shall make this payment pursuant to this

8    Paragraph to Class Counsel Stueve Siegel Hanson directly, and Class Counsel shall provide

9    counsel for First Franklin with the pertinent taxpayer identification number and a Form W-9 for

10   reporting purposes.  Other than any reporting of this fee payment as required by this Stipulation

11   or law, which First Franklin shall make, Class Counsel and the Class Representatives shall alone

12   be responsible for the reporting and payment of any federal, state and/or local income or other

13   form of tax on any payment made pursuant to this Paragraph.  Other than as provided in this

14   Paragraph 2.10.1 for the limited purpose discussed herein, no party shall be deemed the prevailing

15   party for any other purposes of the Litigation.

16              2.10.2         Only in the event that the Effective Date occurs, and subject to

17   their respective execution of a general release in favor of the First Franklin Releasees of all

18   known and unknown claims, First Franklin will forward the following two checks: (a) a check

19   payable to Chuck MacConnach, in his personal capacity only and via his counsel of record, in the

20   gross amount of five thousand United States dollars; and (b) a check payable to Walter Schmidt,

21   in his personal capacity only and via his counsel of record, in the gross amount of five thousand

22   United States dollars.  These payments shall be compensation for MacConnach's and Schmidt's

23   efforts as Class Representatives in the Litigation.  MacConnach's and Schmidt's Settlement Sums

24   as Participating Claimants may, at First Franklin's election, be paid concurrently with the

25   payments described in this Paragraph or, in the alternative, separately at the time the payments to

26   the other Participating Claimants are made.  Through this agreement, all of the Class

27   Representatives agree to be Members of the Settlement Class and Participating Claimants subject

28   to the Judgment, and in light of their agreement and their implicit certification, it shall not be

STIPULATION RE: SETTLEMENT OF CLASS ACTION
                                                     CV-04154 CRB

1    necessary for them to be sent a Class Notice or, where applicable, for them to complete an Opt In.

2    The Settling Parties agree that First Franklin shall report the payments of five thousand dollars

3    each to MacConnach and Schmidt as non-wage income in the year of payment.  First Franklin

4    will report the payment of the Class Representatives' Settlement Sums according to the terms of

5    this Agreement.  Other than the reporting and withholding set forth in this Paragraph,

6    MacConnach and Schmidt shall each be responsible for the reporting and payment of any federal,

7    state and/or local income or other form of tax on any payment(s) made to them pursuant to this

8    Paragraph.

9            2.10.3          Unless otherwise expressly provided, First Franklin shall have no

10   responsibility for, and no liability whatsoever with respect to, the allocation among Chuck

11   MacConnach, Walter Schmidt, Kristin Andrade, Class Counsel and/or any other person who may

12   assert some claim to any award or payment made in the Litigation or pursuant to this Stipulation,

13   including, but not limited to, any award or payment pursuant to Paragraph 2.10.1 or 2.10.2.

14           2.11    *Claims Administrator*.

15           2.11.1          First Franklin shall be responsible for the fees and expenses

16   reasonably incurred by the Claims Administrator as a result of procedures and processes

17   expressly required by this Stipulation.  The Class Representatives and Class Counsel shall have

18   no responsibility for such fees or expenses.  The Claims Administrator's fees and expenses shall

19   be deducted from the Maximum Settlement Amount.

20           2.11.2          The actions of the Claims Administrator shall be governed by the

21   terms of this Stipulation.  First Franklin may provide relevant information needed by the Claims

22   Administrator per this Stipulation and engage in related communications with the Claims

23   Administrator without notice or copies to Class Counsel, any Class Member or the Court.  First

24   Franklin may make payment to the Claims Administrator for its services and engage in related

25   communications with the Claims Administrator without notice or copies to Class Counsel, any

26   Class Member or the Court.  First Franklin may provide instructions to the Claims Administrator

27   with regard to actions required by this Stipulation and engage in related communications with the

28   Claims Administrator without notice or copies to Class Counsel, any Class Member or the Court.

1      2.11.3          Any response by the Claims Administrator to a question or

2  inquiry by a Class Member is subject to the prior approval of First Franklin and Class Counsel.

3      2.11.4          In the event that the Class Representatives or Class Counsel take

4  the position that the Claims Administrator is not acting in accordance with the terms of the

5  Stipulation, Class Counsel shall meet and confer with counsel for First Franklin prior to raising

6  any such issue with the Court.

7      2.12    *Termination of Settlement*

8      2.12.1          In the event that the settlement set forth in this Stipulation shall

9  not be approved in its entirety or substantially as is by the Court, or in the event that the Effective

10  Date does not occur, no payments shall be made by First Franklin to anyone in accordance with

11  the terms of this Stipulation, the Settling Parties will bear their own costs and fees with regard to

12  the efforts to obtain Court approval, and this Stipulation shall be deemed null and void with no

13  effect on the Litigation whatsoever.  In the event that fewer than 65% of the FLSA Class

14  Members opt into the Settlement Class pursuant to Paragraph 2.5.1, or in the event that 7% or

15  more of Rule 23 Class Members opt out of the Settlement Class pursuant to Paragraph 2.6.2, First

16  Franklin shall have the sole and absolute discretionary right to terminate this settlement and

17  Stipulation.

18      2.13    *Miscellaneous Provisions.*

19      2.13.1          The only Class Members entitled to any payment under this

20  Stipulation and the associated Judgment are Participating Claimants, and they shall be entitled to

21  their respective Settlement Sums only.  This Stipulation and the associated Judgment do not and

22  will not create any unpaid residue or unpaid residual, and no distribution of such shall be

23  required.  The provisions of California Code of Civil Procedure section 384 and any similar law

24  of any jurisdiction, do not apply to this action or this Stipulation, and any finding to the contrary

25  will be a ground for First Franklin to void the settlement.  Those parts of the Available Claims

26  Settlement Pool that are not claimed shall remain the property of First Franklin, and any finding

27  to the contrary will be a ground for First Franklin to void the settlement.

28

STIPULATION RE: SETTLEMENT OF CLASS ACTION
CV-04154 CRB

1         2.13.2          No person shall have any claim against Class Counsel, the Claims

2 Administrator, counsel for First Franklin or any of the First Franklin Releasees based on the

3 payments made or other actions taken substantially in accordance with the Stipulation and the

4 settlement contained therein or further orders of the Court.

5         2.13.3          Unless otherwise ordered by the Court, in the event the

6 Stipulation shall be terminated, cancelled, declared void or fails to become effective in

7 accordance with its terms, or if the Judgment is reversed on appeal, within twenty (20) business

8 days after written notification of such event, First Franklin and Class Counsel shall notify each

9 other of this event in writing.

10         2.13.4          In the event that the Stipulation is not substantially approved by

11 the Court or the settlement set forth in the Stipulation is terminated, cancelled, declared void or

12 fails to become effective in accordance with its terms, or if the Judgment does not become Final,

13 or to the extent termination, cancellation or voiding of the Stipulation is otherwise provided in

14 this Stipulation, the Settling Parties shall resume the Litigation at that time as if no Stipulation

15 had been entered.  In such event, the terms and provisions of the Stipulation shall have no further

16 force and effect with respect to the Settling Parties and shall not be used in this Litigation or in

17 any other proceeding for any purpose, and any Judgment or order entered by the Court in

18 accordance with the terms of the Stipulation shall be treated as vacated, nunc pro tunc.

19 Notwithstanding any other provision of this Stipulation, no order of the Court reducing, or

20 modification or reversal on appeal of any order of the Court reducing the amount of any attorney

21 fees to be paid by First Franklin to Class Counsel and/or the enhancement payments to the Class

22 Representatives shall constitute grounds for cancellation or termination of the Stipulation or

23 grounds for limiting any other provision of the Judgment.

24         2.13.5          The Settling Parties (a) acknowledge that it is their intent to

25 consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to

26 effect and implement all terms and conditions of the Stipulation and to exercise their best efforts

27 to accomplish the foregoing terms and conditions of the Stipulation.

28

   STIPULATION RE: SETTLEMENT OF CLASS ACTION
CV-04154 CRB

2.13.6         The Stipulation compromises claims that are contested in good faith, and it shall not be deemed an admission by any of the Settling Parties as to the merits of any claim or defense.  The Settling Parties agree that the amounts paid in Settlement and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

2.13.7         Neither the Stipulation nor the settlement, nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the First Franklin Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the First Franklin Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

2.13.8         All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

2.13.9         The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

2.13.10        The Stipulation constitutes the entire agreement among the Settling Parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own attorneys' fees and costs.

2.13.11        Class Counsel, on behalf of the Class, are expressly authorized by the Class Representatives to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class that they deem appropriate.

STIPULATION RE: SETTLEMENT OF CLASS ACTION
CV-04154 CRB

1    2.13.12   Each counsel or other Person executing the Stipulation or any of

2 its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to

3 do so.

4    2.13.13   The Stipulation may be executed in one or more counterparts.  All

5 executed counterparts and each of them shall be deemed to be one and the same instrument.  A

6 complete set of original executed counterparts shall be filed with the Court.

7    2.13.14   The Stipulation shall be binding upon, and inure to the benefit of,

8 the successors and assigns of the parties hereto; but this Stipulation is not designed to and does

9 not create any third party beneficiaries.

10    2.13.15   The Court shall retain jurisdiction with respect to implementation

11 and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of

12 the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

13    2.13.16   The Stipulation and the exhibits hereto shall be considered to

14 have been negotiated, executed and delivered, and to have been wholly performed, in the State of

15 California, and the rights and obligations of the parties to the Stipulation shall be construed and

16 enforced in accordance with, and governed by, the internal, substantive laws of the State of

17 California without giving effect to that State's choice of law principles.

18    2.13.17   The language of all parts of this Stipulation shall in all cases be

19 construed as a whole, according to its fair meaning, and not strictly for or against either party.  No

20 party shall be deemed the drafter of this Stipulation.  The parties acknowledge that the terms of

21 the Stipulation are contractual and are the product of negotiations between the parties and their

22 counsel.  Each party and their counsel cooperated in the drafting and preparation of the

23 Stipulation.  In any construction to be made of the Stipulation, the Stipulation shall not be

24 construed against any party.  Any canon of contract interpretation to the contrary, under the law

25 of any state, shall not be applied.

26    2.13.18   The Class Representatives and Class Counsel shall not cause any

27 aspect of this Lawsuit or the terms of this Stipulation to be reported to the media or news

28 reporting services.

STIPULATION RE: SETTLEMENT OF CLASS ACTION
CV-04154 CRB

1          IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

2   executed.

3   DATED: 6/16 , 2009            By: _____

4                                          CHUCK MACCONNACH

5                               Plaintiff and Class Representative

6

7   DATED: _____, 2009       By: _____

                                           WALTER SCHMIDT

8                               Plaintiff and Class Representative

9   DATED: _____, 2009       By: _____

10                                        KRISTIN ANDRADE_

11                               Plaintiff and Class Representative

12   DATED: _____, 2009       By: _____

13                                        MARK MALOVOS

14                               For Defendant FIRST FRANKLIN
                              FINANCIAL CORPORATION

15   APPROVED TO AS TO FORM:

16

17                               STUEVE SIEGEL HANSON LLP
                              GEORGE A. HANSON

18                               RICHARD M. PAUL III
                              JACK D. MCINNES

19

20   DATED: _____, 2009       By: _____

21                                     _RICHARD M. PAUL III

22                               Attorney for Plaintiffs

23                               MUNGER, TOLLES & OLSON LLP
                              TERRY E. SANCHEZ

24                               KATHERINE M. FORSTER

25

26   DATED: _____, 2009       By: _____
                                    KATHERINE M. FORSTER

27                               Attorneys for Defendant

28

   STIPULATION RE SETTLEMENT OF CLASS ACTION
                     CV-04154 CRB

1    IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

2    executed.

3    DATED: _____, 2009          By:_____
                                                      CHUCK MACCONNACH
4
                                              Plaintiff and Class Representative
5
6    DATED: 6/15 _____, 2009          By:_____
                                                      WALTER SCHMIDT
7
8                                             Plaintiff and Class Representative

9    DATED: _____, 2009          By:_____
                                                      KRISTIN ANDRADE_
10
11                                            Plaintiff and Class Representative

12   DATED: _____, 2009          By:_____
                                                      MARK MALOVOS
13
                                              For Defendant FIRST FRANKLIN
14                                            FINANCIAL CORPORATION

15   APPROVED TO AS TO FORM:

16

17                                            STUEVE SIEGEL HANSON LLP
                                              GEORGE A. HANSON
18                                            RICHARD M. PAUL III
                                              JACK D. MCINNES
19
     DATED: _____, 2009
20                                            By:_____
                                                      _RICHARD M. PAUL III
21
                                              Attorney for Plaintiffs
22

23                                            MUNGER, TOLLES & OLSON LLP
                                              TERRY E. SANCHEZ
24                                            KATHERINE M. FORSTER

25
     DATED: _____, 2009          By:_____
26                                                    KATHERINE M. FORSTER

27                                            Attorneys for Defendant

28

                                    - 29 -    STIPULATION RE: SETTLEMENT OF CLASS ACTION
                                              CV-04154 CRB

1              IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

2  executed.

3  DATED: _____, 2009       By:_____

                                                   CHUCK MACCONNACH

4

                                          Plaintiff and Class Representative

5

6

7  DATED: _____, 2009       By:_____

                                                WALTER SCHMIDT

8                                          Plaintiff and Class Representative

9  DATED: June 15, 2009        By:_____

                                                KRISTIN ANDRADE_

10

11                                        Plaintiff and Class Representative

12  DATED: _____, 2009      By:_____

                                                MARK MALOVOS

13

14                                  For Defendant FIRST FRANKLIN
                                  FINANCIAL CORPORATION

15  APPROVED TO AS TO FORM:

16

17                                  STUEVE SIEGEL HANSON LLP
                                  GEORGE A. HANSON

18                                  RICHARD M. PAUL III
                                  JACK D. MCINNES

19

20  DATED: _____, 2009

                                  By:_____

21                                      RICHARD M. PAUL III

                                  Attorney for Plaintiffs

22

23                                  MUNGER, TOLLES & OLSON LLP
                                  TERRY E. SANCHEZ

24                                  KATHERINE M. FORSTER

25

26  DATED: _____, 2009      By:_____

                                          KATHERINE M. FORSTER

27                                  Attorneys for Defendant

28

1    IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

2    executed.

3    DATED: _____, 2009          By:_____
                                                      CHUCK MACCONNACH
4
                                              Plaintiff and Class Representative
5

6    DATED: _____, 2009          By:_____
                                                      WALTER SCHMIDT
7
                                              Plaintiff and Class Representative
8

9    DATED: _____, 2009          By:_____
                                                      KRISTIN ANDRADE
10

11                                            Plaintiff and Class Representative

12   DATED: _J̶V̶N̶E̶_ _15_, 2009             By:_____
                                                      MARK MALOVOS
13
                                              For Defendant FIRST FRANKLIN
14                                            FINANCIAL CORPORATION

15   APPROVED TO AS TO FORM:

16

17                                            STUEVE SIEGEL HANSON LLP
                                                 GEORGE A. HANSON
18                                               RICHARD M. PAUL III
                                                 JACK D. MCINNES
19
     DATED: _____, 2009
20                                            By:_____
                                                      RICHARD M. PAUL III
21
                                              Attorney for Plaintiffs
22

23                                            MUNGER, TOLLES & OLSON LLP
                                                 TERRY E. SANCHEZ
24                                               KATHERINE M. FORSTER

25
     DATED: _____, 2009          By:_____
26                                                    KATHERINE M. FORSTER

27                                            Attorneys for Defendant

28

                                      - 29 -

1    IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

2   executed.

3   DATED: _____, 2009          By:_____
                                                CHUCK MACCONNACH
4
                                          Plaintiff and Class Representative
5

6   DATED: _____, 2009          By:_____
                                                WALTER SCHMIDT
7
8                                         Plaintiff and Class Representative

9   DATED: _____, 2009          By:_____
                                                KRISTIN ANDRADE_
10
11                                        Plaintiff and Class Representative

12  DATED: _____, 2009          By:_____
                                                MARK MALOVOS
13
                                          For Defendant FIRST FRANKLIN
14                                        FINANCIAL CORPORATION

15  APPROVED TO AS TO FORM:

16

17                                        STUEVE SIEGEL HANSON LLP
                                              GEORGE A. HANSON
18                                            RICHARD M. PAUL III
                                              JACK D. MCINNES
19
    DATED: _June 15_____, 2009
20                                        By:_____
                                              _RICHARD M. PAUL III
21

22                                        Attorney for Plaintiffs

23                                        MUNGER, TOLLES & OLSON LLP
                                              TERRY E. SANCHEZ
24                                            KATHERINE M. FORSTER

25
    DATED: _____, 2009          By:_____
26                                              KATHERINE M. FORSTER

27                                        Attorneys for Defendant

28

                            - 29 -    STIPULATION RE: SETTLEMENT OF CLASS ACTION
                                      CV-04154 CRB

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be
executed.

DATED: _____, 2009

By:_____
         CHUCK MACCONNACH

Plaintiff and Class Representative

DATED: _____, 2009

By:_____
         WALTER SCHMIDT

Plaintiff and Class Representative

DATED: _____, 2009

By:_____
         KRISTIN ANDRADE_

Plaintiff and Class Representative

DATED: _____, 2009

By:_____
         MARK MALOVOS

For Defendant FIRST FRANKLIN
FINANCIAL CORPORATION

APPROVED TO AS TO FORM:

STUEVE SIEGEL HANSON LLP
GEORGE A. HANSON
RICHARD M. PAUL III
JACK D. MCINNES

DATED: _____, 2009

By:_____
         _RICHARD M. PAUL III

Attorney for Plaintiffs

MUNGER, TOLLES & OLSON LLP
TERRY E. SANCHEZ
KATHERINE M. FORSTER

DATED: June 15, 2009

By: _____
         KATHERINE M. FORSTER

Attorneys for Defendant

- 29 -

# EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHUCK MacCONNACH and WALTER SCHMIDT, individually, and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>   v.<br><br>FIRST FRANKLIN FINANCIAL CORPORATION, and MERRILL LYNCH & CO., INC., GLOBAL MARKETS AND INVESTMENT BANKING GROUP,<br><br>              Defendants. | **CV 04154 CRB**<br>**Judge Charles R. Breyer**<br>**Electronically Filed** |

**[PROPOSED] ORDER (1) PROVISIONALLY CERTIFYING SETTLEMENT CLASSES; (2) APPROVING FLSA COLLECTIVE ACTION SETTLEMENT; (3) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT; AND (4) SETTING FINAL APPROVAL HEARING (EXHIBIT 1)**

The joint motion of the Settling Parties for an order (1) provisionally certifying settlement classes; (2) approving an FLSA collective action settlement; (3) preliminarily approving a class action settlement; and (4) setting a final approval hearing came on for hearing on or about _____, 2009.  The Court has considered the Stipulation Re: Settlement of Class Action and its exhibits, the submissions of counsel, and all other papers filed in this action. The matter having been submitted and good cause appearing therefore:

The Court finds as follows:

      1.     All defined terms contained herein shall have the same meanings as set forth in the Stipulation Re: Settlement of Class Action executed by the Settling Parties and filed with this Court (the "Stipulation");

      2.     The Class Representatives and First Franklin, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation;

      3.     The Court finds that, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Litigation, including no effect on the

STIPULATION RE: SETTLEMENT OF CLASS ACTION
CV-04154 CRB

1  Litigation should the Stipulation not ultimately be approved or should the Effective Date not

2  occur, the proposed FLSA Class meets the requirements for collective action certification under

3  Section 216(b) of the Fair Labor Standards Act for settlement purposes because the Class

4  Representatives and the Members of the FLSA Class are similarly situated;

5         4.     The Court conditionally finds that, for the purposes of approving this

6  settlement only and for no other purpose and with no other effect on the Litigation, including no

7  effect on the Litigation should the Stipulation not ultimately be approved or should the Effective

8  Date not occur, the proposed Rule 23 Class meets the requirements for certification under Rule 23

9  of the Federal Rules of Civil Procedure for settlement purposes: (a) the proposed Class is

10  ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there

11  are questions of law or fact common to the proposed Class, and there is a well-defined

12  community of interest among members of the proposed Class with respect to the subject matter of

13  the Litigation; (c) the claims of Class Representative Andrade are typical of the claims of the

14  members of the proposed Class; (d) Class Representative Andrade will fairly and adequately

15  protect the interests of the Members of the Class; (e) a class action is superior to other available

16  methods for an efficient adjudication of this controversy; and (f) the counsel of record for the

17  Class Representative is qualified to serve as counsel for the Class Representative in her own

18  capacity as well as her representative capacity and for the Class;

19         5.     The moving parties also have presented to the Court for review a

20  Stipulation Re: Settlement of Class Action and a proposed allocation formula to determine each

21  Class Member's Settlement Sum Variable.  The Stipulation is approved as to the FLSA Class and

22  is within the range of reasonableness and meets the requirements for preliminary approval as to

23  the Rule 23 Class; and

24         6.     The moving parties have presented to the Court for review a plan to

25  provide notice to the proposed Class of the terms of the settlement and the various options the

26  Class has, including, among other things, the option to be represented by counsel of their

27  choosing; the option for FLSA Class Members to opt into the collective action and become

28  members of the Settlement Class and Participating Claimants; and the options for Rule 23 Class

STIPULATION RE: SETTLEMENT OF CLASS ACTION
CV-04154 CRB

1   Members to opt out of the class action and/or to opt into the FLSA collective action and become

2   Participating Claimants.  The FLSA Class Notice will be mailed to all FLSA Class Members,

3   except those who are also Rule 23 Class Members, at their Last Known Addresses.  The Rule 23

4   Class Notice will be mailed to all Rule 23 Class Members at their Last Known Addresses.  No

5   Class Member will be mailed both the FLSA Class Notice and the Rule 23 Class Notice.  The

6   notice plan proposed by the Settling Parties is the best practical notice under the circumstances.

7        Good cause appearing therefore, IT IS HEREBY ORDERED that:

8        1.      Pursuant to Section 216(b) of the Fair Labor Standards Act, the Stipulation

9   of Settlement is approved and the FLSA Class is certified for settlement purposes;

10       2.      Notice of the settlement and the rights of FLSA Class Members to opt in

11  and become Participating Claimants shall be given by mailing of the Notice Re: Collective Action

12  Settlement by first class, postage prepaid, to all FLSA Class Members (other than Rule 23 Class

13  Members) pursuant to the applicable provisions in the Stipulation.  First Franklin shall provide

14  the Claims Administrator with the information necessary to conduct this mailing as set forth in

15  the Stipulation;

16       3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Stipulation

17  of Settlement is preliminarily approved and the Rule 23 Class is provisionally certified for

18  settlement purposes;

19       4.      Notice of the proposed settlement and the rights of Rule 23 Class Members

20  to opt out of the settlement and/or to opt into the FLSA collective action and become

21  Participating Claimants shall be given by mailing of the Notice to Class Members Re: Pendency

22  of a Class Action by first class, postage prepaid, to all Rule 23 Class Members pursuant to the

23  applicable provisions in the Stipulation.  First Franklin shall provide the Claims Administrator

24  with the information necessary to conduct this mailing as set forth in the Stipulation;

25       5.      A hearing shall be held before this Court on _____, 2009, at _____

26  to consider whether the Rule 23 settlement should be given final approval by the Court:

27       (a)     Written objections by Rule 23 Class Members to the proposed settlement

28  will be considered if received by the Claims Administrator or Class Counsel on or before the

- 3 -

7426735.3

STIPULATION RE: SETTLEMENT OF CLASS ACTION
CV-04154 CRB

1    Notice Response Deadline;

2              (b)     At the Settlement Hearing, Rule 23 Class Members may be heard orally in

3    support of or, if they have timely submitted written objections, in opposition to the settlement;

4              (c)     Class Counsel and counsel for First Franklin should be prepared at the

5    hearing to respond to objections filed by Rule 23 Class Members and to provide other information

6    as appropriate, bearing on whether or not the settlement should be approved; and

7              6.      In the event that the Effective Date occurs, all Settlement Class Members

8    will be deemed to have forever released and discharged the Released Claims.  In the event that

9    the Effective Date does not occur for any reason whatsoever, the Stipulation as to both the FLSA

10   Class and the Rule 23 Class shall be deemed null and void and shall have no effect whatsoever.

11

12   PURSUANT TO STIPULATION, IT IS SO ORDERED.

13

14

15   DATED: _____        _____

16                                                    The Honorable Charles R. Breyer
                                                     United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -
7426735.3

STIPULATION RE: SETTLEMENT OF CLASS ACTION
CV-04154 CRB

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHUCK MacCONNACH and WALTER SCHMIDT, individually, and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>FIRST FRANKLIN FINANCIAL CORPORATION, and MERRILL LYNCH & CO., INC., GLOBAL MARKETS AND INVESTMENT BANKING GROUP,<br><br>                    Defendants. | **CV 04154 CRB**<br>**Judge Charles R. Breyer**<br>**Electronically Filed** |

**[PROPOSED] NOTICE OF COLLECTIVE ACTION SETTLEMENT (EXHIBIT 2)**

[CLASS MEMBER NAME]
[CLASS MEMBER ADDRESS]
                    [CONTROL NUMBER, IF ANY]

**THIS NOTICE MAY AFFECT YOUR RIGHTS;
PLEASE READ IT CAREFULLY.
PLEASE DO NOT CONTACT THE COURT OR
THE COURT CLERK REGARDING THIS MATTER.**

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE THE FINDINGS OF THE
COURT.  IT SHOULD NOT BE UNDERSTOOD TO BE AN EXPRESSION OF THE
COURT'S VIEWS ON THE MERITS OF ANY CLAIM OR DEFENSE RAISED BY THE
PARTIES.**

## I.      INTRODUCTION AND SUMMARY

This is to notify you of a claim filed on June 8, 2008, by Chuck MacConnach, Walter Schmidt and Kristin Andrade against First Franklin Financial Corporation ("First Franklin") concerning the compensation of its Inside Account Executives, Closers and Funders. Mr. MacConnach, Mr. Schmidt and Ms. Andrade claim that First Franklin failed to compensate them and other Inside Account Executives, Closers and Funders employed in the United States in accordance with applicable laws.  Mr. MacConnach, Mr. Schmidt and Ms. Andrade bring their claims on behalf of Inside Account Executives, Closers and Funders employed by First Franklin in the United States.  You, the person named above, have received this notice because First Franklin records suggest you are a member of this class of people.

First Franklin has reviewed these claims in detail, and it has denied any wrongdoing or liability in this matter.  Although First Franklin feels it has strong grounds for contesting and defeating these claims, it has instead worked with Mr. MacConnach, Mr. Schmidt, Ms. Andrade and their counsel to resolve this matter.  In doing so, First Franklin has not admitted to any liability, but it has agreed to resolve any possible questions and avoid the further expense and burden of litigation pursuant to the procedure set forth in this notice.

The purpose of this Notice is to inform you of the pending settlement agreement and your rights under it.  Because you have received this Notice to Class Members, you are one of the Inside Account Executives, Closers or Funders employed by First Franklin in the United States who is included in the proposed class and is eligible to participate in the settlement.[4]

---

[4] Those individuals who were covered by the separate settlement in *Mindrum v. First Franklin Financial Corporation*, Los Angeles Superior Court Case No. BC 378941 (hereafter the "*Mindrum* action"), are not eligible to participate in this settlement.

You can, among other things, either participate in this settlement by opting into the settlement and submitting a claim for monetary payment, or you may take no action, which will result in your being excluded from the settlement.  If you do not take any action, you will be not subject to this agreement and the associated judgment (or the associated release), but you also will not receive any payment.

Please understand that this is not a notice of a lawsuit against you.  You have not been sued.  Please review this Notice and consider the options outlined herein carefully.

## II.    DESCRIPTION OF THE UNDERLYING CLAIM

Class Representative Chuck MacConnach filed the original complaint in the instant action on June 8, 2008.  In an amended complaint filed on May 11, 2009, Mr. MacConnach and two additional class representatives, Walter Schmidt and Kristin Andrade, claim on behalf of themselves and others who were employed by First Franklin as Inside Account Executives, Closers and Funders in the United States that First Franklin failed to pay them premium overtime wages during the pertinent period.  They also claim on behalf of a subset of those people, i.e., those who were employed in California (except those individuals covered by the settlement in the *Mindrum* action), that First Franklin failed to compensate them properly under applicable state law by failing to pay premium overtime wages.

Although First Franklin has ample basis to contest the allegations in the Complaint, First Franklin has opted to work with the Class Representatives in an effort to resolve their claims.  Accordingly, and subject to court approval, the parties have entered a settlement agreement that provides for the certification of two classes (referred to collectively herein as the "Class"):

(1) A collective action class under the Fair Labor Standards Act (hereafter the "FLSA Class") consisting of all individuals who choose to opt into the litigation who were employed by First Franklin during the relevant time period as Inside Account Executives, Closers and Funders in the United States, including the District of Columbia; and

(2) A class under Rule 23 of the Federal Rules of Civil Procedure (hereafter the "Rule 23 Class") consisting of all individuals who were employed by First Franklin during the

relevant time period as Inside Account Executives, Closers and Funders in California, except those individuals covered by the settlement in the *Mindrum* action.

First Franklin's records indicate that you are a member of the FLSA Class but not the Rule 23 Class. Subject to Court approval and other conditions, this settlement will provide for the payment of a settlement sum to eligible individuals who properly submit claim forms. The terms of this settlement will be discussed in greater detail below.

### III.   COLLECTIVE ACTION CERTIFICATION AND NOTICE

On or about _____, 2009, the Court granted approval for the settlement of this matter as a collective action.   In addition, the Court approved this Notice and approved the request to mail this Notice to members of the FLSA Class. The Court's approval of the settlement and Notice does not reflect the Court's opinion on the merits of any claim or defense raised by the parties. The settlement will not become effective as to you and other FLSA Class Members, however, unless the Court grants final approval of the settlement as it pertains to Rule 23 Class Members.

A full copy of the Court's order as well as other public documents, including the Settlement Agreement, filed with regard to this matter can be inspected and copied in the Office of the Court Clerk. Please see Section VIII of this Notice for further details.

### IV.   CORRECTIONS TO NAME OR ADDRESS

If, for any future reference or mailings, you wish to change the name or address listed on the envelope in which this Notice was sent, please complete, execute and mail the form entitled "Change of Name and/or Address Information" attached to this Notice as Form A.

### V.   SETTLEMENT

Under the terms of the settlement, FLSA Class Members who opt into the Litigation by timely returning a properly completed Opt In Form (Form B, attached) will be subject to the judgment and precluded from bringing any "Released Claims" against First Franklin or any of its current or former parents, successors or affiliates in the future. FLSA Class members who timely submit a properly completed Settlement Claim Certification Form (Form C, attached) will receive payment under the settlement. FLSA Class members who opt in but fail to

submit a timely, properly completed Settlement Claim Certification Form will be subject to the judgment and precluded from bringing "Released Claims" but will not receive any payment under the settlement.  The members of the FLSA Class along with members of the Rule 23 Class are collectively referred to herein as the "Settlement Class."

  Settlement Class Members will be precluded from bringing "Released Claims," which are defined as all claims, known or unknown, for any type of relief against First Franklin or its current or former parents, predecessors or successors or any of those entities' affiliates, employees or agents (herein the "First Franklin Releasees"), including without limitation claims for wages, damages, deductions, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, that accrued at any time on or before [PRELIMINARY APPROVAL DATE], arising under federal and/or state wage and hour laws that relate to overtime and other requirements imposed on employers for non-exempt employees, including, without limitation, the Fair Labor Standards Act, the California Labor Code and the California Business and Professions Code, and any and all associated claims for penalties, liquidated and/or punitive damages and any and all associated claims for interest, costs, attorney fees, equitable relief or other types of available recovery.  The Released Claims include, without limitation, claims meeting the above definition at common law or at equity and claims arising under statute in any jurisdiction applicable to that particular Class Member, including, without limitation, the federal Fair Labor Standards Act, the Portal to Portal Act and the statutory law of any state and/or the District of Columbia.

  Through this release, all Settlement Class Members shall be deemed to have, and by operation of the judgment shall have, expressly waived, the rights and benefits of California Civil Code section 1542 or any similar provision of the law of any state.  Civil Code section 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Settlement Class Members who submit qualifying claim forms in a proper manner will receive a payment based primarily on two variables: (1) the total number of Qualifying Work Weeks that all Class Members worked at First Franklin as an Inside Account Executive, Closer or Funder during the pertinent period; and (2) the number of Qualifying Work Weeks in which each Settlement Class Member worked 72 hours or more during a pay period but did not receive any overtime pay (the "eligible work weeks"). Specifically, under the terms of this settlement, Settlement Class members who submit qualifying claim forms will receive payment in a gross amount, less required deductions and/or withholdings, equal to their respective pro rata percentage of eligible work weeks compared to the total number of Qualifying Work Weeks, which will amount to approximately $____ multiplied by the number of eligible work weeks at First Franklin during the class period.[5]

First Franklin records demonstrate that you, the Class Member named at the top of this notice, worked ____ qualifying work weeks in the covered positions during the pertinent period.

A portion of any payment made to a participating claimant will be subject to required wage withholdings and deductions, and so the net payable amount will be less than the gross amount of settlement sum. Specifically, First Franklin will report fifty percent of this payment to relevant government entities as a wage payment, and the remainder will be reported as a non-wage payment. First Franklin reserves the right to make any required withholdings or deductions as required by applicable law, and class members should be advised that First Franklin will report any payments made pursuant to this agreement to the Internal Revenue Service and other relevant government entities (if any) as required by law.

Pursuant to the settlement and subject to final approval by the Court, the attorneys for Mr. MacConnach, Mr. Schmidt, Ms. Andrade and the Class (herein "Class Counsel") will be

---

[5] Because First Franklin's payroll data are still being validated and a number of issues have arisen during the validation process, this allocation formula may change when these data issues are resolved. If the formula changes, the parties will submit a revised notice to the Court for approval on or before the date of the hearing on the parties' joint motion for preliminary approval of the settlement.

paid up to $131,250 to compensate them for their services in this matter plus up to $20,000 for litigation costs.  First Franklin will pay this sum.  Class Members will not be required to compensate Class Counsel.

>**Only those individuals who become members of the Settlement Class and who submit qualifying claim forms will receive payment under this agreement.**

>**You will not become a member of the Settlement Class or be eligible to receive payment unless you opt into the litigation by returning Form B attached.  You will not receive payment under the settlement unless you timely submit a qualifying claim by returning Form C attached.**

Neither Mr. MacConnach, Mr. Schmidt, Ms. Andrade, Class Counsel nor First Franklin makes any representations concerning the tax consequences of this settlement or participation in it, and you should seek tax advice in association with any taxes you may owe on any payment you receive as part of this settlement.

## VI.    THE RIGHTS AND OPTIONS OF FLSA CLASS MEMBERS

**First**, you may elect to opt into the litigation.  You must opt in to participate in the settlement.  FLSA Class Members who wish to opt in must review the form entitled "Opt In Form" attached to this Notice as Form B, and then fully complete, execute and mail this election notice in the manner and by the deadline specified on the form.  If you choose this option, you will become part of the FLSA Class and will be represented by the Class Representatives (Mr. MacConnach, Mr. Schmidt and Ms. Andrade) and Class Counsel.  Class Counsel in this matter are Messrs. Hanson, Paul and McInnes of the law firm of Stueve Siegel Hanson LLP and Messrs. Gibbs and Hughes of Girard Gibbs LLP:

| | |
|---|---|
| STUEVE SIEGEL HANSON LLP | GIRARD GIBBS LLP |
| George A. Hanson | Eric H. Gibbs |
| Richard M. Paul III | Dylan Hughes |
| Jack D. McInnes | 601 California Street, Suite 1400 |
| 460 Nichols Road, Suite 200 | San Francisco, California 94108 |
| Kansas City, Missouri 64112 | |

If you choose this option and properly submit a timely claim form, and provided that the Court approves the settlement as to the Rule 23 Class, you will receive payment pursuant

to the settlement agreement according to the formula set forth in Section V above, and you will be subject to the judgment rendered in this action, i.e., the judgment issued in connection with the settlement obtained for the class.  (Above, this Notice discusses the settlement, the associated judgment in this matter, and the effect of this judgment.)  Only those FLSA Class Members who properly submit claim forms will receive payment.  FLSA Class members who wish to submit a claim and receive payment must review the form entitled "Settlement Claim Certification Form" attached to this Notice as Form C and then fully complete, execute and mail this election notice in the manner and by the deadline specified on the form.

**Second**, you may do nothing.  If you choose this option, you will not become a member of the Settlement Class and thus will be excluded from this action and the associated settlement and judgment.  You would remain free, subject to the statute of limitations and applicable statutory, common law or other restrictions, to bring otherwise waived Released Claims against First Franklin.  You would also forfeit your right to submit a claim for payment under the specific settlement described herein.

## VI.    THE PEOPLE RECEIVING THIS NOTICE

The Class Representatives have brought this action as a class and collective action. In class and/or collective actions, one or more persons bring claims on behalf of themselves and others who purportedly are in similar situations or have similar claims.  In other words, the Class Representatives seek to represent those who are similarly situated and thus may also have similar or related claims.  In order to ensure that all potential Class Members are given an adequate opportunity to protect their rights, this Notice is being mailed to the last known addresses of all Class Members.

## VII.    HEARING ON SETTLEMENT

The settlement has already been approved by the Court as to the FLSA Class.  The settlement will not take effect, however, unless the Court also approves the settlement as to the Rule 23 class.  The Court will hold a hearing on the advisability and propriety of the settlement as to the Rule 23 Class on _____, 2009.

## VIII.   EXAMINATION OF PAPERS FILED IN THIS ACTION

This Notice does not fully describe the action.  Members of the public, including but not limited to those whose rights may be affected by this action, may inspect the files at the Office of the Court Clerk at the following address:  Office of the Clerk, United States District Court for the Northern District of California, 450 Golden Gate Ave., 16th Floor, San Francisco, California 94102.


*PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK OF*

*THE COURT WITH QUESTIONS REGARDING THIS ACTION.*


SENT BY FIRST FRANKLIN (WITH THE CONSENT OF THE CLASS REPRESENTATIVES, CLASS COUNSEL AND THE APPROVAL OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA).

**FORM A**

**FOR**

**NOTICE RE: COLLECTIVE ACTION SETTLEMENT**

**Change of Name and/or Address Information**

Pursuant to Paragraph IV of the Notice to FLSA Class Members, I wish to change my name and/or mailing address information to the following:

<u>Name</u>:

<u>Street and Apt. No., if any</u>:

<u>City, State and Zip Code</u>:

To assist in locating my records and for identity verification purposes, I worked at the First Franklin branch office in _____, _____.

                                                      (City)                  (State)

I understand that all future correspondence in this action, including but not necessarily limited to important notices or payments to which I am entitled (if any), will be sent to the address listed above and not to the address previously used. I hereby request and consent to the use of the address listed above for these purposes.

Submitted By:

_____

Print Name

_____

Signature

_____

Date

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

Rust Consulting, Inc.

Re: MacConnach/Schmidt/Andrade Matter

P.O. Box _____, Minneapolis, MN 55440-9407

**THIS FORM MUST BE RECEIVED BY [NOTICE RESPONSE DEADLINE]**

**TO CHANGE YOUR ADDRESS**

**FORM B**


**FOR**


**NOTICE RE: COLLECTIVE ACTION SETTLEMENT**

**Opt In Form**

Pursuant to the FLSA Class Notice and the federal Fair Labor Standards Act, 29 U.S.C. § 216(a), I hereby consent to become a party plaintiff in the Litigation.


Name of Class Member (print):

Address:

City, State and Zip Code:

Date:   _____

Signature: _____

To assist in locating my records and for identity verification purposes, I worked at the First Franklin branch office in _____, _____.

                                            (City)                         (State)


PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

Rust Consulting, Inc.

Re: MacConnach/Schmidt/Andrade Matter

P.O. Box _____, Minneapolis, MN 55440-9407


**FORMS MUST BE RECEIVED NO LATER THAN [NOTICE RESPONSE DEADLINE] IN ORDER TO BE VALID AND EFFECTIVE.**

**FORM C**


**FOR**


**NOTICE RE: COLLECTIVE ACTION SETTLEMENT**

**Settlement Claim Certification Form**

Pursuant to the FLSA Class Notice, I hereby certify that I am eligible to participate in this settlement because (a) I was employed by First Franklin as an Inside Account Executive, Closer or Funder between March 1, 2006, and _____, 2009; and (b) when I was so employed, I was not paid for all of the overtime that I worked during weeks in which I worked more than forty (40) hours.

I further acknowledge that I understand that by exercising this option, my recovery will be the gross amount calculated pursuant to the settlement formula and my individual number of qualifying work weeks listed in this notice, and nothing further.  I also understand that by participating in this settlement, I will be subject to the judgment, waive the protections of California Civil Code Section 1542[1] and any similar law of any jurisdiction and will be precluded from pursuing any Released Claims, as defined in the Notice and in the settlement agreement.

Under penalty of perjury of the laws of the United States, I hereby declare that the foregoing is true and accurate to the best of my knowledge.

<u>Name of Class Member</u> (print):

<u>Address</u>:

<u>City, State and Zip Code</u>:

Date:  _____

Signature: _____

To assist in locating my records and for identity verification purposes, I worked at the First Franklin branch office in _____, _____.
(City)         (State)

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

Rust Consulting, Inc.

Re: MacConnach/Schmidt/Andrade Matter

---

[1] California Civil Code Section 1542 provides that "[a] general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

P.O. Box _____, Minneapolis, MN 55440-9407

**FORMS MUST BE RECEIVED NO LATER THAN [NOTICE RESPONSE DEADLINE] IN ORDER TO BE VALID AND EFFECTIVE.**

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHUCK MacCONNACH and WALTER SCHMIDT, individually, and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>FIRST FRANKLIN FINANCIAL CORPORATION, and MERRILL LYNCH & CO., INC., GLOBAL MARKETS AND INVESTMENT BANKING GROUP,<br><br>       Defendants. | **CV 04154 CRB**<br>**Judge Charles R. Breyer**<br>**Electronically Filed** |

### [PROPOSED] NOTICE TO CLASS MEMBERS (EXHIBIT 3)

[CLASS MEMBER NAME]
[CLASS MEMBER ADDRESS]
      [CONTROL NUMBER, IF ANY]

**THIS NOTICE MAY AFFECT YOUR RIGHTS;**
**PLEASE READ IT CAREFULLY.**
**PLEASE DO NOT CONTACT THE COURT OR**
**THE COURT CLERK REGARDING THIS MATTER.**

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE THE FINDINGS OF THE COURT.  IT SHOULD NOT BE UNDERSTOOD TO BE AN EXPRESSION OF THE COURT'S VIEWS ON THE MERITS OF ANY CLAIM OR DEFENSE RAISED BY THE PARTIES.**

## I.  INTRODUCTION AND SUMMARY

This is to notify you of a claim filed on June 8, 2008, by Chuck MacConnach, Walter Schmidt and Kristin Andrade against First Franklin Financial Corporation ("First Franklin") concerning their compensation as Inside Account Executives, Closers and Funders, respectively.  Mr. MacConnach, Mr. Schmidt and Ms. Andrade claim that First Franklin failed to compensate them and other Inside Account Executives, Closers and Funders employed in the United States in accordance with applicable laws.  Mr. MacConnach, Mr. Schmidt and Ms. Andrade bring their claims on behalf of Inside Account Executives, Closers and Funders employed by First Franklin in the United States.  You, the person named above, have received this notice because First Franklin records suggest you are a member of this class of people.

First Franklin has reviewed these claims in detail, and it has denied any wrongdoing or liability in this matter.  Although First Franklin feels it has strong grounds for contesting and defeating these claims, it has instead worked with Mr. MacConnach, Mr. Schmidt, Ms. Andrade and their counsel to resolve this matter.  In doing so, First Franklin has not admitted to any liability, but it has agreed to resolve any possible questions and avoid the further expense and burden of litigation pursuant to the procedure set forth in this notice.

The purpose of this Notice is to inform you of the pending settlement agreement and your rights under it.  Because you have received this Notice to Class Members, you are one of the Inside Account Executives, Closers or Funders employed by First Franklin in the United States who is included in the proposed class and is eligible to participate in the settlement.[6]

---

[6] Those individuals who were covered by the separate settlement in *Mindrum v. First Franklin Financial Corporation*, Los Angeles Superior Court Case No. BC 378941 (hereafter the "*Mindrum* action"), are not eligible to participate in this settlement.

You can, among other things, either participate in this settlement by submitting a claim for monetary payment or opt out of the settlement altogether.  If you do not take any action, you will be subject to this agreement and the associated judgment (and the associated release), but you will not receive any payment.

Please understand that this is not a notice of a lawsuit against you.  You have not been sued.  Please review this Notice and consider the options outlined herein carefully.

## II.    DESCRIPTION OF THE UNDERLYING CLAIM

Class Representative Chuck MacConnach filed the original complaint in the instant action on June 8, 2008.  He and Class Representative Walter Schmidt filed an amended complaint on July 10, 2008, and they and Class Representative Andrade filed a second amended complaint on May 11, 2009.  In their amended complaint, the Class Representatives claim on behalf of themselves and others who were employed by First Franklin as Inside Account Executives, Closers and Funders in the United States that First Franklin failed to pay them premium overtime wages during the pertinent period.  They also claim on behalf of a subset of those people, i.e., those who were employed in those positions in California, that First Franklin failed to compensate them properly under applicable state law by failing to pay premium overtime wages.

Although First Franklin has ample basis to contest the allegations in the Complaint, First Franklin has opted to work with the Class Representatives in an effort to resolve their claims.  Accordingly, and subject to court approval, the parties have entered a settlement agreement that provides for the certification of two classes (referred to collectively herein as the "Class"):

(1) A collective action class under the Fair Labor Standards Act (hereafter the "FLSA Class") consisting of all individuals who choose to opt into the Litigation who were employed by First Franklin during the relevant time period as Inside Account Executives, Closers and Funders in the United States, including the District of Columbia; and

(2) A class under Rule 23 of the Federal Rules of Civil Procedure (hereafter the "Rule 23 Class") consisting of all individuals who were employed by First Franklin during the

relevant time period as Inside Account Executives, Closers and Funders in California (except those individuals covered by the settlement in the *Mindrum* action).

First Franklin's records indicate that you are a member of the Rule 23 Class. Subject to Court approval and other conditions, this settlement will provide for the payment of a settlement sum to eligible individuals who properly submit claim forms. The terms of this settlement will be discussed in greater detail below.

### III.   CERTIFICATION AND HEARING THEREON

On or about _____, 2009, the Court granted preliminary approval for the settlement of this matter as a class action and scheduled a hearing on final approval for _____, 2009, at _____. This hearing will take place before the Honorable Charles Breyer, 450 Golden Gate Ave., Courtroom 8, 19th Floor, San Francisco, California 94102. **Members of the Rule 23 Class, including you, the person named at the beginning of this notice, can express their views on the settlement at or before this hearing, but you are not required to do so, nor are you required to attend this hearing to exercise any of your rights, including either the right to participate in this settlement or the right to opt out of this action. Members of the Class can exercise such rights by following the instructions contained in this Notice; again, no appearance at the hearing is required.**

In addition to scheduling this hearing, the Court approved this Notice and approved the request to mail this Notice to all members of the relevant Class. This conditional certification order does not reflect the Court's opinion on the merits of any claim or defense raised by the parties.

A full copy of this conditional certification order as well as other public documents filed with regard to this matter can be inspected and copied in the Office of the Court Clerk. Please see Section VIII of this Notice for further details.

### IV.   CORRECTIONS TO NAME OR ADDRESS

If, for any future reference or mailings, you wish to change the name or address listed on the envelope in which this Notice was sent, please complete, execute and mail the form entitled "Change of Name and/or Address Information" attached to this Notice as Form A.

# V.    SETTLEMENT

On behalf of other members of the Settlement Class, the Class Representatives have reached a voluntary settlement agreement with First Franklin.  Through this settlement, neither First Franklin nor any of its current or former parents, affiliates or successors or any of those entities' employees have admitted any liability or wrongdoing.  A full copy of the settlement agreement as preliminarily approved by the Court as well as other public documents filed with regard to this matter can be inspected in the Office of the Court Clerk.  Please see Section VIII of this Notice for further details.

Under the terms of the settlement, Rule 23 Class Members who do not opt out of the settlement will remain subject to the judgment and be precluded from bringing any "Released Claims" against First Franklin or any of its current or former parents, successors or affiliates in the future, whether they submit claim forms or not.  The members of the Rule 23 Class and the FLSA Class are collectively referred to herein as the "Settlement Class."

Settlement Class Members will be precluded from bringing "Released Claims," which are defined as all claims, known or unknown, for any type of relief against First Franklin or its current or former parents, predecessors or successors or any of those entities' affiliates, employees or agents (herein the "First Franklin Releasees"), including without limitation claims for wages, damages, deductions, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, that accrued at any time on or before [PRELIMINARY APPROVAL DATE], arising under federal and/or state wage and hour laws that relate to overtime and other requirements imposed on employers for non-exempt employees, including, without limitation, the Fair Labor Standards Act, the California Labor Code and the California Business and Professions Code, and any and all associated claims for penalties, liquidated and/or punitive damages and any and all associated claims for interest, costs, attorney fees, equitable relief or other types of available recovery.  The Released Claims include, without limitation, claims meeting the above definition at common law or at equity and claims arising under statute in any jurisdiction applicable to that particular Class Member, including, without limitation, the federal Fair Labor Standards Act, the Portal to Portal Act and the statutory

law of any state and/or the District of Columbia.  Notwithstanding the foregoing, Released Claims does not include any claims arising under the FLSA as to Rule 23 Class Members who do not submit a Qualifying Settlement Claim Certification Form, to the extent that opting in to the FLSA collective action is required to waive FLSA claims.  Nonetheless, Rule 23 Class Members who neither submit a timely Qualifying Settlement Claim Certification Form nor a timely Opt Out will forfeit, release, and waive all rights to bring or participate in a collective or class action under the Fair Labor Standards Act against the Merrill Lynch Releasees for any such FLSA claim accruing before the Preliminary Approval Date.

Through this release, all Settlement Class Members shall be deemed to have, and by operation of the judgment shall have, expressly waived, the rights and benefits of California Civil Code section 1542 or any similar provision of the law of any state.  Civil Code section 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Settlement Class Members who submit qualifying claim forms in a proper manner will receive a payment based primarily on two variables: (1) the total number of Qualifying Work Weeks that all Class Members worked at First Franklin as an Inside Account Executive, Closer or Funder during the pertinent period; and (2) the number of Qualifying Work Weeks in which each Settlement Class Member worked 72 hours or more during a pay period but did not receive any overtime pay (the "eligible work weeks").  Specifically, under the terms of this settlement, Settlement Class members who submit qualifying claim forms will receive payment in a gross amount, less required deductions and/or withholdings, equal to their respective pro rata percentage of eligible work weeks compared to the total number of Qualifying Work Weeks, which will amount to approximately $____ multiplied by the number of eligible work weeks at First Franklin during the class period.[7]

---

[7] Beccause First Franklin's payroll data are still being validated and a number of issues have arisen during the validation process, this allocation formula may change when these data issues are resolved.  If the formula changes, the parties will submit a revised notice to the Court for

First Franklin records demonstrate that you, the Class Member named at the top of this notice, worked _____ qualifying work months in the covered positions during the pertinent period.

A portion of any payment made pursuant to a participating claimant will be subject to required wage withholdings and deductions, and so the net payable amount will be less than the gross amount of settlement sum.  Specifically, First Franklin will report fifty percent of this payment to relevant government entities as a wage payment, and the remainder will be reported as a non-wage payment.  First Franklin reserves the right to make any required withholdings or deductions as required by applicable law, and class members should be advised that First Franklin will report any payments made pursuant to this agreement to the Internal Revenue Service and other relevant government entities (if any) as required by law.

Pursuant to the settlement and subject to final approval by the Court, the attorneys for Mr. MacConnach, Mr. Schmidt, Ms. Andrade and the Class (herein "Class Counsel") will be paid up to $131,250 to compensate them for their services in this matter plus up to $20,000 for litigation costs.  First Franklin will pay this sum.  Class Members will not be required to compensate Class Counsel.

**Only those individuals who remain members of the Settlement Class will be eligible to participate in this settlement and receive payment under this agreement, and only those individuals who submit qualifying claim forms will receive payment.**

**If you opt out of the settlement, you will not be eligible to receive any payment pursuant to this settlement, nor will you be bound by the judgment and associated waiver or release of related claims.**

Neither Mr. MacConnach, Mr. Schmidt, Ms. Andrade, Class Counsel nor First Franklin makes any representations concerning the tax consequences of this settlement or participation in it, and you should seek tax advice in association with any taxes you may owe on any payment you receive as part of this settlement.

approval on or before the date of the hearing on the parties' joint motion for preliminary approval of the settlement.

## VI.    THE RIGHTS AND OPTIONS OF RULE 23 CLASS MEMBERS

**First**, you may elect to "opt out" of the Settlement Class and thus exclude yourself from this action and the associated settlement and judgment.  Rule 23 Class Members who opt out of this action would remain free, subject to the statute of limitations and applicable statutory, common law or other restrictions, to bring otherwise waived Released Claims against First Franklin.  Rule 23 Class members who wish to exercise this option should notify the Claims Administrator in writing.  This writing must be mailed and postmarked no later than [NOTICE RESPONSE DEADLINE].  Rule 23 Class Members who opt out of this lawsuit and the associated settlement forfeit their right to submit a claim for payment under the specific settlement described herein.

**Second**, you may elect to be part of the Settlement Class and therefore eligible to receive payment under the settlement.  All Rule 23 Class Members who do not opt out of the litigation will be represented by the Class Representatives (Mr. MacConnach, Mr. Schmidt and Ms. Andrade) and Class Counsel.  Class Counsel in this matter are the law firms of Stueve Siegel Hanson LLP and Girard Gibbs LLP:

STUEVE SIEGEL HANSON LLP            GIRARD GIBBS LLP
George A. Hanson                                     Eric H. Gibbs
Richard M. Paul III                                    Dylan Hughes
Jack D. McInnes                                        601 California Street, Suite 1400
460 Nichols Road, Suite 200                    San Francisco, California 94108
Kansas City, Missouri 64112

If you choose this option and properly submit a claim form, you will be deemed to have opted into the FLSA collective action, and as a member of the Settlement Class, you will receive payment pursuant to the settlement agreement according to the formula set forth in Section V above, and you will be subject to the judgment rendered in this action, i.e., the judgment issued in connection with the settlement obtained for the class.  Only those Rule 23 Class Members who properly submit claim forms will receive payment.  Rule 23 Class members who wish to submit a claim and receive payment must review the form entitled "Settlement Claim Certification Form" attached to this Notice as Form B, and then fully complete, execute and mail this election notice in the manner and by the deadline specified on the form.

Whether they submit a claim for payment or not, all members of the Rule 23 Class who do not opt out of the settlement using the procedure discussed above shall be deemed to have forever released and discharged First Franklin and all of its past and present successors and affiliates and any of those entities' directors, officers, agents and employees from any and all Released Claims, as that term is defined above and in the Stipulation of Settlement on file with the Court.

In addition, Rule 23 Class Members may participate in this lawsuit at their own expense by obtaining their own attorneys.  Rule 23 Class Members who choose this option will be responsible for any attorney fees or costs incurred as a result of this election.

## VI.   THE PEOPLE RECEIVING THIS NOTICE

The Class Representatives have brought this action as a class and collective action. In class and/or collective actions, one or more persons bring claims on behalf of themselves and others who purportedly are in similar situations or have similar claims.  In other words, the Class Representatives seek to represent those who are similarly situated and thus may also have similar or related claims.  In order to ensure that all potential Class Members are given an adequate opportunity to protect their rights, this Notice is being mailed to the last known addresses of all Class Members.

## VII.   HEARING ON SETTLEMENT

The Court will hold a hearing on the advisability and propriety of this settlement on _____, 2009, at _____.  This hearing will take place before the Honorable Charles R. Breyer, 450 Golden Gate Ave., Courtroom 8, 19th Floor, San Francisco, California 94102.  Prior to this hearing, Rule 23 Class Members may submit any written objections to the settlement agreement by delivering them to Class Counsel, address provided above, on or before [NOTICE RESPONSE DEADLINE].  Class Counsel will present these objections to the Court.  Rule 23 Class Members may also attend this hearing to express their views in support of the settlement or, provided they have timely submitted written objections, to state any objections to the settlement. **Attendance at this hearing is completely optional; attendance at the hearing is not required to opt into or out of the lawsuit or to participate in the settlement.**

## VIII.   EXAMINATION OF PAPERS FILED IN THIS ACTION

This Notice does not fully describe the action.  Members of the public, including but not limited to those whose rights may be affected by this action, may inspect the files at the Office of the Court Clerk at the following address:  Office of the Clerk, United States District Court for the Northern District of California, 450 Golden Gate Ave., 16th Floor, San Francisco, California 94102.

*PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK OF*
*THE COURT WITH QUESTIONS REGARDING THIS ACTION.*

SENT BY FIRST FRANKLIN (WITH THE CONSENT OF THE CLASS REPRESENTATIVES, CLASS COUNSEL AND THE APPROVAL OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA).

**FORM A**

**FOR**

**NOTICE TO CLASS MEMBERS RE: PENDENCY OF A CLASS ACTION AND NOTICE OF HEARING ON PROPOSED SETTLEMENT THEREOF**

**Change of Name and/or Address Information**

Pursuant to Paragraph IV of the Notice to Class Members, I wish to change my name and/or mailing address information to the following:

<u>Name</u>:

<u>Street and Apt. No., if any</u>:

<u>City, State and Zip Code</u>:

To assist in locating my records and for identity verification purposes, I worked at the First Franklin branch office in _____, _____.

(City)                                    (State)

I understand that all future correspondence in this action, including but not necessarily limited to important notices or payments to which I am entitled (if any), will be sent to the address listed above and not to the address previously used.  I hereby request and consent to the use of the address listed above for these purposes.

Submitted By:

_____

Print Name

_____

Signature

_____

Date

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

Rust Consulting, Inc.

Re:  MacConnach/Schmidt/Adrade Matter

P.O. Box _____, Minneapolis, MN 55440-9407

**THIS FORM MUST BE RECEIVED BY [NOTICE RESPONSE DEADLINE]**

**TO CHANGE YOUR ADDRESS**

**FORM B**

**FOR**

**NOTICE TO CLASS MEMBERS RE: PENDENCY OF A CLASS ACTION AND NOTICE OF HEARING ON PROPOSED SETTLEMENT THEREOF**

**Settlement Claim Certification Form**

Pursuant to the Notice, I hereby certify that I am eligible to participate in this settlement because (a) I was employed by First Franklin as an Inside Account Executive, Closer or Funder in California between July 10, 2004, and _____, 2009; and (b) when I was so employed, I was not paid for all of the overtime that I worked during weeks in which I worked more than forty (40) hours.

I further acknowledge that I understand that by exercising this option, my recovery will be the gross amount calculated pursuant to the settlement formula and my individual number of qualifying work weeks listed in this notice, and nothing further.  I also understand that by participating in this settlement, I will be subject to the judgment, waive the protections of California Civil Code Section 1542[1] and any similar law of any jurisdiction and will be precluded from pursuing any Released Claims, as defined in the Notice and in the settlement agreement.  I further acknowledge that by exercising this option I will be deemed to have opted into the FLSA collective action in this matter.

Under penalty of perjury of the laws of the United States, I hereby declare that the foregoing is true and accurate to the best of my knowledge.

Name of Class Member (print):

Address:

City, State and Zip Code:

Date:  _____

Signature:  _____

To assist in locating my records and for identity verification purposes, I worked at the First Franklin branch office in _____, _____.
                  (City)         (State)

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

---

[1] California Civil Code Section 1542 provides that "[a] general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Rust Consulting, Inc.

Re: MacConnach/Schmidt/Andrade Matter

P.O. Box _____, Minneapolis, MN 55440-9407

**FORMS MUST BE RECEIVED NO LATER THAN [NOTICE RESPONSE DEADLINE]**

**IN ORDER TO BE VALID AND EFFECTIVE.**

# EXHIBIT 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHUCK MacCONNACH and WALTER SCHMIDT, individually, and on behalf of all others similarly situated,<br><br>                         Plaintiffs,<br><br>    v.<br><br>FIRST FRANKLIN FINANCIAL CORPORATION, and MERRILL LYNCH & CO., INC., GLOBAL MARKETS AND INVESTMENT BANKING GROUP,<br><br>                         Defendants. | **CV 04154 CRB**<br>**Judge Charles R. Breyer**<br>**Electronically Filed** |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION**
**SETTLEMENT**
**(EXHIBIT 4)**

Having considered the Stipulation Re: Settlement of Class Action ("Stipulation") and all other materials properly before the Court and having conducted an inquiry pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation was entered by all parties in good faith, the notice required by the Class Action Fairness Act of 2005 was duly and timely provided, and the Stipulation is approved. The Court will simultaneously, or the Clerk of the Court shall, enter the Judgment provided in the Stipulation. First Franklin, itself or through the Claims Administrator, shall make the payments to the Participating Claimants, Class Representatives and Class Counsel as provided for in the Stipulation.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____ _____
The Honorable Charles R. Breyer
United States District Court Judge

# EXHIBIT 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

3
4
5
6
7
8
9
10

CHUCK MacCONNACH and WALTER
SCHMIDT, individually, and on behalf of all
others similarly situated,

                    Plaintiffs,

    v.

FIRST FRANKLIN FINANCIAL
CORPORATION, and MERRILL LYNCH &
CO., INC., GLOBAL MARKETS AND
INVESTMENT BANKING GROUP,

                    Defendants.

**CV 04154 CRB**
**Judge Charles R. Breyer**
**Electronically Filed**

11
12

### [PROPOSED] JUDGMENT (EXHIBIT 5)

13
14

       This matter came on for hearing upon the joint application of the Settling Parties

15 for approval of the settlement set forth in the Stipulation of Settlement (the "Stipulation").  Due

16 and adequate notice having been given to the Class, and the Court having considered the

17 Stipulation, all papers filed and proceedings had herein and all oral and written comments

18 received regarding the proposed settlement, and having reviewed the record in this Litigation, and

19 good cause appearing,

20            IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

21        1.     The Court, for purposes of this Judgment and Order of Dismissal

22 ("Judgment"), adopts all defined terms as set forth in the Stipulation Re: Settlement of a Class

23 Action ("Stipulation") filed in this case.

24        2.     The Court has jurisdiction over the subject matter of the Litigation, the

25 Class Representatives, the other Members of the Settlement Class and First Franklin.

26        3.     The Court finds that the distribution of the Class Notices as provided for in

27 the order approving the FLSA Settlement and preliminarily approving the Rule 23 Settlement,

28

    STIPULATION RE: SETTLEMENT OF CLASS ACTION
CV-04154 CRB

1   constituted the best notice practicable under the circumstances to all Persons within the definition

2   of the Class and fully met the requirements of due process under the United States Constitution

3   and the California Constitution and other applicable state law.  Based on evidence and other

4   material submitted in conjunction with the Settlement Hearing, the actual notice to the class was

5   adequate.

6          4.      The Court finds in favor of settlement approval.

7          5.      The Court approves the settlement of the above-captioned action, as set

8   forth in the Stipulation, each of the releases and other terms, as fair, just, reasonable and adequate

9   as to the Settling Parties.  The Settling Parties are directed to perform in accordance with the

10  terms set forth in the Stipulation.

11         6.      Except as to any individual claim of those persons (identified in

12  Attachment A hereto) who have validly and timely requested exclusion from the Rule 23 Class,

13  all of the Released Claims are dismissed with prejudice as to the Class Representatives and the

14  other Members of the Rule 23 Class.  The Settling Parties are to bear their own attorneys' fees

15  and costs, except as otherwise provided in the Stipulation.

16         7.      All of the Released Claims are dismissed with prejudice as to the Members

17  of the FLSA Class (identified in Attachment B hereto).  The Settling Parties are to bear their own

18  attorneys' fees and costs, except as otherwise provided in the Stipulation.

19         8.      Solely for purposes of effectuating this settlement, this Court has certified a

20  class of all Members of the Settlement Class, as that term is defined in and by the terms of the

21  Stipulation.

22         9.      With respect to the FLSA Class and for purposes of approving this

23  settlement only, the Court finds and concludes that the FLSA Class meets the requirements for

24  collective action certification under Section 216(b) of the Fair Labor Standards Act because the

25  Class Representatives and the Members of the FLSA Class are similarly situated;

26         10.     With respect to the Rule 23 Class and for purposes of approving this

27  settlement only, this Court finds and concludes that:  (a) the Members of the Rule 23 Class are

28  ascertainable and so numerous that joinder of all members is impracticable; (b) there are

- 2 -

7426735.3

STIPULATION RE: SETTLEMENT OF CLASS ACTION
CV-04154 CRB

1    questions of law or fact common to the Rule 23 Class, and there is a well-defined community of

2    interest among Members of the Rule 23 Class with respect to the subject matter of the Litigation;

3    (c) the claims of Class Representative Andrade are typical of the claims of the Members of the

4    Rule 23 Class; (d) Class Representative Andrade has fairly and adequately protected the interests

5    of the Members of the Rule 23 Class; (e) a class action is superior to other available methods for

6    an efficient adjudication of this controversy; and (f) the counsel of record for Class

7    Representative Andrade, i.e., Class Counsel, are qualified to serve as counsel for the plaintiffs in

8    their individual and representative capacities and for the Rule 23 Class.

9            11.    By this Judgment, the Class Representatives shall release, relinquish and

10   discharge, and each of the Settlement Class Members shall be deemed to have, and by operation

11   of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all

12   Released Claims (including Unknown Claims) for any type of relief against First Franklin or its

13   current or former parents, predecessors or successors or any of those entities' affiliates,

14   employees or agents (herein the "First Franklin Releasees"), including without limitation claims

15   for wages, damages, deductions, unpaid costs, penalties, liquidated damages, punitive damages,

16   interest, attorney fees, litigation costs, restitution, or equitable relief, that accrued at any time on

17   or before the preliminary approval date, arising under federal and/or state wage and hour laws

18   that relate to overtime and other requirements imposed on employers for non-exempt employees,

19   including, without limitation, the Fair Labor Standards Act, the California Labor Code and the

20   California Business and Professions Code, and any and all associated claims for penalties,

21   liquidated and/or punitive damages and any and all associated claims for interest, costs, attorney

22   fees, equitable relief or other types of available recovery.   The Released Claims include, without

23   limitation, claims meeting the above definition at common law or at equity and claims arising

24   under any and all statutes of any jurisdiction applicable to that particular Class Member,

25   including, without limitation, the federal Fair Labor Standards Act, the Portal to Portal Act and

26   the statutes of any state and/or the District of Columbia.  Notwithstanding the foregoing, Released

27   Claims does not include any claims arising under the FLSA as to Rule 23 Class Members who do

28   not submit Qualifying Settlement Claim Certification Forms, to the extent that opting in is

- 3 -

7426735.3

STIPULATION RE: SETTLEMENT OF CLASS ACTION
CV-04154 CRB

required to waive FLSA claims.  Nonetheless, Rule 23 Class Members who neither submit a

timely Qualifying Settlement Claim Certification Form nor a timely Opt Out will forfeit, release,

and waive all rights to bring or participate in a collective or class action under the Fair Labor

Standards Act against the Merrill Lynch Releasees for any such FLSA claim accruing before the

Preliminary Approval Date.  This matter is hereby dismissed with prejudice.

12.     Neither the Stipulation nor the settlement contained therein, nor any act

performed or document executed pursuant to or in furtherance of the Stipulation or the settlement:

(i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of

any Released Claim, or of any wrongdoing or liability of First Franklin or any of the First

Franklin Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or

evidence of, any fault or omission of First Franklin or any of the First Franklin Releasees in any

civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

First Franklin or any of the First Franklin Releasees may file the Stipulation and/or the Judgment

from this Litigation in any other action that may be brought against them in order to support a

defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith

settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or

similar defense or counterclaim.

13.     The only Settlement Class Members entitled to payment pursuant to this

Judgment are Participating Claimants.  Neither the Stipulation nor this Judgment will result in the

creation of any unpaid residue or residual.

14.     First Franklin has agreed to pay Class Counsel their reasonable attorneys'

fees in this matter as well as certain allowable costs in this matter, and First Franklin has agreed

to pay an enhancement to two of the Class Representatives to reimburse them for their unique

services.  The Court finds that these agreements are fair and reasonable.  First Franklin is directed

to make such payments in accordance with the terms of the Stipulation.

15.     The Court reserves exclusive and continuing jurisdiction over the

Litigation, the Class Representatives, the Settlement Class and First Franklin for the purposes of

supervising the implementation, enforcement, construction, administration and interpretation of

STIPULATION RE: SETTLEMENT OF CLASS ACTION
CV-04154 CRB

1  the Stipulation and this Judgment.

2          16.     This document shall constitute a judgment for purposes of Rule 58 of the

3  Federal Rules of Civil Procedure.

4  IT IS SO ORDERED.

5

6  DATED: _____          _____

7                                              The Honorable Charles R. Breyer
                                               United States District Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -

7426735.3