Eric H. Gibbs (State Bar No. 178658)
ehg@girardgibbs.com
Dylan Hughes (State Bar No. 209113)
dsh@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Phone: (415) 981-4800
Facsimile: (415) 981-4846

George A. Hanson (*pro hac vice*)
hanson@stuevesiegel.com
Richard M. Paul III (*pro hac vice*)
paul@stuevesiegel.com
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:  (816) 714-7100
Facsimile:  (816) 714-7101

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUCK MacCONNACH et al., individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST FRANKLIN FINANCIAL CORP., et al.,<br><br>Defendants. | Case No. 3:08-cv-04154<br><br>**DECLARATION OF ERIC H. GIBBS IN SUPPORT OF (1) JOINT  MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND (2) PLAINTIFFS' MOTION FOR ATTORNEY FEES AND EXPENSES**<br><br>Date:   February 19, 2010<br>Time:   10:00 a.m.<br>Judge: Honorable Charles R. Breyer |

1    I, Eric H. Gibbs, hereby declare as follows:

2        1.    I am a member in good standing of the State Bar of California and a partner in the AV-

3    rated law firm Girard Gibbs LLP, one of the law firms representing the Plaintiffs in this class action

4    lawsuit against Defendants First Franklin Financial Corporation (First Franklin) and Merrill Lynch &

5    Co., Inc. (Merrill Lynch).

6        2.    I submit this declaration in support of the Joint Motion For Final Approval Of Class

7    Action Settlement and Plaintiffs' Motion For Attorney Fees And Expenses. I have personal knowledge

8    of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

9        3.    Girard Gibbs has achieved a number of significant results for clients in a broad range of

10   cases. I have successfully prosecuted over 50 class action matters, including a number of employment

11   misclassification and wage and hour suits under both state and federal law. Attached as **Exhibit 1** is the

12   Girard Gibbs firm resume.

13       4.    Plaintiffs, through their counsel, spent time and resources in the discovery phase of this

14   case. For example, the parties exchanged interrogatories and document requests, Plaintiffs deposed First

15   Franklin's corporate representative, and Plaintiffs reviewed more than 2,400 pages of documents and

16   extensive electronic payroll records.

17       5.    On March 3, 2009, the parties formally mediated the case with nationally-renowned

18   mediator David Rotman of Gregorio, Haldeman, Piazza, Rotman, Frank & Feder in San Francisco,

19   California. Mr. Rotman has significant experience mediating complex employment matters, including

20   wage and hour class and collective actions. During mediation, the parties were guided in large part by

21   their respective analyses of the payroll data. Similarly, the negotiations were influenced by the

22   realization that the window for any recovery for the Plaintiffs and classes was likely closing.

23   Negotiations were robust as both sides zealously advocated their interests, before ultimately agreeing to

24   the terms of the settlement. Plaintiffs' counsel obtained favorable terms, securing a total maximum

25   settlement amount of $525,000. Plaintiffs respectfully contend that the settlement is fair, reasonable,

26   and adequate.

27

28

ERIC H. GIBBS DEC. ISO JOINT MOTION FOR FINAL APPROVAL AND FOR ATTYS FEES AND EXPENSES
CASE NO. 3:08-CV-04154

6.     Following two rounds of Court-authorized notice by direct mail, the response to the settlements has been positive.  Overall, well over half of the Rule 23 and FLSA class members submitted claim forms and will receive payment.  Of the 154 Rule 23 Class members, 94 people (about 60%) submitted a qualifying settlement claim form.  Class counsel received no objections and no requests for exclusion.

7.     To date, Plaintiffs' counsel have not been paid for their work in this case.  Since filing suit in September 2008, counsel has invested over 650 hours of attorney and paralegal time, payment for which has been wholly contingent on a favorable result for the Plaintiffs and classes.  Having obtained a favorable settlement for the Plaintiffs and classes, counsel now respectfully request attorney fees and costs.  Pursuant to the Settlement Agreement, Plaintiffs' counsel request fees amounting to 25% of the settlement fund, or $131,250, plus $20,000 in expenses incurred.  This award is substantially lower than the lodestar amount would provide.  The requested fee reimbursement of $20,000 reflects an agreed-to cap; actual expenses exceeded that amount.  In addition, Plaintiffs request an incentive award for each Plaintiff in the amount of $5,000 as consideration for their service to the Class and efforts assisting counsel in achieving this settlement.

8.     The following table lists the Girard Gibbs' personnel whose work on the case is included in the lodestar figure ($41,575.00) for Girard Gibbs, as well as current hourly rates:

| **Name** | **Total Hours** | **Hourly Rate** | **Total Lodestar** |
|---|---|---|---|
| **PARTNERS**: | | | |
| Eric H. Gibbs | 32.80 | $675.00 | $22,140.00 |
| **ATTORNEYS**: | | | |
| Dylan Hughes | 20.50 | $480.00 | $9,840.00 |
| David Stein | 25.25 | 380.00 | $9,595.00 |
| **TOTAL LODESTAR** | | | |
| | 80.35 | | $41,575.00 |

9.     The following table lists a break-down of the $1,991.15 in out-of-pocket expenses incurred by Girard Gibbs.

2

| Expense Item | Expense Amount |
|---|---|
| Copies - Internal | $249.90 |
| Lodging/Meals | $485.91 |
| Long Distance | $2.56 |
| Meals - in town | $622.98 |
| Messenger | $175.00 |
| Other | $257.64 |
| Overnight Courier | $92.17 |
| Research | $94.99 |
| Travel (transportation) | $10.00 |
| **Total** | **$1,991.15** |

10.    Attached as **Exhibit 2** is a true and correct copy of the opinion approving a Girard Gibbs fee application in the case *Roy v. Hyundai Motor Am. Inc.*, No. SACV 05-483 [Doc. #87] (C.D. Cal. Apr. 10, 2006).

11.    Attached as **Exhibit 3** is a true and correct copy of the opinion approving a Girard Gibbs fee application in the case *Bacca v. BMW of N. Am., LLC*, No. CV 06-06753 [Doc. #62] (C.D. Cal. Aug. 10, 2009).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on this 5th day of February, 2010, at San Francisco, California.


_____/s/ Eric H. Gibbs_____

# EXHIBIT 1

# GIRARD GIBBS LLP
*Attorneys at Law*

601 California Street, 14th Floor
San Francisco, CA 94108-2819
Tel: 415.981.4800 | Fax: 415.981.4846
www.girardgibbs.com

711 Third Avenue, 20th Floor
New York, NY 10017-4036
Tel: 212.867.1721
Fax: 212.867.1767

## FIRM RESUME

Girard Gibbs LLP specializes in complex litigation with a particular emphasis on class and mass actions.  Founded in 1995, the firm represents plaintiffs throughout the United States in matters involving product liability, consumer protection, pharmaceutical injury, employee rights, securities fraud, and antitrust actions.  In addition, the firm has advised and represented some of the largest institutional investors in the United States in securities and derivative litigation. Girard Gibbs is currently prosecuting securities actions on behalf of Allianz of America, Inc., Fireman's Fund Insurance Company, Jefferson Life Insurance Company, Preferred Life Insurance Company, AGF Asset Management, Cornhill Life Insurance Company and Merchant Investors Insurance Company Ltd.   The firm has represented the Kansas Public Employees Retirement System (KPERS) in several securities actions and currently serves as outside counsel to KPERS with respect to all securities litigation. Girard Gibbs has also served as outside counsel to the California Public Employees Retirement System (CalPERS), the California State Teachers' Retirement System (CalSTRS), the State of Wisconsin Investment Board, the Louisiana Teachers' Retirement System, the Louisiana State Employees Retirement System, and the Los Angeles County Employees Retirement Association.

The firm's partners are experienced in all aspects of class and mass action practice as well as complex securities and business litigation.  Girard Gibbs seeks to apply its expertise as plaintiffs' attorneys to manage and resolve civil litigation effectively and efficiently on behalf of all the firm's clients.  The firm also provides consulting and preventive counseling services to corporate clients and professionals on a variety of legal issues.

## PARTNERS

**Daniel C. Girard** serves as the firm's managing partner and coordinates the prosecution of various securities, antitrust and consumer legal matters handled by the firm.

He has successfully prosecuted over 75 class action matters and served in leadership positions in a number of precedent-setting cases. Some of the cases in which Mr. Girard served as lead counsel include In re American Express Financial Advisors Securities Litigation, ($100 million settlement), In re Prison Realty Securities Litigation, ($104 million settlement), In re i2 Technologies Securities Litigation, ($88 million settlement), and In re MCI Non-Subscriber Rates Litigation, ($90 million).  He served as a member of the Executive Committee in the Natural Gas Antitrust Cases I, II, III and IV, antitrust litigation against numerous natural gas companies for manipulating the market for natural gas in California.   The Natural Gas litigation resulted in total settlements of nearly $160 million.   Mr. Girard also represented the California State Teachers Retirement System in litigation in a non-class securities action against Qwest Communications, Inc. and outside auditor Arthur Andersen, resulting in a recovery of $45 million for CalSTRS.

1

Mr. Girard currently serves as lead counsel in the <u>In re Royal Bank of Scotland Group plc Securities Litigation</u>, representing investors who held the company's Non-cumulative Dollar Preference Shares (preferred share group). He also serves as lead counsel in the <u>In re SLM Corporation Securities Litigation</u>, representing purchasers of SLM Corp. stock (commonly known as Sallie Mae). He is a member of the executive committee charged with managing <u>In re Lehman Brothers Holdings Securities and ERISA Litigation</u>, multidistrict proceedings arising out of the collapse of Lehman Brothers Holdings, Inc., the largest bankruptcy in United States history. Mr. Girard serves as lead counsel in actions brought against UBS, Bank of America, Merrill Lynch, Wachovia and others on behalf of purchasers of auction rate securities. He represents Nashville country music publisher Cal IV Entertainment LLC in copyright litigation against YouTube and Google, Inc. He also represents Allianz of America, Inc., Fireman's Fund and other private institutional investors in litigation arising out of their investments in Winstar Communications, Inc., and serves as lead counsel in the <u>H&R Block Express IRA Litigation</u>. Mr. Girard also advises institutional investors in the United States and Europe on securities litigation matters.

Mr. Girard is a member of United States Judicial Conference Advisory Committee on Civil Rules, and participated in the development of the electronic discovery amendments to the Federal Rules of Civil Procedure. He is a member of the American Law Institute. He serves on the Advisory Board of the Institute for the Advancement of the American Legal System, a national, non-partisan organization dedicated to improving the process and culture of the civil justice system.

Mr. Girard is a member of the Business Law Section and currently serves as Section's representative on the Task Force on Federal Preemption. He is past Chair of the American Bar Association Business Law Section Subcommittee on Class Actions, Co-Chair of the Business and Corporate Litigation Committee's Task Force on Litigation Reform and Rule Revision, and Vice-Chair of the Business and Corporate Litigation Committee. He has served as a guest lecturer on class actions and complex litigation at the UC Davis Law School, UC Berkeley (Boalt Hall), UC Hastings College of the Law, and Stanford Law School.

Mr. Girard was honored as a *Northern California Super Lawyer* in 2007, 2008 and 2009 by Law & Politics Magazine, where he was recognized in the top 5-percent of attorneys practicing in Northern California; he earned an AV-Preeminent rating from Martindale Hubbell for professional ethics and legal skills. He served as a member of the Board of Trustees of St. Matthew's Episcopal Day School in San Mateo, California from 2003-2008, including three years as board chair from 2005-2008. He has been a volunteer conservation easement monitor for the Peninsula Open Space Trust since 1991.

He is a 1984 graduate of the School of Law, University of California at Davis, where he served as an editor of the Law Review. He received his undergraduate degree from Cornell University in 1979. Mr. Girard is a member of the California Bar.

2

**Eric H. Gibbs** specializes in the prosecution of consumer and employment class actions. Mr. Gibbs has served as court-appointed lead counsel, class counsel and liaison counsel in numerous class actions throughout the United States.

He has successfully prosecuted over 50 class action matters, including cases involving defective products, telecommunications, credit cards, unfair competition, false advertising, truth-in-lending, product liability, credit repair, employment misclassification, the WARN Act, and wage and hour under both state and federal law. Some of the cases in which Mr. Gibbs served as court appointed class counsel and achieved favorable results for class members include In Re General Motors Dex-Cool Cases (negotiated cash reimbursements from $50 to $800 per class member vehicle repair), Piercy v. NetZero (achieved nationwide class settlement providing cash reimbursements, and changes in billing and account practices), Bacca v. BMW of North America (negotiated reimbursement for sub-frame repair expenses and Nationwide Sub-frame Inspection and Repair Program), In Re Ipod Cases (achieved settlement in California state-court class action alleging material misrepresentations respect to the battery life providing for warranty extensions, battery replacements, cash payments, and store credits to those class members who experienced a battery failure), Roy v. Hyundai Motor America (negotiated nationwide class settlement providing for the repair of allegedly defective passenger-side airbags, reimbursement for transportation related expenses, and an alternative dispute resolution program allowing for trade-ins and buy-backs), Paul v. HCI Direct (achieved nationwide class certification and settlement on behalf of consumers charged for merchandise they allegedly did not knowingly order), Kim v. BMW of North America (negotiated nationwide class settlement providing for notification program and free vehicle repair related to passenger-side airbags).

Mr. Gibbs currently serves as Court-appointed lead counsel in Parkinson v. Hyundai Motor America, 258 F.R.D. 580 (C.D. Cal. 2008), a certified class action lawsuit against Hyundai for engaging in unfair and deceptive practices by selling vehicles with defective flywheel systems. He also serves as Court-appointed class counsel on behalf of a certified class of vehicle owners in In Re Mercedes-Benz Tele Aid Contract Litigation, 254 F.R.D. 610 (D.N.J. 2008), multi-district litigation alleging that Mercedes-Benz failed to disclose to its customers that the "Tele Aid" equipment installed in their vehicles would soon be obsolete and require a $1,000 replacement to keep working. Mr. Gibbs currently serves as lead counsel in Smith vs. The Regents of the University of California, where he represents a certified class of current and former patients of the UCSF medical center for unlawful disclosure of confidential medical information. He represents a certified class of former employees in Refuerzo v. Spansion LLC, a class action against Spansion for violations of the WARN Act for failure to provide 60 days notice before terminating over 600 employees from its California headquarters. Mr. Gibbs serves as co-lead counsel in De La Cruz v. Masco Retail Cabinet Group, a class action brought on behalf of current and former account representatives of Masco, alleging employment misclassification in violation of the FLSA. Mr. Gibbs was recently appointed to serve as interim class counsel on the Plaintiffs' Executive Committee in In re Chase Bank USA, N.A. "Check Loan" Contract Litigation, multi-district litigation alleging that Chase Bank wronged consumers by offering them long-term fixed-rate loans, and then attempting to deny them the benefit of their bargain by more-than-doubling their loan payments.

3

Other consumer class actions in which Mr. Gibbs acted in a leadership role include Mitchell v. American Fair Credit Association and Mitchell v. Bankfirst, N.A., which generated one of the largest settlements in the United States under the credit services laws (over $40 million); Providian Credit Card Cases, which resulted in one of the largest class action recoveries in the United States arising out of consumer credit card litigation ($105 million); In re LookSmart Litigation, a nationwide class action settlement providing cash and benefits valued at approximately $20 million; and Fantauzzo v. Razor, where plaintiffs alleged that defendant marketed and sold electric scooters with defective stopping mechanisms, the court approved a nationwide class action settlement providing for, among other things, a recall of the potentially defective electric scooters.

Mr. Gibbs has lectured on consumer class actions, including as a featured speaker addressing "Dealing With Objectors" at the Consumer Attorneys of California 3rd Annual Class Action Seminar; "What is a Class Action?" at the CAOC Annual Ski Seminar; "After the Class Action Fairness Act" at CAOC's 1st Annual Class Action Seminar; "Class Certification In Consumer Cases" for the Litigation Section of the Barristers Club of the San Francisco Bar Association; and "Successfully Obtaining Attorneys' Fees Under Fee-Shifting Statutes" for the Consumer Rights Section of the Barristers Club of the San Francisco Bar Association. Mr. Gibbs is the co-author of "Consumer Class Actions in the Wake of Daugherty v. American Honda Motor Company," CAOC's Forum Magazine, January/February 2009.

Mr. Gibbs earned an AV-Preeminent rating from Martindale Hubbell, recognizing him in the highest class for professional ethics and legal skills. Mr. Gibbs is the editor of the Quarterly Newsletter for the Class Action Working Group of the American Association for Justice, and a member of the Board of Governors of the Consumer Attorneys of California. He is a member of Public Justice, serving on the Case Development/Special Projects Committee and the Class Action Preservation Project Committee. He is also a member of the American Bar Association, the National Association of Consumer Advocates, the National Employment Lawyers Association, the Alameda County Bar Association, and the San Francisco Trial Lawyers Association.

Mr. Gibbs is a 1995 graduate of the Seattle University School of Law. He received his undergraduate degree from San Francisco State University in 1991. Before joining Girard Gibbs, he worked for two years as a law clerk for the Consumer Protection Division of the Washington Attorney General's Office. He is a member of the California Bar.

**A. J. De Bartolomeo** has eighteen years experience in complex litigation, including the prosecution and defense of class actions arising under the securities, communications, consumer protection and copyright laws, and experience in the collection of class action recoveries and claims administration in bankruptcy proceedings. Ms. De Bartolomeo has served as court-appointed lead counsel and class counsel in several class actions throughout the United States.

Ms. De Bartolomeo served as Lead Counsel in Telstar v. MCI, Inc. (S.D.N.Y) (achieved settlement for over $2.8 million in cash on behalf of class of commercial subscribers alleging FCA violations), Lehman v. Blue Shield (Cal. Super. Ct. San Francisco County) (parties negotiated a settlement for over $6.5 million in cash on behalf of class of subscribers overpaying insurance premiums), Powers Law Offices v. Cable & Wireless, USA (D. Mass.)

4

(Bankr. D. Del.) (achieved settlement for over $2.2 million in cash after Chapter 7 filing on behalf of Rule 23(b)(3) certified class of commercial customers alleging FCA violations), and In re Cosmo Store Services, (Bankr. C.D. Cal.) (achieved settlement for $1 million in cash after Chapter 11 filing on behalf of class of unsecured creditor employees). Ms. De Bartolomeo has also held a Leadership position in In re American Express Advisors Securities Litigation (S.D.N.Y), CALSTRS v. Quest Communications, et al. (Cal. Super. Ct. San Francisco County), Cromwell v. Sprint Communications (D. Kan), and Brennan v. AT&T Corp. (S.D. Ill.). Ms. De Bartolomeo served as second chair in In re MCI Non-Subscriber Rates Litigation (MDL, S.D. Ill.) ($100 million settlement). From 2005 to 2008, A. J. De Bartolomeo served on the Discovery and Law Committees in the In Re Medtronic, Inc. Implantable Defibrillators Product Liability Litigation, MDL No. 05-1726 (JMR/AJB) (D.Minn.).

Ms. De Bartolomeo currently serves on the Plaintiffs' Steering Committee of the In Re: Yasmin and YAZ (Drospirenone) Marketing, Sales Practices and Products Liability Litigation, she is Co-Lead counsel in In re Electronic Database Copyright Litigation, (MDL, S.D.N.Y) (now pending before the United States Supreme Court), and In re Girls Gone Wild Litigation (Los Angeles Super. Ct.) (settlement pending).

She is a member of the American Bar Association Sections on Litigation, Business Law and Communications, the American Bankruptcy Institute, Consumer Attorneys of California and the American Association for Justice. She also is also a former member of the National Association of Public Pension Attorneys, where she was an active participant in the Task Force on Securities Litigation and Damage Calculation, as well as a member of the Council of Institutional Investors.

Ms. De Bartolomeo is a 1988 graduate of the University of California, Hastings College of the Law. She received her undergraduate degree from Fairfield University in 1982, and a General Course degree in Economics from the University of London, London School of Economics and Political Science (1981). Ms. De Bartolomeo has been invited to speak on consumer and securities class actions, as well as the settlement approval process before defense law firms, institutional investors and government committees; most recently, for the Fact-finding Mission to Class Actions in the United States, sponsored by the Japan Federation of Bar Associations and Kyoto Bar Association. Before joining Girard Gibbs, Ms. De Bartolomeo was an associate with Robins Kaplan Miller & Ciresi and a Staff Attorney with the Securities and Exchange Commission (Enforcement Division). She is admitted to the California Bar. She also is admitted to practice before the United States Supreme Court, the United States Courts of Appeals for the First and Ninth Circuits, and the United States District Courts for the District of Michigan, the Southern District of Texas, and the Northern, Eastern, Central and Southern Districts of California.

**Jonathan K. Levine** has more than 20 years of experience prosecuting complex securities fraud, accounting fraud and class action litigation. He has served and is serving in a leadership capacity in numerous complex class actions in federal courts throughout the United States and in state courts in California. Mr. Levine has prosecuted over 20 securities fraud actions successfully, including cases of complex accounting fraud. Some of the cases in which Mr. Levine served in a leadership role include In re American Express Financial Advisors Securities Litigation ($100 million settlement), Rosen v. Macromedia, Inc. ($48 million settlement), In re Gupta Corporation Securities Litigation ($15 million settlement), Provenz v. Miller ($15 million settlement), and Providian Credit Card Cases, where as co-lead counsel he obtained a class action settlement of $105 million, one of the largest class action recoveries in the United States arising out of consumer credit card litigation.

Mr. Levine currently leads the firm's pre-trial preparation in securities litigation on behalf of Allianz of America, Inc., Fireman's Fund and other large private institutional investors against Grant Thornton LLP arising out of their investments in Winstar Communications, Inc. He also leads the pretrial preparation in the In re SLM Securities Litigation. He represents purchasers of auction rate securities in actions against a number of investment banks and broker-dealers, and structured note holders in the In re Lehman Brothers Equity/Debt Securities Litigation. Mr. Levine serves as co-lead counsel in In re Nvidia Corp. Securities Litigation, and in an action against Wyndham Resort Development Corp. on behalf of members of WorldMark, a time-share club. He also has had a leadership role in two significant date security breach cases, In re Countrywide Financial Corp. Customer Data Security Breach Litigation and Beringer v. Certegy Check Services, Inc.

Mr. Levine is the author of "E-Mail and Voice Mail Discovery Issues," Glasser LegalWorks (1998), "Discovery Techniques in Commercial Litigation and Recent Developments In the Rules of Discovery," American Trial Lawyers Association (1991), and the co-author of "The Business Judgment Rule and Derivative Actions," Practicing Law Institute (1989). He has lectured on securities litigation under the Private Securities Litigation Reform Act of 1995, consumer fraud and predatory lending litigation, and computer discovery and electronic data retention risk control. Mr. Levine is a member of the Committee on Federal Courts of the State Bar of California. He is the past chair of the American Bar Association Litigation Section Subcommittee on Officers and Directors Liability. He also currently serves on the Piedmont Planning Commission.

For nine years prior to joining Girard Gibbs, Mr. Levine was a partner of a New York law firm, where he specialized in securities fraud, accounting fraud and consumer class action litigation. Mr. Levine is a 1988 graduate of Fordham University School of Law. He received his undergraduate degree from Columbia University in 1985. Mr. Levine is a member of the California, New York and Connecticut Bars, and is admitted to practice in federal courts throughout the United States.

**Elizabeth C. Pritzker** is a seasoned litigation and trial attorney with broad experience in complex litigation matters, including the prosecution of consumer, product liability, and securities class actions.

Ms. Pritzker's consumer and product liability experience extends to new and emerging technologies. She served as lead counsel in In Re General Motors Cases, JCCP No. 4396, a certified state court class action against General Motors alleging violations of California's "Secret Warranty" law, which has been granted preliminary approval by the Court, as co-lead counsel in a multi-district class action alleging that SONY BMG Music Entertainment had violated the Computer Fraud and Abuse Act by placing digital rights management software on music CDs distributed to the public (In re SONY BMG Technologies Litigation, S.D.N.Y. Case No. 1:05-cv-09575 (NRB)), and as co-lead counsel in a California state-court class action against Apple, Inc., alleging that Apple had made material misrepresentations and omissions with respect to the battery life of its early-generation iPod music players (In Re iPod Cases, J.C.C.P. No. 4335).

Ms. Pritzker currently serves as Liaison Counsel for the Direct Purchaser Plaintiffs in In Re TFT-LCD (Flat Panel) Antitrust Litigation, MDL No. 1897, N.D.Cal. Master File No. C-07-1827-SI (multi-district class action alleging price-fixing by foreign and domestic manufacturers of Thin Film Transistor Liquid Crystal Display (TFT-LCD) products). She also took an ongoing and active role in several complex litigation matters, including: In Re Natural Gas Antitrust Cases I, II, III and IV, J.C.C.P. No. 4221 (coordinated antitrust class action litigation against numerous natural gas companies for manipulating the market for natural gas in California which achieved settlements of $160 million); and Nordberg v. Trilegiant Corporation et al., N.D. Cal. Case No. C-05-3246 (MHP) (federal class action alleging that Trilegiant's practice of placing consumers into the company's membership service programs, and billing them for "membership fees," without consumers' valid authorization violates federal and state consumer laws).

Ms. Pritzker is a 1989 graduate of the University of San Francisco School of Law. She received her undergraduate degree in Economics from McGill University in 1983. Ms. Pritzker is admitted to the California Bar.

**Aaron M. Sheanin** has extensive experience in complex litigation matters, including the prosecution of securities fraud and corporate governance cases on behalf of individual and institutional investors, as well as antitrust and complex consumer actions. He also advises several state pension funds and private institutional investors with respect to securities matters. Mr. Sheanin is one of the lead attorneys prosecuting several class actions against UBS, Merrill Lynch, Bank of America, Wachovia, Deutsche Bank and other brokers, arising out of the manipulation of the $330 billion market for auction rate securities. He serves as co-lead counsel in In re Nvidia Corp. Securities Litigation. He recently served as lead counsel in Brennan v. AT&T Corp., a nationwide class action challenging AT&T's practice of assessing long distance telephone service charges to non-customers, as lead counsel in Rasnake v. NetZero, Inc., a nationwide class action challenging NetZero's practice of billing customers after cancellation of their internet service, and as co-chair of the Discovery Committee in Natural Gas Antitrust Cases I, II, III and IV, antitrust litigation against numerous natural gas companies for manipulating the California natural gas market, which achieved settlements in excess of $160 million.

Mr. Sheanin is a 1999 graduate of Columbia University School of Law, where he was a James Kent Scholar and a Harlan Fiske Stone Scholar. He received his undergraduate degree from the University of California at Berkeley in 1993, where he was elected to Phi Beta Kappa. Mr. Sheanin is a member of the American Bar Association and the San Francisco Bar Association. He has presented before the American Bar Association's Task Force on Contingent Fees (Tort Trial and Insurance Practice Section), and is a contributing author to "California Class Actions Practice and Procedure" (Matthew Bender, 1st Ed. 2003). From 1999 to 2001, Mr. Sheanin was a Pro Se law clerk for the United States Court of Appeals for the Second Circuit. Prior to joining Girard Gibbs, Mr. Sheanin was an associate with Lieff, Cabraser, Heimann & Bernstein LLP, where he had extensive experience prosecuting class action cases involving consumer protection, product defect and employment discrimination. In the summer of 1997, he was a judicial extern to the Honorable Barrington D. Parker, Jr. of the United States District Court, Southern District of New York. He is admitted to the California, New York and New Jersey Bars.

**Amanda M. Steiner** is a 1997 graduate of the University of California at Berkeley, Boalt Hall School of Law, where she served as an Associate Editor for the *Berkeley Journal of Employment and Labor Law* (1995-96) and Articles Editor for the *Berkeley Women's Law Journal* (1994-97). She received her undergraduate degree, *cum laude,* from Carleton College in 1991. Prior to joining Girard Gibbs, Ms. Steiner practiced at Wendel, Rosen, Black & Dean, LLP in Oakland, CA, where she handled a variety of complex litigation matters, including real estate development, construction issues, commercial and real estate contracts, mortgages and trust deeds, and lender-related disputes.

Prior to joining Wendel Rosen, Ms. Steiner was associated with law firms in San Francisco and Seattle, where she represented plaintiffs in all phases of class action litigation, with a particular focus on consumer protection, defective product and employment matters. Prior to obtaining her law degree, Ms. Steiner served as an extern for U.S. District Court Judge Marilyn Hall Patel, and also worked as a law clerk for the Criminal Division of the U.S. Attorney's Office, the Alameda County District Attorney, and the Hopi Appellate Court Clinic and Tribal Law Project. She is admitted to the California and Washington Bars. She is also admitted to practice before the United States Court of Appeals for the Ninth Circuit as well as the United States District Court for the Northern District of California and the Western and Eastern District of Washington.

**Dylan Hughes** specializes in the prosecution of consumer and employment class actions. He represents consumers in cases involving defective products, telecommunications, credit cards, product liability, credit repair, employment misclassification and wage and hour under state and federal laws. Mr. Hughes has extensive experience prosecuting complex automobile-defect cases and helped achieve recoveries on behalf of class members in the *In Re General Motors Dex-Cool Cases* (settlement of $50 to $800 cash reimbursements per class member vehicle repair) and *In Re General Motors Cases*, JCCP No. 4396, a certified California state court class action against General Motors alleging violations of California's "Secret Warranty" law, California Civil Code § 1794.90 et seq. Mr. Hughes is currently involved in the *Parkinson v. Hyundai Motor America* lawsuit, a class action against Hyundai for engaging in unfair and deceptive practices by selling vehicles with defective flywheel systems, which was recently granted class certification.

Mr. Hughes is a 2000 graduate of the University of California, Hastings College of Law. He received his undergraduate degree from the University of California at Berkeley in 1995. Mr. Hughes was a spring 2000 extern for the Honorable Charles A. Legge of the United States District Court, Northern District of California. Before joining Girard Gibbs, he was a law clerk for the Honorable Paul A. Mapes, Administrative Law Judge of the Office of Administrative Law Judges, United States Department of Labor. Mr. Hughes is a member of the American Bar Association, Consumer Attorneys of California, the Class Action Litigation Group of the American Association for Justice and the Consumer Rights Section of the Barristers Club. He is admitted to the California Bar. He also is admitted to practice before the United States Court of Appeals for the Ninth Circuit as well as the United States District Courts for the Northern and Central Districts of California.

## OF COUNSEL

**Anthony K. Lee** has over fifteen years of experience prosecuting and resolving class and complex actions in federal and state courts around the country. His cases have included securities actions brought on behalf of investor classes and institutional investors, derivative shareholder and corporate governance suits, and a wide range of consumer class actions concerning automobiles and other consumer products, telecommunications billing practices, credit card charges, and other matters. Mr. Lee is a 1991 graduate of Harvard Law School and received his undergraduate degree, with distinction, from Stanford University in 1988. He is admitted to the California Bar. He is also admitted to practice before the United States Court of Appeals for the Ninth Circuit, as well as the United States District Courts for the Northern, Central, Eastern, and Southern Districts of California.

## ASSOCIATES

**Christina Connolly Sharp** is a 2006 graduate, *cum laude*, of the University of California, Hastings College of Law, where she was a member of the Thurston Society and was the recipient of the Best Oral Advocate Award. She was also the recipient of the Witkin award in her Legal Writing and Criminal Law courses. She received her undergraduate degree in history, *magna cum laude*, from Brown University in 1997. Ms. Sharp was a summer 2005 extern for the Honorable Phyllis J. Hamilton of the United States District Court, Northern District of California. Ms. Sharp also served as a spring 2005 extern for the Honorable John E. Munter, San Francisco Superior Court. She was selected as a 2009 *Rising Star* by Law & Politics Magazine, recognizing her as one of the best young attorneys practicing in Northern California. She is a member of the American Bar Association, the Bar Association of San Francisco and the San Francisco Trial Lawyers Association. Ms. Sharp is admitted to the California Bar. She is also admitted to practice before the United States District Courts for the Northern, Central, Eastern and Southern Districts of California.

**Todd Espinosa** is a 2000 graduate of Harvard Law School, where he participated in the Harvard Legal Aid Bureau and Tenant Advocacy Project. He received his undergraduate degree from Harvard College in 1997 and a Master of City Planning degree from University of California at Berkeley in 2006. Before joining Girard Gibbs, Mr. Espinosa was a law clerk for the Honorable Claudia Wilken, United States District Court for the Northern District of California. He also worked as a legal research attorney for the Superior Court of California, County of Santa Clara. Mr. Espinosa is admitted to the California Bar. He is also admitted to practice before the United States District Court for the Central District of California.

**Matthew B. George** is a 2005 graduate of the University of Michigan Law School. He received his undergraduate degree in political science and criminal justice, *magna cum laude*, from Chapman University in 2002, where he was a Presidential Scholar. Before joining Girard Gibbs, Mr. George was an associate with Rains Lucia Stern, P.C., where he successfully litigated a number of complex labor and employment actions on behalf of employees in both federal and California state courts. Mr. George is admitted to the California Bar, as well as the United States District Court for the Northern, Central, and Eastern Districts of California and the District of Colorado.

**Geoffrey A. Munroe** is a 2003 graduate of the University of California at Berkeley, Boalt Hall School of Law, where he was the recipient of the American Jurisprudence Award in Torts, Business Law & Policy and Computer Law. He received his undergraduate degree in chemistry from the University of California at Berkeley in 2000. Since joining Girard Gibbs in 2007, Mr. Munroe has worked on several high-profile consumer protection class action matters involving complex issues in both federal and state courts throughout the United States. He is the co-author of *"Consumer Class Actions in the Wake of Daugherty v. American Honda Motor Company,"* CAOC's Forum Magazine, January/February 2009, and a frequent contributor to the Class Action Litigation Group Newsletter of the American Association for Justice. Mr. Munroe is a member of the Public Justice Class Action Preservation Project Committee, the Class Action Litigation Group of the American Association for Justice and the Consumer Attorneys of California. He is a member of the California Bar and is admitted to practice before the United States Court of Appeals for the Ninth Circuit, as well as the United States District Courts for the Northern, Central and Southern Districts of California.

**David Stein** is a 2007 graduate of the Emory University School of Law, where he was the Executive Notes & Comments Editor for the *Emory Bankruptcy Developments Journal* and authored *Wrong Problem, Wrong Solution: How Congress Failed the American Consumer*, 23 Emory Bankr. Dev. J. 619 (2007). He received his undergraduate degree in philosophy from the University of California at Santa Barbara in 2003. Before joining Girard Gibbs, Mr. Stein was served as judicial law clerk to the Honorable Keith Starrett, United States District Court for the Southern District of Mississippi and to Magistrate Judge Karen L. Hayes, United States District Court for the Western District of Louisiana. Mr. Stein is admitted to the California Bar.

## SIGNIFICANT RECOVERIES

Some of the cases in which the firm has had a leadership role are described below:

*In Re General Motors Dex-Cool Cases.* Case No. HG03093843 (Cal. Super Ct. Alameda County). In these class action lawsuits filed throughout the country, plaintiffs alleged that General Motors' Dex-Cool engine coolant caused damage to certain vehicles' engines, and that in certain other vehicles, Dex-Cool formed a rusty sludge, which caused the vehicles' cooling systems to overheat. After successfully certifying consumer classes in both Missouri and California, General Motors agreed to pay cash reimbursements to class members ranging from $50 to $800 per vehicle. On October 27, 2008 the California court granted final approval to the cash settlement.

*In Re Medtronic, Inc. Implantable Defibrillators Product Liability Litigation*, MDL No. 05-1726 (JMR/AJB) (D.Minn.). Girard Gibbs served on the Discovery and Law Committees and provided legal, discovery and investigative support in this lawsuit, following a February 2005 recall of certain models of Medtronic implantable cardioverter defibrillator ("ICD") devices. Approximately 2,000 individual cases were filed around the country and consolidated in an MDL proceeding in District Court in Minnesota. The approximate 2,000 cases were settled in 2007 for $75 Million.

*In re Providian Credit Card Cases*, J.C.C.P. No. 4085 (Cal. Super. Ct. San Francisco County). Girard Gibbs served as court-appointed co-lead counsel in this nationwide class action suit brought on behalf of Providian credit card holders. The lawsuit alleged that Providian engaged in unlawful, unfair and fraudulent business practices by charging its customers unauthorized fees and charges. The Hon. Stuart Pollack approved a $105 million settlement, plus injunctive relief, which is one of the largest class action recoveries in the United States arising out of consumer credit card litigation.

*In re iPod Cases*, JCCP No. 4355 (Cal. Super. Ct. San Mateo County). Girard Gibbs, as court appointed co-lead counsel, negotiated a settlement conservatively valued at approximately $15 million which provided warranty extensions, battery replacements, cash payments, and store credits for those class members who experienced a battery failure. In granting final approval of the settlement, the Hon. Beth L. Freeman said that the class was represented by "extremely well qualified" counsel who negotiated a "significant and substantial benefit" for the class members.

*In re Sony BMG CD Technologies Litigation*, Case No. 1:05-cv-09575-NRB (S.D.N.Y.). Girard Gibbs served as co-lead counsel in this class action for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* on behalf of millions of consumers who purchased SONY BMG music compact discs encoded with digital rights management ("DRM") software which limited CD functionality and acted as spyware on the users' computers. The Hon. Naomi Reice Buchwald granted approval to a settlement that provided for a nationwide recall of certain CDs, the dissemination of software utilities to remove the offending DRM, cash and other compensation for consumers, and injunctive relief governing SONY BMG's use of DRM.

*In re Hyundai and Kia Horsepower Litigation*, Case No. 02CC00287 (Cal. Super. Ct. Orange County). Girard Gibbs served as lead counsel in this coordinated nationwide class action against Hyundai for selling more than 1 million vehicles with overstated horsepower ratings over a ten year period. The case was aggressively litigated on both sides over several years. In all, over 850,000 Hyundai owners received notice of the settlement, resulting in over 165,000 claims for up to $225 in cash and $325 in services, and a total payout of approximately $30 million.

*In re PayPal Litigation*, Case No. C-02-1227-JF (PVT) (N.D.Cal., S.J. Div. 2002). Girard Gibbs served as co-lead counsel in this nationwide class action brought against PayPal alleging violations of the Electronic Funds Transfer Act ("EFTA") and California consumer protection statutes. The plaintiffs alleged that PayPal did not comply with the EFTA when restricting access to consumers' PayPal accounts, initiating certain electronic funds transfers or its error resolution processes. On September 24, 2004, Judge Fogel granted final approval to a settlement valued at $14.35 million in cash and returned funds, plus injunctive relief to ensure compliance with the EFTA.

*In re Literary Works In Electronic Databases Copyright Litigation*, MDL No. 1379 (GBD) (S.D.N.Y. 2000). Girard Gibbs served as co-lead counsel in this class action brought on behalf of freelance authors alleging that after freelance authors' works were published in newspapers, magazines, and other print publications with the authors' permission, those publications then licensed the works without the authors' permission to the commercial databases for electronic publication, in violation of the Federal Copyright Act. Five cases were consolidated for pretrial proceedings before the Honorable George B. Daniels, U.S. District Judge for the Southern District of New York. On September 27, 2005, Judge Daniels granted final approval of an $18 million cash settlement.

*In re America Online Spin-Off Accounts Litigation*, MDL No. 04-1581-RSWL (C.D. Cal.). Girard Gibbs served as court-appointed co-lead counsel in this nationwide class action suit brought on behalf of America Online subscribers who were billed for a second account without their knowledge, authorization or consent. The litigation settled for $25 million and certain changes in AOL's billing and account practices.

*Lehman v. Blue Shield of California*, Case No. CGC-03-419349 (Cal. Super. Ct. San Francisco County). In this class action lawsuit alleging that Blue Shield engaged in unlawful, unfair and fraudulent business practices when it modified the risk tier structure of its individual and family health care plans, a $6.5 million settlement was negotiated on behalf of former and current Blue Shield subscribers residing in California. The Honorable James L. Warren granted final approval of the settlement in March 2006.

*Roy v. Hyundai Motor America*, Case No. SACV 05-483-AHS (C.D. Cal.). Girard Gibbs served as court appointed co-lead counsel in this nationwide class action suit brought on behalf of Hyundai Elantra owners and lessees, based on allegations that the passenger air bag system installed on the Elantras was defective. A settlement was negotiated whereby Hyundai agreed to repair the air bag systems, provide reimbursement for transportation related expenses and an alternative dispute resolution program allowing for trade-ins and buy-backs. In approving the settlement negotiated by Girard Gibbs, the Honorable Alicemarie H. Stotler presiding, described the settlement as "pragmatic" and a "win-win" for all involved.

*Telestar v. MCI, Inc.*, Case No. C-05-Civ-10672-JGK (S.D.N.Y). This class action was brought on behalf of MCI commercial subscribers who were charged both interstate and intrastate fees for the same frame relay on prorate line service during the same billing period. On April 17, 2008, the Honorable John G. Koeltl granted final approval of a settlement for over $2.8 million in cash.

*Powers Law Offices, P.C. v. Cable & Wireless USA, Inc.,* Case No. 99 CV 12007 (EFH) (D. Mass 1999). Class action brought on behalf of all Cable & Wireless subscribers who were overcharged for recurring and incorrect fees on lines that were not presubscribed to C&W at the time. Girard Gibbs prosecuted the case from 1999 through 2005, and on October 27, 2005, Judge Harrington granted final approval of the $8 million settlement and the Bankruptcy Judge approved the 30% distribution from the unsecured creditors' fund of the bankruptcy liquidation proceeds.

*Allen Lund Co., Inc. v. AT&T Corp.,* Case No. C 98-1500-DDP (AJW) (C.D. Cal.). This class action lawsuit was brought on behalf of small businesses whose long-distance service was switched to Business Discount Plan, Inc. Girard Gibbs was appointed class counsel by the Honorable Dean D. Pregerson. The settlement, providing for full cash refunds and free long-distance telephone service, was approved in December 1999.

*In re MCI Non-Subscriber Telephone Rates Litigation*, MDL Docket No. 1275 (S.D. Ill.). This class action lawsuit was brought on behalf of all MCI subscribers who were charged MCI's non-subscriber or "casual caller" rates and surcharges instead of the lower rates which MCI advertises and which subscribers expect to be charged. Ten cases were consolidated for pretrial proceedings before the Honorable David R. Herndon, U.S. District Judge for the Southern District of Illinois. Judge Herndon appointed Girard Gibbs as co-lead counsel for the consolidated actions. On March 29, 2001, Judge Herndon granted final approval of a settlement for over $90 million in cash.

*Mitchell v. American Fair Credit Association*, Case No. 785811-2 (Cal. Super. Ct. Alameda County); *Mitchell v. Bankfirst, N.A.*, Case No. C-97-1421-MMC (N.D. Cal.). This class action lawsuit was brought on behalf of California residents who became members of the American Fair Credit Association ("AFCA"). Plaintiffs alleged that AFCA operated an illegal credit repair scheme. The Honorable James Richman certified the class and appointed the firm as class counsel on April 12, 1999. In February 2003, Judge Ronald Sabraw of the Alameda County Superior Court and Judge Maxine Chesney of the U.S. District Court for the Northern District of California granted final approval to settlements valued at over $40 million. *See Mitchell, et al., v. American Fair Credit Association, Inc., et al.*, 99 Cal. App. 4th 1345 (2002) (first reported decision under the California Credit Services Act of 1984).

*In re LookSmart Litigation*, Case No. 02-407778 (Cal. Super. Ct. San Francisco County). This nationwide class action suit was brought against LookSmart, Ltd. on behalf of LookSmart's customers who paid an advertised "one time payment" to have their web sites listed in LookSmart's directory, only to be later charged additional payments to continue service. The action involved claims for breach of contract and violation of California's consumer protection laws, among other things. On October 31, 2003, the Honorable Ronald M. Quidachay granted final approval of a nationwide class action settlement providing cash and benefits valued at approximately $20 million.

*Steff v. United Online, Inc.*, Case No. BC265953, (Los Angeles Super. Ct.). This nationwide class action suit was brought against NetZero, Inc. and its parent, United Online, Inc., by former NetZero customers. The Plaintiffs alleged that Defendants falsely advertised their internet service as being unlimited and guaranteed for a specific period of time when it was not, in violation of Consumers Legal Remedies Act, Civil Code §§ 17500 et seq. and the Unfair Competition Law, Business And Professions Code §§ 17200 et seq. The Honorable Victoria G. Chaney of the Los Angeles Superior Court granted final approval of a settlement that provides full refunds to customers whose services were cancelled and additional cash compensation. The settlement also places restrictions on Defendants' advertising.

*Mackouse v. The Good Guys - California, Inc.*, Case No. 2002-049656, (Alameda County Super. Ct.). This nationwide class action lawsuit was brought against The Good Guys and its affiliates alleging violations of the Song-Beverley Warranty Act and other California consumer statutes. The Plaintiff alleged that The Good Guys failed to honor its service contracts, which were offered for sale to customers and designed to protect a customer's purchase after the manufacturer's warranty expired. In May 9, 2003, the Honorable Ronald M. Sabraw granted final approval of a settlement that provides cash refunds or services at the customer's election.

*Stoddard v. Advanta Corp.*, Case No. 97C-08-206-VAB (Del. Superior Ct.). This nationwide class action lawsuit was brought on behalf of cardholders who were promised a fixed APR for life in connection with balance transfers, whose APR was then raised pursuant to a notice of change in terms. The Honorable Vincent A. Bifferato approved a $7.25 million settlement and appointed firm as co-lead counsel for the settlement class.

*In re America Online, Inc. Version 5.0 Software Litigation*, MDL Docket No. 1341 (S.D. Fla.). Girard Gibbs served as co-lead counsel in this MDL proceeding, which centralized 45 class actions. The action involved alleged violations of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 et seq., federal antitrust laws and state consumer protection statutes based on AOL's distribution of its Version 5.0 software upgrade. The Honorable Alan S. Gold granted final approval to a $15.5 million cash settlement on August 1, 2002.

*Mager v. First Bank of Marin*, CV-S-00-1524-PMP (D. Nev.). This nationwide class action was brought on behalf of people who were enrolled in First Bank of Marin's credit card program. In May 2002, the Judge Pro of the U.S. District Court for the District of Nevada approved a settlement providing for cash and non-cash benefits to class members.

*In re American Express Financial Advisors Securities Litigation,* Case No. 04-cv-01773-DAB (S.D.N.Y.). Girard Gibbs served as co-lead counsel in this class action, brought on behalf of individuals who bought financial plans and invested in mutual funds from American Express Financial Advisors. The case alleged that American Express steered its clients into underperforming "shelf space funds" to reap kickbacks and other financial benefits. On July 13, 2007, the Court granted final approval to a cash settlement of $100 million in addition to other relief.

*Scheiner v. i2 Technologies, Inc., et al.*, Case No. 3:01-CV-418-H (N.D. Tex.). Girard Gibbs represented lead plaintiff, the Kansas Public Employees Retirement System, and served as co-lead counsel in this securities fraud class action on behalf of investors in i2 Technologies. The Hon. Barefoot Sanders approved cash settlements for $88 million from the company, its officers and its former auditor, Arthur Andersen LLP. As part of the settlement, i2 agreed to institute significant corporate governance reforms.

*CalSTRS v. Qwest Communications, et al.*, Case No. 415546 (Cal. Super. Ct. San Francisco County). Girard Gibbs represented the California State Teachers Retirement System in this opt-out securities fraud case against Qwest Communications, Inc. and certain of its officers and directors, as well as its outside auditor Arthur Andersen. The case resulted in a precedent-setting $45 million settlement for California school teachers.

*In re Winstar Communications Securities Litigation*, Case No. 01 Civ. 11522 (S.D.N.Y) Girard Gibbs represents Allianz of America, Inc., Fireman's Fund and other large private institutional investors in federal securities litigation against Grant Thornton and other defendants arising out of their investments in Winstar Communications, Inc. The firm has obtained settlements to date from Lucent Technologies and the individual officers and directors of Winstar, and is continuing to prosecute the case against Grant Thornton, outside auditor to Winstar.

*In re Prison Realty Securities Litigation*, Case No. 3:99-0452 (M.D. Tenn.). Girard Gibbs served as co-lead counsel in this securities class action brought on behalf of investors against a real estate investment trust and its officers and directors, following defendants' alleged false statements made in the context of a merger between Corrections Corporation of America and CCA Prison Realty Trust and subsequent operation of the merged entity. On February 13, 2001, the Court granted final approval to a settlement for over $104 million in cash and stock.

*In re Digex, Inc. Shareholder Litigation*, Consol. Case No. 18336 (Del. Ch. Ct. 2000). Girard Gibbs represented the Kansas Public Employees Retirement System, one of two institutional lead plaintiffs in this lawsuit whereby minority shareholders of Digex, Inc. sued to enjoin MCI WorldCom's planned acquisition of a controlling interest in Digex through a merger with Intermedia Communications, Inc., the majority shareholder. In a settlement approved by Delaware Chancery Court on April 6, 2000, a fund consisting of $165 million in MCI WorldCom stock and $15 million in cash was secured for Digex shareholders, as well as non-cash benefits valued at $450 million.

*In re Oxford Tax Exempt Fund Securities Litigation*, Case No. WMN-95-3643 (D. Md.). Girard Gibbs served as co-lead counsel in this class and derivative litigation brought on behalf of a real estate limited partnership with assets of over $200 million. Settlement providing for exempt issuance of securities under section 3(a)(10) of Securities Act of 1933, public listing of units, and additional settlement benefits valued at over $10 million approved January 31, 1997.

*Calliott v. HFS, Inc.,* Case No. 3:97-CV-0924-L (N.D. Tex.). Girard Gibbs intervened on behalf of an institutional client in this securities class action arising out of bankruptcy of Amre, Inc., a seller of home remodeling and repair services. Girard Gibbs was designated lead plaintiff's counsel under Private Securities Litigation Reform Act. Settlements for $7.3 million were approved August 1999 and December 2000.

*In re Total Renal Care Securities Litigation*, Case No. 99-01750 (C.D. Cal.). This securities fraud action arose out of restatement of earnings by healthcare provider, brought under the PSLRA by the Louisiana Teachers' Retirement System and the Louisiana School Employees Retirement System. Settled for $25 million and issuer's commitment to adopt comprehensive corporate governance reforms. Girard Gibbs served as liaison counsel.

*In re Towers Financial Corporation Noteholders Litigation*, MDL No. 994 (S.D.N.Y.). This securities and RICO class action was brought against promoters and professionals associated with failed investment scheme described by United States Securities and Exchange Commission as "largest Ponzi scheme in U.S. history." $6 million in partial settlements. $250 million judgment entered against four senior Towers executives. Girard Gibbs served as liaison counsel and as a plaintiffs' executive committee member. See Dinsmore v. Squadron, Ellenoff, Plesent, Sheinfeld & Sorkin, 945 F. Supp. 84 (S.D.N.Y.1996), rev'd, No. 97-7011, 1998 U.S. App. LEXIS 1448 (2d Cir. Jan. 28, 1998); In re Towers Financial Corporation Noteholders Litigation, 177 F.R.D. 167 (S.D.N.Y. 1997) ("class counsel--particularly Plaintiffs' Liaison counsel, Daniel Girard--has represented the plaintiffs diligently and ably in the several years that this litigation has been before me").

*In re Natural Gas Antitrust Cases I, II, III and IV*, J.C.C.P. No. 4221 (Cal. Super. Ct. San Diego County). Girard Gibbs served in a leadership capacity in this coordinated antitrust litigation against numerous natural gas companies for manipulating the California natural gas market, which has achieved settlements of nearly $160 million to date.

*Ho v. San Francisco Unified School District*, Case No. C-94-2418-WHO (N.D. Cal.). This civil rights action was brought on behalf of a certified class of San Francisco public school students of Chinese descent to terminate racial and ethnic quotas imposed under 1983 desegregation consent decree. See Ho v. San Francisco Unified Sch. Dist., 965 F. Supp. 1316 (N.D. Cal. 1997), aff'd 147 F.3d 854 (9th Cir. 1998); see also 143 Cong. Rec. S6097, 6099 (1997) (statement of United States Senator Hatch referring to testimony of class representative before Senate Judiciary Committee).

*In re World War II Era POW Litigation*, Case No. C-99-5042-VRW (N.D. Cal.). This class action lawsuit was brought on behalf of American veterans who, as prisoners-of-war held by the Japanese during World War II, were forced to perform slave labor for Japanese industry. Commenting on the Ninth Circuit decision affirming dismissal of the claims, Mr. Girard was quoted in the New York Times, "It's not unusual that you see a demand for payment that isn't legally enforceable. But the demand stands. If the position of the Japanese companies involved is that they refuse to consider the demand for compensation and stand on legal defenses, the moral consequences are what they are."

# EXHIBIT 2

1    Eric H. Gibbs (State Bar No. 178658)
     Dylan Hughes (State Bar No. 209113)
2    **GIRARD GIBBS & De BARTOLOMEO LLP**
     601 California Street, Suite 1400
3    San Francisco, California 94108
     ehg@girardgibbs.com
4    Telephone: (415) 981-4800
5    Facsimile: (415) 981-4846

6    Norman E. Siegel (Admitted *pro hac vice*)
7    **STUEVE SIEGEL HANSON WOODY LLP**
     330 W. 47th Street, Suite 250
8    Kansas City, Missouri 64112
     Telephone: (816) 714-7170
9    Facsimile: (816) 714-7101

10    Attorneys for Individual and Representative
11    Plaintiff Timothy A. Roy

12

13          **UNITED STATES DISTRICT COURT**

14

         **CENTRAL DISTRICT OF CALIFORNIA**

15

16

| | |
|---|---|
| TIMOTHY A. ROY, on behalf of himself and all others similarly situated, | Case No. SACV 05-483 AHS (MLGx) |
| Plaintiff, | ~~[PROPOSED]~~ **ORDER GRANTING PLAINTIFF'S APPLICATION FOR:** |
| v. | **(1) AWARD OF ATTORNEYS' FEES;** |
| HYUNDAI MOTOR AMERICA, INC., a California Corporation, et al., | **(2) REIMBURSEMENT OF EXPENSES; AND** |
| Defendants. | **(3) INCENTIVE AWARD FOR THE CLASS REPRESENTATIVE PLAINTFF.** |
| | Date: April 10, 2006 |
| | Time: 10:00 a.m. |
| | Before: Honorable Alicemarie H. Stotler |

DOCKETED ON CM

APR 1 0 2006

BY \_\_\_\_\_ 082

[PROPOSED] ORDER RE ATTORNEYS' FEES— SACV 05-483 AHS (MLGx)

1    The Court has granted final approval of the proposed class action Settlement

2    resolving the above action.  Pursuant to Rule 23(h) of the Federal Rules of Civil

3    Procedure, the law firms of Girard Gibbs & De Bartolomeo LLP and Stueve Siegel

4    Hanson Woody LLP, appointed by this Court as Class Counsel upon preliminary

5    approval of the Settlement, applied for a total award of $1.2 million for attorneys' fees

6    and reimbursement of expenses and an incentive award of $5,000 for the Class

7    Representative Plaintiff ("Fee Application," filed March 17, 2006).  The Court has now

8    considered all papers submitted and oral argument presented in support of the Fee

9    Application and all comments from Class members in opposition thereto.  The Court

10   orders as follows:

11       Plaintiff's counsel have applied for attorneys' fees pursuant to the Settlement

12   Agreement reached with Hyundai and under California Civil Code section 1780(d) of the

13   California Consumers Legal Remedies Act ("CLRA"), one of the claims in this lawsuit,

14   and the private attorney general doctrine, codified at California Code of Civil Procedure

15   section 1021.5.   In a diversity action such as this one where attorneys' fees are awarded

16   under state law, state law applies in calculating the amount of the attorneys' fee award.

17   *See Mangold v. California Public Utilities Commission* (9th Cir.1995) 67 F.3d 1470,

18   1478 (applying California law in calculating the amount of attorneys' fees awarded under

19   Cal. Gov. Code § 12940 *et seq*.).

20   The Court finds that Plaintiff is the prevailing party under Section 1780(d) and is entitled

21   to an award of attorneys' fees and costs.  The Court also finds that Plaintiff meets the

22   requirements set forth in Section 1021.5 for an award of attorneys' fees.  Plaintiff's

23   lawsuit resulted in the enforcement of important public rights affecting the public's

24   interest, including public safety and the enforcement of California's consumer protection

25   statutes, while at the same time conferring significant benefits, both pecuniary and non-

26   pecuniary, on a large class of persons.  Further, the financial burden of private

27   enforcement is such as to make it appropriate to award attorneys' fees under Section

28   1021.5.  The necessity of pursuing this lawsuit placed a burden on Plaintiff out of

[PROPOSED] ORDER RE ATTORNEYS' FEES — SACV 05-483 AHS (MLGx)

1

1  proportion to his individual stake in the matter.

2  In calculating the attorneys' fee award, California courts follow the lodestar-

3  multiplier approach. *See Serrano v. Priest* ("Serrano III") (1977) 20 Cal.3d 25, 48-49.

4  Under this approach, "[t]he lodestar (or touchstone) is produced by multiplying the

5  number of hours reasonably expended by counsel by a reasonable hourly rate." *Lealao v.*

6  *Beneficial California* (2000) 82 Cal.App.4th 19, 26. "Once the court has fixed the

7  lodestar, it may increase or decrease that amount by applying a positive or negative

8  'multiplier' to take into account a variety of other factors, including the quality of the

9  representation, the novelty and complexity of the issues, the results obtained, and the

10  contingent risk presented." *Id.; see also Serrano III*, 20 Cal.3d at 48-49; *Ramos v.*

11  *Countrywide Home Loans, Inc.* (2000) 82 Cal.App.4th 615, 622.

12  The declarations of Eric H. Gibbs and Norman E. Siegel and the supporting

13  exhibits thereto establish that Plaintiff's counsel have spent approximately 1,894 hours in

14  the litigation and two related actions filed against Defendant Hyundai in Illinois and

15  Pennsylvania, entitled *Schreibstein v. Hyundai*, Case No. 2935, pending in the

16  Philadelphia Common Pleas ("*Schreibstein*") and *Tucci v. Hyundai*, Case No. 04-L-488,

17  pending in the Circuit Court of St. Clair County, State of Illinois ("*Tucci*").

18  Declarations as to time spent, even if only estimates, are sufficient to support a fee

19  award in California. *See Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224,

20  255. Based on the declarations and exhibits thereto submitted, the Court finds that the

21  amount of time spent by Plaintiff's counsel in this action and the *Schreibstein* and *Tucci*

22  actions, Plaintiff's counsel's hourly rates, and their collective lodestar of $618,391, are

23  reasonable under the circumstances.

24  The Court also finds that the requested multiplier of approximately 1.90 is

25  warranted in this case. Plaintiff's counsel skillfully presented Class members' claims

26  while opposed by a large and sophisticated company represented by experienced

27  litigators. In pursuing the litigation, Class Counsel bore a substantial amount of risk,

28  with no guarantee of compensation or reimbursement.

Further, Plaintiff's counsel achieved a favorable result here.  Under the terms of the Settlement, Hyundai will send Class members a Mailer explaining (1) the operation of the occupant classification system ("OCS") in their Elantra vehicles, and (2) that Hyundai will reprogram, at no cost, the OCS in the vehicles of each Class member who desires such reprogramming.  Hyundai will also provide Class members with a replacement vehicle, at no cost, while Hyundai reprograms the OCS.  For those who have already had reprogramming, Hyundai will reimburse them for reasonable, out-of-pocket transportation-related costs incurred while Hyundai was reprogramming the vehicle.

If Hyundai cannot reprogram the OCS to a Class member's satisfaction, Hyundai will participate in an alternative dispute resolution program, at no cost to Class members. As part of that program, if Hyundai is unable to reprogram the OCS so that it correctly identifies a repeat passenger, the Class member will be entitled to a refund or a new car at the Class member's option, subject to mileage offsets based on California's Lemon Law.

Several Class members from around the country have taken the time to write Class Counsel in support of the litigation and the Settlement and to thank them for their efforts. In contrast, only 486 out of 233,223 Class members opted out and only three Class members filed objections to the Settlement with the Court.  Thus, the Settlement has the overwhelming support of the Class, further meriting the requested multiplier of 1.90.

The requested 1.90 multiplier is below those typically applied by California courts in similar circumstances.  *See Wershba*, 91 Cal.App.4th at 255 ("Multipliers can range from 2 to 4 or even higher.").  Moreover, the additional work required of Class Counsel since March 17, 2006 and under the Settlement going forward is likely to reduce the multiplier below 1.90.  Since March 17, 2006, Plaintiff's Counsel have devoted significant time and efforts providing written and oral argument in support of the Settlement and in responding to Class members who have questions regarding the Settlement.  Class Counsel will continue to devote significant time responding to Class members and in monitoring Hyundai's compliance with the Settlement.  Accordingly, the Court finds that a 1.90 multiplier is reasonable.

[PROPOSED] ORDER RE ATTORNEYS' FEES — SACV 05-483 AHS (MLGx)

1  In addition, the declarations submitted establish that Plaintiff's counsel have

2  incurred approximately $28,475 in expenses in this litigation and the *Schreibstein* and

3  *Tucci* actions.  The Court finds these expenses reasonable.

4  The Court also finds that an incentive award of $5,000 for the Class Representative

5  Plaintiff is appropriate in light of his efforts in the case.  Mr. Roy took the initiative to

6  build a website devoted to the Elantra airbag problem, voluntarily assumed the

7  responsibilities of bringing and prosecuting this action on behalf of himself and all others

8  similarly situated, and devoted time and effort to keeping himself informed of the

9  litigation.  Mr. Roy also reviewed and authorized the filing of the complaint, appeared for

10  deposition, and submitted to the physical inspection and testing of his Hyundai vehicle,

11  including making his wife available so that she could sit in the passenger seat while

12  Hyundai's lawyers and other employees inspected his vehicle.  In light of Mr. Roy's

13  efforts, the Court finds that the requested incentive award in the amount of $5,000 is

14  reasonable.

15  The Court has also considered the comments of Kevin and Becky Olvaney,

16  Carmine Vitale, and Robert and Mary Jean Allen, who submitted comments to Plaintiff's

17  counsel but did not file objections with the Court in accordance with the terms of the

18  Settlement.  The Court finds that their comments relating to the Fee Application lack

19  merit.  Plaintiff's counsel negotiated the attorneys' fees provision with Hyundai only

20  after the parties reached an agreement as to all the material terms of the relief for the

21  Class.  Thus, the resulting agreement is the product of non-collusive, adversarial

22  negotiation in light of the work devoted by Plaintiff's counsel and governing California

23  law.  Accordingly, the Court grants Plaintiff's Fee Application in full.

24  //

25  //

26  //

27  //

28  //

Pursuant to this Order and the terms of the Settlement, Plaintiff's counsel shall receive an award of $1.2 million for attorneys' fees and expenses, and the Class Representative Plaintiff shall receive an award of $5,000, to be paid by Hyundai separately from the relief available to the Class.

**IT IS SO ORDERED.**

Dated: APR. 1 0 2006 , 2006

Honorable Alicemarie H. Stotler
United States District Court Judge

**EXHIBIT 3**

1
2
3
4

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

5
6
7
8
9
10
11

| | |
|---|---|
| ERIC BACCA, an individual, and on behalf of all others similarly situated, | CASE NO. CV 06-06753 DDP (AJWx) |
| Plaintiff, | Honorable Dean D. Pregerson |
| v. | **ORDER GRANTING PLAINTIFF'S APPLICATION FOR AN AWARD OF ATTORNEY FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARD TO THE CLASS REPRESENTATIVE** |
| BMW OF NORTH AMERICA, LLC., | |
| Defendants. | |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Court has granted final approval of the proposed class action settlement resolving the above action. Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the law firms of Girard Gibbs LLP and Wasserman, Comden & Casselman, L.L.P., appointed by this Court as Class Counsel upon preliminary approval of the Settlement, have applied for a total award of $1,122,500 for attorneys' fees and reimbursement of expenses and an incentive award of $2,500 for the Class Representative Plaintiff. Plaintiff's counsel's fee application is made pursuant to the Settlement Agreement reached with BMW and under California Civil Code section 1780(e) of the California Consumers Legal Remedies Act ("CLRA"), one of the claims in

this lawsuit, and the private attorney general doctrine, codified at California Code of Civil Procedure section 1021.5.  The Court, having considered all papers submitted and oral argument presented, hereby finds and orders as follows:

     1)    The Court finds that Plaintiff is a prevailing plaintiff under Section 1780(e) and is entitled to an award of attorneys' fees and costs.  The Court also finds that Plaintiff meets the requirements set forth in Section 1021.5 for an award of attorneys' fees. Plaintiff's lawsuit resulted in the enforcement of important public rights affecting the public's interest, including those underlying California's consumer protection statutes, while at the same time conferring significant benefits, both pecuniary and non-pecuniary, on a large class of persons.  Further, the financial burden of private enforcement is such as to make it appropriate to award attorneys' fees under Section 1021.5.  The necessity of pursuing this lawsuit placed a burden on Plaintiff out of proportion to his individual stake in the matter.

     2)    Pursuant to the declarations of Eric H. Gibbs and Melissa M. Harnett and supporting exhibits attached thereto, Class Counsel has spent approximately 1,501 hours in prosecuting this action.  Based on Class Counsel's hourly rates, as presented in their declarations, Class Counsel's attorney's fees are $743,412.01.  The Court finds that these fees are reasonable under the facts and procedural posture of this case.

     3)    In light of the favorable settlement benefits Class Counsel obtained for the settlement class, as set forth in the detail in the Settlement Agreement, and based on the positive responses of class members to the settlement, the Court finds that a multiplier of 1.48 as requested by Class Counsel is reasonable and appropriate.  Thus, the Court hereby awards attorney's fees of $1,122,500 to Class Counsel.

///
///
///

ORDER GRANTING APPLICATION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. CV 06-06753 DDP (AJWx)

1    4)    The Court also finds that an incentive award of $2,500 for the Class

2  Representative Plaintiff is appropriate for his efforts in bringing and prosecuting this

3  action and for devoting time and effort to keeping himself informed of the litigation.

4    **IT IS SO ORDERED.**

8  Dated: August 10, 2009              The Honorable Dean D. Pregerson

9                                      United States District Judge

ORDER GRANTING APPLICATION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. CV 06-06753 DDP (AJWx)